In The United States District Court
For District of Delaware

James Hall, Plaintiff

v.

David Holman et al,

Defendants

C.A.#: 04-1328-GMS

FILED
OCT 31 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Memorandum of Law in Support of the Plaintiff's Motion for the Appointment of Counsel

### Statement of the Case:

This is a civil Rights case filed under 42 U.S.C. § 1983 by a State Prisoner and Asserting Claims for the unconstitutional Subjection of Cruel and unusual punishment. Harsh conditions of Confinement posing a substantial Risk of Serious harm. And The plaintiff Seeks Damages as to all claims and an injunction to ensure prison officials to use available inmate classification information and procedure to predict compatibility of incoming cellmates for double celling because current Random Assignment of cellmates Substantially increase Risk of violence in violation of the Eighth Amendment.

## Statement of Fact

The Complaint Alleges that the plaintiff was assaulted by his cellmate, Receiving a serious injury (i.e. The loss of a tooth) he was examined by the DCC. Hospital. where emergency treatment was performed to try and save the tooth to no avail, and loosened several other teeth. The Head Nurse put the plaintiff down for "Emergency Dental" The plaintiff informed Defendants that he was not physically able to Defend himself because he suffered from a Broken Right wrist and Asked to be relocated to another cell because my cellmate a very dangerous inmate was threatening bodily harm to plaintiff and the altercation occurred on a daily basis and became more and more violent plaintiff made repeatative request to be relocate to David Holman (security Superintendant (chief) D Singers Action Deputy warden I) Lorhen McGuinn) deputy warden The plaintiff on 6-6-04 was violently attacked by (inmate complained of) "Anthony Coffield" Defendant, David Holman, was responsible for plaintiff's cell assignment Defendants, David Holman Et.AC, with Requisite state of mind, knew that plaintiff faced a substantial Risk of serious harm Also knew and disregarded an excessive Risk to plaintiff's Health safety And disregarded That Risk by failing to Take Reasonable measures to Abate it. The plaintiff has suffered the unnecessary And wanton infliction of pain in violation of the Eighth Amendment. Defendants were Aware of this Objectively intolerable Risk of harm and Subjectively disregarded it. The Subjectively deprivation was sufficiently serious and the official was acted with Deliberate indifference to inmate health or safety. The Defendants bore an Affirmative obligation to provide protection from assault by other inmates but failed to do so.

## Argument

In addition, this case will require considerable discovery concerning the identity of witnesses, the officers' reports and statement about the incident, the history of the officers with prior records of failure to protect, and the plaintiff's medical history. See Tucker v. Dickey, 613 F.Supp. 1124, 1133-34 (W.D. Wis. 1985)(Need for discovery supported appointment of counsel).

3. <u>Conflicting testimony</u>. The plaintiff account of his being subjected to a substantial risk of serious harm and defendants being aware of that risk most certainly be and is squarely in conflict. This aspect of the case will be a credibility contest between the defendant and plaintiff (and such inmate witnesses as can be located). The existence of these credibility issues supports the appointment of counsel. Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988).

4. <u>The ability of the indigent to present his claim</u>. The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). In addition he has limited access to legal material. Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992)(citing lack of ready access to a law library as a factor supporting appointment of counsel).

5. <u>Legal complexity</u>. The number of defendant, "whom are supervisory officials", present complex legal issues of determining which defendant were sufficiently personally involved in the constitutional violation to be held liable.

6. <u>Merit of the Case</u>. The Plaintiff's Allegation, if proved, clearly, would establish a Constitutional violation. The failure of Defendant to act on a Substantial Risk of harm made obvious in as much as the plaintiff was presented Exhibits establishing that the Defendant knew that the plaintiff faced a pervasive Risk of harm. Actual knowledge of this fact on the part of the Defendant is supported by plaintiff several letters to prison official informing them of same and asking for help. The injurious beating alleged in the complaint on 6-6-04 clearly states an Eighth amendment violation. See Farmer v. Brennan, ___ U.S. ___, 114 S.Ct. 835, 836 Requirement that prison official show "deliberate indifference" to prisoners, in order to be liable for failure to prevent harm, is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.

<u>Conclusion</u>

For the fore-going Reasons, the court should grant the plaintiff's Motion and appoint counsel in this case.

Date: 10-26-05

*James Hall*
James Hall, pro, se 167581
1181 Paddock Rd. Smyrna Del
19977

## Certificate of Service

I, **James Hall**, hereby certify that I have served a true and correct cop(ies) of the attached: **(2) Memorandum of Law in Support of the plaintiff's motion for the Appointment of Counsel** upon the following parties/person (s):

TO: **Lisa Barchi**
**Deputy Attorney General**
**820 N. French Street 6th Floor**
**Wilmington, DE 19801**

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this **26** day of **October**, 2005

*James Hall*

U.S.M.S. X-RAY

Office of the Clerk
United States District Court
844 King Street, Lockbox 18
Wilmington, De
19801

I/M James Hall
SBI# 167551   UNIT W-C-9
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977