IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.04-1328-GMS |
| | ) | |
| DAVID HOLMAN, | ) | |
| LAWRENCE MEGUIGAN, and | ) | Jury Trial Demanded |
| CLYDE SAGERS | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

COMES NOW, the State Defendants, by and through undersigned counsel, and moves this Honorable Court to deny Plaintiff's request for counsel. In furtherance of this Motion, the Department represent as follows:

1. The Plaintiff, James Hall, is a prisoner of the State of Delaware, sentenced to a period of incarceration in the Delaware correctional system. Plaintiff commenced this action on or about October 4, 2004, by forwarding the complaint and request to proceed *in forma pauperis* to the United States District Court for the District of Delaware. (D.I. 1 and 2). An Order was issued, granting plaintiff *in forma pauperis* status and ordering service of the complaint when all "U.S. Marshal 285" forms have been received by the Clerk of the Court. (D.I.6).

2. In his complaint, Plaintiff alleges that Defendants failed to protect him from his cellmate. (D.I. 2).

3. On or about February 4, 2005, and again on September 9, 2005, Plaintiff

amended his complaint. (D.I. 4 and 10).

4. Plaintiff has complied with the Court's orders regarding filing fees and the U.S. Marshal 285 forms in order to complete service on the defendants. (D.I. 6, 7, 8, and 9).

5. *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. (See, *Smith Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)). It is solely within the Court's discretion to appoint counsel for the plaintiff; however, such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case." Id at 26, *accord, Pierce v. Vaughn*, 1992 WL 210122 (E.D.Pa.); *Robinson v. Barone*, 1992 WL 236869 (E.D. Pa.). The factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merits of the plaintiff's claim, the plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony. *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993), *cert. denied*, 114 S. Ct. 1306 (1994). In addition, the Court must determine if the resources, in the form of manpower and funds, are available to provide counsel in the face of the increasing number of prisoner civil rights suits filed. *Id.* at 157.

6. In support of his motion for appointment of counsel, Plaintiff enumerates the following: (a) he believes that there will be "considerable discovery" involved; (b) he

believes that the case will be a "credibility contest" between the defendants and plaintiff; (c) he is indigent, with "no legal training," and has "limited access to legal material"; (d) "the number of defendants who are 'supervisory officers' presents complex legal issues"; and (e) his "allegations, if proved, clearly establishes a Constitutional violation." (D.I. 16).

7. Plaintiff has demonstrated that he is able to adequately present his case without the assistance of counsel. Plaintiff has successfully negotiated the litigation road to this point through his own efforts. The docket in this case demonstrates that Plaintiff has succeeded in his attempts to have his complaint amended, and file a motion with a memorandum of law, which includes citations to case law to support his position. In addition, Plaintiff has followed the directives of this Court, enabling him to move his lawsuit forward. Through his request for a copy of the docket sheet Plaintiff has also shown the capacity to keep track of the progress of the litigation.

8. Plaintiff has stated his case in a relatively clear manner, and displays a firm grasp of the legal precepts of this case. This not only demonstrates his legal knowledge, but shows that this case is not so unusually complex as to require the assistance of counsel.

9. Contrary to Plaintiff's assertions that the factual and legal issues in this case are complex, they are in fact, straightforward. Plaintiff alleges that the defendants failed to protect him when they placed him in a cell with an inmate that he claims is violent. Plaintiff seems to believe that because the defendants are prison officials the case presents complex legal issues. The positions held by the defendants are not part of the criteria listed by the Court in *Tabron* as pertinent to the decision to appoint counsel.

In addition, the positions held by the defendants do not automatically create complex factual or legal issues. Further, because this case is straightforward, it is unlikely that extensive investigation or expert witnesses will be required.

10. Plaintiff claims that the testimony of the parties will conflict, and that the case will be a "credibility contest." (D.I. 16). If this case proceeds beyond a motion to dismiss, it may ultimately turn on credibility determinations. Credibility is an issue in most cases. However, this factor alone does not determine if counsel should be appointed.

11. Appointing counsel for this plaintiff, who has demonstrated his ability to litigate his claims, uses scarce resources that are then unavailable to a litigant who has less ability to pursue his claim or has a case with unusually complex issues.

12. Plaintiff fails to establish that without the appointment of counsel that he demonstrates any other "special circumstances indicating the likelihood of substantial prejudice" cited by the Court in *Smith-Bey*. *Smith-Bey* at 26. The State contends that Plaintiff has demonstrated that he is fully capable of litigating this lawsuit, making appointment of counsel unnecessary. This case is neither factually or legally complex, and therefore, court appointed counsel is not warranted.

**WHEREFORE,** the State Defendants respectfully request that the Honorable

Court deny Plaintiff's Motion for Appointment of Counsel.

                    **STATE OF DELAWARE**
                    **DEPARTMENT OF JUSTICE**

                    /s/ Lisa Barchi
                    Lisa Barchi
                    Deputy Attorney General
                    Carvel State Office Building
                    820 North French Street, 6th Fl.
                    Wilmington, DE 19801
                    (302) 577-8400
                    lisa.barchi@state.de.us

Dated: November 10, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAMES HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No.04-1328-GMS |
| | ) |
| DAVID HOLMAN, | ) |
| LAWRENCE MEGUIGAN, and | )   Jury Trial Demanded |
| CLYDE SAGERS | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

**IT IS SO ORDERED**, this _____ day of _____, 2005, that Plaintiff's Motion for Appointment of Counsel is hereby **DENIED**.

_____
J.

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2005, I electronically filed *State Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF. I hereby certify that on November 10, 2005, I have mailed by United States Postal Service, the document to the following non-registered participants:

James Hall
SBI # 167581
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Lisa Barchi
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us