In The United States District Court
For the District of Delaware

James Hall,
    Plaintiff

V.

David Holman, Et. Al.,
    Defendants

C.A. No. 04-1328-GMS

FILED
NOV 14 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Objection

Pursuant to the Appropriate F.R.C.P. And all other case law Authorities pursuant to F.R.C.P 26 and 33, of the factoral Rules of civil procedure.

## Statement of facts

Defendants submitted a letter Dated November 2, 2005 which Masquerade as Motion objecting to plaintiff's Discovery Request. Defendant only offer the court and plaintiff a vague claim that discovery should not proceed because of their motion to Dismiss. However no such motion has yet been filed. plaintiff would like to object to this Frivlous "non conforming" letter which has no certificat of service as required by the courts Requirement all submission to be or reflect proof of service. Also no Affidavit as to Goodfaith efforts as required by the Rule Defendants failed to support their objection with pertinent factual allegations and on the absent motion to Dismiss, plaintiff must Reply Accordingly plaintiff offers the following in support of his motion to object. Defendant Demurrer.

## Memorandum of Case

A. Defendant are Asking for protection via a letter. The F.R.C.P 26(C) states the moving party must confer and make attempts to contact plaintiff. Defendants have not made a Goodfaith effort nor have they made any attempt to contact plaintiff and have not explained to the court why not. Moreover. The Requisite is belied by their shameless Delay tactic

1. [Defendants want to Dupe the court in frustrating plaintiff's properly filed and Legitimate Discovery request they ERRoneously believe that they can force plaintiff to prove his case at "the complaint stage" without the Aid of Discovery]

2. Fact Are in possession of Defendants and it is Inappropriate under F.R.C.P 56(F) To Deny A Legitimate Discovery Request by a Pro se plaintiff who was considered a friend of this Court. Our Learned Jurist Judge JJ Longobarti ruled accordingly for a Pro se plaintiff Against Defendants to move for a protection order against Discovery. The Brown Court Defendants Also Requested protection from Discovery until their Motion to Dismiss was Ruled was Ruled upon. However the Court Ruled Against a Motion to Dismiss and more importantly stated.

should it appear from the Affidavits from a party opposing a motion [plaintiff] that the party can not for Reasons stated present by Affidavit facts Essential to Justify the party's opposition the court may... order Depositions be Taken or Discovery to be had or may make other order as is Just. Jeron D. Brown V. Warden Sherese D. Johnson C.A. 96-184-ll

3. In other words Rule 56(E) follows the Axion that it is Inappropriate to prohibit a legitimate discovery Request where- As here The evidence etc. is in the possesion of Defendants (Please see attached Affidavit A.2)

Wherefore, plaintiff James Hall does hereby Swear and certify under oath penalty of perjury that the instant objection to Defendant opposition to plaintiff Discovery Request is lawful not improperly motivated, and not unreasonably burdensom or expensive

Plaintiff See, Pro Se pleading Leniency under Haines V. Harner 404 U.S. 519 (1972)

_James Hall_
James Hall, 167581
DCC Delaware Correction Center
1181 Paddock Rd Smyrna
Del 19977

November 10, 05
Date

\\A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JERON D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 96-184 LON |
| | ) | |
| WARDEN SHERESE B. JOHNSON,[1] | ) | |
| | ) | |
| Defendant. | ) | O R D E R |

1. Plaintiff has filed this action for declaratory, injunctive, and monetary relief due to alleged Eighth and First Amendment (through the Fourteenth Amendment) violations that occurred over the first weekend of March 1996. Plaintiff alleges that Housing Pod 1-E was subjected to lockdown starting at 10:00 p.m. on March 1, 1996, and that for three days and two nights he could not come out of his cell for showers, recreation, phone calls, religious services, or to submit grievances. Plaintiff alleges that he was subjected to unsafe and unsanitary conditions "forced upon us by Warden Mrs. Sherese B. Johnson."

2. Three motions are currently pending before the Court. Defendant has moved to dismiss the complaint (D.I. 11) and for a protective order (D.I. 23). Plaintiff has moved to correct deficiencies in his response to the motion to dismiss. (D.I. 26).

3. By letter dated February 13, 1997, Plaintiff requested that the Court consider a belatedly filed affidavit in

---

1. Defendant's name is actually Sherese Brewington-Carr.

1

opposition to the motion to dismiss. (D.I. 26). He asked the Court to consider his request to be "a motion to correct deficiencies by affidavit." (D.I. 26). Defendant has not opposed this request. The Court will grant Plaintiff's motion to correct deficiencies by affidavit and will, as a result, consider Plaintiff's affidavit (D.I. 28) in resolving the motion to dismiss.

4. Defendant has supported her motion to dismiss with the affidavit of Deputy Warden Raphael Williams. In an Order dated August 22, 1996, this Court held that "[i]n the event a motion to dismiss is filed accompanied by affidavit(s) or other matters outside of the pleadings, the motion will be treated as one for summary judgment under Federal Rule of Civil Procedure 56(c)." For that reason, this Court will treat the motion to dismiss as a motion for summary judgment.

5. The affidavit of Raphael Williams avers that there was no "lockdown" on the weekend in question. Deputy Warden Williams states that the logbook for March 1, 1996, indicates that at 10:11 p.m. the inmates on 1-E Pod were locked in to allow Booking and Receiving residents to sleep on the pod floor. (D.I. 12 at A-2). He disputes the allegation that Plaintiff was locked in his cell all weekend as alleged. In his affidavit, Deputy Warden Williams relates the normal procedure that is followed when Booking and Receiving inmates are housed in the day room of the pod, but he does not state that he has personal knowledge of what actually occurred on the first weekend in March 1996.

2

Instead, he relies on the logbook and the Shift Commander's Blotter.

6. Defendant has provided the logbook and Shift Commander's Blotter neither to this Court nor to Plaintiff. Plaintiff has indicated in his answering brief that he requires such information to rebut adequately the affidavit of Deputy Warden Williams. (D.I. 22 at 1). Moreover, in Plaintiff's affidavit he disputes the facts as recited in Deputy Warden Williams's affidavit and states that the logbooks and Shift Commander's Blotter will show the truth. Plaintiff believes that this discovery will demonstrate that a lockdown occurred on March 1-3, 1996, which resulted in the deprivation of his rights. Plaintiff requests that this Court deny the "motion for summary judgment" and order Defendant to reply to Plaintiff's requests for discovery.

7. Defendant has moved for a protective order, pursuant to Fed.R.Civ.P. 26(c), that discovery not be had until thirty days after the motion to dismiss is decided. In support of her motion, Defendant argues that "it is well settled that discovery is generally considered inappropriate while a motion which would be thoroughly dispositive of the claims and the complaint is pending. (D.I. 23). However, Fed.R.Civ.P. 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a

3

      continuance to permit affidavits to be
obtained or depositions to be taken or
discovery to be had or may make such other
order as is just.

8. This Court will exercise its discretion to deny the motion to dismiss and to establish a schedule for discovery and the briefing of summary judgment motions. It simply seems inequitable to rule on the motion to dismiss, based at least in part about representations of what is contained in the logbooks and the Shift Commander's Blotter, without allowing Plaintiff access to those materials and other relevant discovery.

      NOW, THEREFORE, IT IS ORDERED that:

1. Defendant's Motion to Dismiss (D.I. 11) is DENIED.

2. Defendant's Motion for a Protective Order (D.I. 23) is DENIED.

3. Plaintiff's Motion to Correct Deficiencies (D.I. 26) is GRANTED.

4. Defendant shall respond to all outstanding discovery no later than July 4, 1997.

5. All discovery shall be initiated so that it will be completed no later than August 12, 1997.

6. No party shall direct more than 35 written interrogatories to any other party, including each subpart as a separate interrogatory, or more than 35 requests for admissions to any other party, including each subpart as a separate request. The discovery already served counts toward those limitations.

4

7. All case dispositive motions accompanied by briefs not to exceed 15 pages and affidavits shall be served upon counsel and filed with the Court no later than September 2, 1997. Answering briefs not to exceed 15 pages shall be served and filed no later than September 23, 1997. Reply briefs not to exceed 7 pages shall be served and filed no later than October 3, 1997.

_____6/2/97_____         _____
                                 Joseph J. Longobardi, D.J.

5

## Certificate of Service

I, _James Hall_, hereby certify that I have served a true and correct cop(ies) of the attached: _Pl. w/[Objection] to Defendants Opp. To Discovery Request_ upon the following parties/person (s):

TO: _Lisa Barchi_
_820 N. French St., 6th_
_Floor Wilmington De_
_19801_

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _10_ day of _November_, 200_5_

_James Hall_ (signature)



I/M James-Bey, E.O.E.
SBI# 167581  UNIT W-L-9
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk U.S.D.C.
844 N. King Street Locker
Box 18  Wilmington, De
19801-3570