In The United States District Court
For the District of Delaware

James Hall,                          )
                                     )
         Plaintiff,                  )      C.A. No. 04-1328-GMS
                                     )
   v.                                )
                                     )
David Holman, Security Superintendent)
Deputy Warden Lawrence McGuigan, and )
Acting Deputy Warden, Clyde D. Sagers)
                                     )
         Defendants.                 )

**FILED**
**NOV 21 2005**
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Plaintiff's Reply To State Defendants Opposition to Plaintiff's Motion for Appointment of Counsel

Come Now, Plaintiff, James Hall, pro se, and moves this Honorable Court to grant the plaintiff's request for counsel. In support of this motion the plaintiff states as follows:

1. The Plaintiff, James Hall, who is considered a friend of this court, is a prisoner incarcerated with the Delaware Department of Correction located near Smyrna, Delaware. And has filed this action pursuant to 42 U.S.C. § 1983. In his pro se complaint he alleges the Supervisory officers at the (D.O.C.) failed to provide him with reasonable protection from assault by his cellmate in violation of his constitutional rights under the Eighth Amendment.

## Memorandum of Law

Plaintiff has no constitutional or statutory right to Appointment of Counsel in a civil lawsuit. Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981) citing Peterson v. Nadler, 452 F.2d 754, 757 (8th Cir. 1971). However, the Court has the authority to Appoint Counsel under 28 U.S.C. § 1915 (d) Ray Supra at 477. Appointments should be made only when it is necessary to avoid fundamental unfairness. Madin v. Freake, 650 F.2d 885, 886 (7th Cir. 1981).

2) The need to Appoint Counsel in this case is applicable and Plaintiff incorporates by reference his claims as asserted in his Motion To Appoint Counsel, Affidavit, Memorandum, (D.I. 16)

## Standard of Review

In Tabron and, Again in Parham, The Third Circuit Court of Appeals articulated the standard for evaluating a motion for the Appointment of counsel filed by a pro se plaintiff. Initially, the court must examine the merits of a plaintiff's claim to determine whether it has some arguable merit in fact and law. See Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 157); Accord Macklin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)(per curiam)(citing with approval in Parham and Tabron). Only if the court is satisfied that the claim is eventually and legally meritorious should it then examine the following factors

(1) The plaintiff's ability to present his own case; (2) The complexity of the legal issues; (3) The extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such investigation; (4) The degree to which the case may turn on credibility issues; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can obtain and afford counsel on his own behalf. See Parham, 126 F.3d at 457-58 (citing Tarbron, 6 F.3d at 155-56 n.5) This list, of course, is illustrative and, by no means, exhaustive. See id. at 458.

## Argument

At 10, of Defendants opposition to plaintiff's motion for appointment of counsel they admit that the case will turn on credibility determinations and will be a contest between the plaintiff and defendant's. Add that this factor However, alone does not determine if counsel should be appointed. The controlling factor they admit has along with items 1, 2, 3, 5, 6. of the controlling factors in Parham and Tabron. weigh in favor of appointing counsel in this case for plaintiff

As a initial matter the plaintiff made a request to proceed in forma pauperis on 10-5-04, He was directed to pay a partial filing fee on 8-18-2005. Therefore, it would appear that plaintiff is unable to afford legal representation. Cf. Tabron, 6 F.3d at 157 n.5 "if counsel is easily attainable and affordable to the litigant, but the plaintiff simply has made no effort to retain an attorney, then counsel should not be appointed by the court") (cit. Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989)). The record in this case suggests that plaintiff has made adequate attempts to retain a attorney as attached do with his motion to appoint counsel. Supporting his position is needing this Honorable Court to

Respectfully Plaintiff is flattered by Defendants Confidence in his Ability/legality. However, their self-serving exaggerations are transparent once viewed in relation to the early stages of this litigation and the pertinent facts Plaintiff offers the following:

<u>Defendants Argue at Item 7</u> of their opposition, Plaintiff has successfully negotiated the litigation road to this point through his own efforts. Plaintiff asserts: Initial stages which don't require any legal argument. Moreover, Defendants haven't even filed their answer and or motion to dismiss. Defendants contention is misplaced and or premature. Also, the fact that Plaintiff had to "twice" amend his complaint, which belies Defendants contentions, however, demonstrates Plaintiffs lack of legal experience... Again is incredible when the litigation hasn't even moved past the complaint stage.

<u>Defendant Argue at #8</u> Plaintiff has stated his case in a relatively clear manner and displays a firm grasp of the legal precepts. Defendant can't have your cake and eat it too. The merits have not been argued or supported by legal memorandum. Complexity claim also belied by fact that Plaintiff had to again twice amend his complaint... by graces of the Court. Defendants contentions are misplaced and or premature. Plaintiff pray that the Honorable Court grant his motion thus dismissing Defendants opposition, or Dismiss Defendants opposition As premature w/out prejudice, or appoint counsel for the limited purpose of assisting w/discovery

Finally on November 2, 2005 Defendants opposed plaintiff's properly filed and relevant and legitimate Discovery Request they erroneously believe that they can force plaintiff to prove his case at the "complaint stage" without the Aid of Discovery, which is in conflict with the conflicting factor Item #(3) in Parham and Tabron, "The extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation, warrant Appointment of Counsel.

### Conclusion

Plaintiff is not a graduate of Law School like those who oppose his Motion for Appointment of Counsel and pray this Honorable Court Grant his Motion for appointment of Counsel wherefore plaintiff Respectfully pray the court grant his motion for Appointment of counsel to Avoid fundamental unfairness

Plaintiff Seeks, pro se pleading leniency under Haines v. Kerner 404 U.S. 519 (1972)

_____          11-18-05
James Hall 167581, pro se             Date:
1181 Paddock RD Smyrna DE

CERTIFICATE OF SERVICE

I, James Hall, hereby certify that I have served a true and correct copy(ies) of the attached: 2 Reply To Defendant's Opposition to Plaintiffs Appointment of Counsel upon the following parties/person(s):

TO: Mrs. Lisa Barchi
830 N. French Street,
6th Floor Wilmington DE
19801

TO: _____

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977,

On this 18 day of November, 2005.

James Hall



I/M Sawzer Hell, prose
SBI# 162581  UNIT W-C-9
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk U.S.D.C.
844 N. King Street, Lockbox 18
Wilmington, Del. 19801-3570

