IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES HALL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1328 GMS |
| | ) | |
| DAVID HOLMAN, LAWRENCE, | ) | |
| MCGUGAN, and DEPUTY WARDEN | ) | |
| CLYDE D. SAGERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

### I.    INTRODUCTION

James Hall ("Hall") is presently incarcerated at the State of Delaware Department of

Correction (the "DOC"), which is located in Smyrna, Delaware.  On October 4, 2004, Hall filed

this *pro se* civil rights action pursuant to 42 U.S.C. §1983.  In his complaint, he alleges that

David Holman ("Holman"), Security Superintendent, Lawrence McGugan [sic] ("McGugan"),

Deputy Warden, and Clyde D. Sagers ("Sagers"), acting Deputy Warden  (collectively, the

"defendants") failed to protect him from his cellmate.  Specifically, Hall alleges that the

defendants placed him in a cell with a violent inmate for over three months, thereby failing to

protect him from an assault, and violating his Eighth Amendment rights.

Presently before the court is Hall's Motion for Appointment of Counsel.  For the

following reasons, the court will deny this motion.

### II.    STANDARD OF REVIEW

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil

case. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d

147, 153-54 (3d Cir. 1993). Nevertheless, under certain circumstances, the court may in its discretion appoint an attorney to represent an indigent civil litigant. *See* 28 U.S.C. § 1915(e)(1).

In *Tabron* and, again in *Parham*, the Third Circuit Court of Appeals articulated the standard for evaluating a motion for the appointment of counsel filed by a *pro se* plaintiff. Initially, the court must examine the merits of a plaintiff's claim to determine whether it has some arguable merit in fact and law. *See Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 157); *accord Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981) (per curiam) (cited with approval in *Parham* and *Tabron*). Only if the court is satisfied that the claim is factually and legally meritorious should it then examine the following factors: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Parham*, 126 F.3d at 457-58 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list, of course, is illustrative and, by no means, exhaustive. *See id.* at 458. Nevertheless, it provides a sufficient foundation for the court's decision.

## III.    DISCUSSION

### 1.    The Factual and Legal Merit of Hall's Case

After reviewing the complaint, the court believes that Hall's claims have arguable merit in both fact and law. Specifically, in his complaint, Hall alleges that he was placed in a cell with a violent inmate for over three months. Hall also alleges that he requested to be relocated to another cell, due to threats of bodily harm and other altercations, but the request was unanswered by the

2

defendants. Thus, on the face of the pleadings, it appears that Hall's claims have both legal and factual merit. At a minimum, Hall's allegations seem to rise above the level of frivolity which would require the immediate dismissal of the case. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (recognizing that a "frivolous" complaint generally contains "inarguable legal conclusions" or "fanciful factual allegations"); *Perkins v. New Jersey Dep't of Labor,* 154 F.R.D. 132, 133-34 (E.D. Pa. 1994) ("If a complaint is fanciful or describes 'fantastic or delusional scenarios,' then it is factually baseless. Further, if it states an inarguable legal conclusion, it lacks basis in law.") (citations omitted). The court will, therefore, evaluate the factors articulated in the *Parham* and *Tabron* decisions.

## 2.    The Remaining *Parham* and *Tabron* Factors

As an initial matter, the court notes that Hall made a request to proceed *in forma pauperis* on October 4, 2004. He was directed to pay a partial filing fee on July 19, 2005. Therefore, it would appear that Hall is unable to afford legal representation. *Cf. Tabron*, 6 F.3d at 157 n.5 ("If counsel is easily attainable and affordabl[e to] the litigant, but the plaintiff simply has made no effort to retain an attorney, then counsel should not be appointed by the court.") (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)). Nevertheless, the majority of factors weigh against Hall's need for the appointment of counsel at this stage of the litigation process.

Notwithstanding his lack of formal schooling in the law, Hall appears to be sufficiently capable of presenting this case without assistance. For example, in his complaint, Hall has clearly laid out the facts which he believes entitle him to relief. He has also filed motions to amend his complaint, as well as a request for production of documents.

Additionally, after reviewing the pleadings, the court does not believe that this case is either

3

so factually or legally complex at the present time as to warrant the appointment of counsel. Many of the relevant facts are within Hall's personal knowledge, and the tools of written discovery should provide him with sufficient means to obtain the facts he requires to support his claims. *See, e.g.,* FED. R. CIV. P. 31 (written depositions); FED. R. CIV. P. 33 (interrogatories); FED. R. CIV. P. 34 (document requests); FED. R. CIV. P. 36 (requests for admissions). In this respect, the factual investigation needed in this matter does not appear so extensive at this stage as to warrant the appointment of counsel. Finally, it does not appear that this case will turn on credibility determinations. Thus, the court will deny his motion at this time.

For the foregoing reasons, the court declines to appoint counsel at this stage in the litigation. The court, however, recognizes that as discovery proceeds, the factual or legal issues may become more complex than they presently appear. Thus, the appointment of counsel may become necessary at some later point in the ligation. *See Tabron*, 6 F.3d at 156 (recognizing that, under Section 1915, the court may *sua sponte* appoint counsel at "any point in the litigation"). If such need arises, the court will entertain a renewed motion for appointed counsel at that time.

Dated: November 29, 2005

UNITED STATES DISTRICT JUDGE

FILED

NOV 2 9 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES HALL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1328 GMS |
| | ) | |
| DAVID HOLMAN, LAWRENCE, | ) | |
| MCGUGAN, and DEPUTY WARDEN | ) | |
| CLYDE D. SAGERS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.    Hall's Motion for Appointment of Counsel (D.I. 15) is DENIED.

Dated: November **29** , 2005



UNITED STATES DISTRICT JUDGE

FILED

NOV 29 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE