In The United States District Court
For the District of Delaware

James Hall,
    Plaintiff

v.

David Holman Et. Al.,
    Defendants,

Case No: 04-1328-GMS

Request for production of Documents.

OFFICE OF ATTORNEY GENERAL
OCT 31 2005
RECEIVED CORRECTION UNIT

## Plaintiff's First Request for production of Documents

Pursuant to F.R.C.P. 26 And 34 plaintiff Request that the Defendants produce the following documents. Please produce the Documents to plaintiff. The plaintiff request Defendant produce documents listed Herein within (30) day's, either by providing plaintiff with copies or by making Them Available To the plaintiff with and for inspection and copying. At Delaware Correctional Center 1181 Paddock Rd Smyrna 19977. (D.C.C.) Del.

Motion for production of Documents - 1.

1. All documents that mention, contain, construe, or Reffer to policies on staff Supervison of inmates with threatened Bodily harm at the Delaware Correctional Center

2. All documents that contain, mention, construe, or Reffer to policies on Responses to potential threats on inmate Health or Safety That are dire or obvious at the Delaware Correctional center

3. All Documents that contain, mention, construe, or Reffer to To policies on Responses To Serious medical need That are dire, or obvious At the Delaware correctional center.

4. All documents that evidence, mention, or Refer to the Serious medical need of plaintiff James Hall on 1-22-04 including but not Limited To medical Records, incident Reports, statment and other investigative materia and Documents Relating to Subsequent staff dicipline if any

5. Any and all policies directives or instructions to staff governing Threats of Bodily harm and Sick-Call procedures in general, and Segregation population

6 Any and all documents and Reports Concerning a disturbance in MHU 23 B Tier on 6-6-04 including but not Limited to. disciplinary Reports. Disciplinary Charges. Statement of witnesses incident Reports. finding and conclusion of diciplinary Hearings Etc.

7. The Complete Contents of Plaintiff's Delaware Correctional Center file including but not Limited to disciplinary Reports, incident Reports Evaluations Criminal Justice information and medical and mental Health Records

8. All incident Reports that evidence, mention, or Refer to incidents of Assault Inmate-Inmate at the Delaware Correctional Center that have Occured from 1-20-03

9. All documents written or created Since 1-20-04 that Contain mention Constitute, or Refer to any inspection inquiry, or Complaint About inadequate Staffing or Supervision of (MHU 23.) Maximum Housing Unit Building #23, Inadequate medical or Substandard medical treatment and Serious medical needs At the Delaware correctional center. whether formal or informal, official or unofficial including Inmate. Staff Civilian grievances. Complaints And Appeals and including Responses To Such documents prepared by Delaware Correctional center Staff or other Agents.

10. A Listing of Any and All past Litigation that Resulted in any Consent decree and or favorable outcome of inmate plaintiffs whether published or not published which involve the Condition of Confinement, Medical grievances or medical treatment issues and failure to protect.

11. Any and All policies, directives or instructions to Staff governing inmate Grievances and the institution duty Regarding Same

12. The complete contents of Anthony Coffield Delaware correctional center file including but not Limited to disciplinary Reports, incident Reports Evaluation criminal Justice information and mental Health Records

Motion for production of Documents

Plaintiff, James Hall, does hereby swear and certify under penalty of perjury that the instant Request for discovery is careful, not improperly motivated and not unreasonably burdensome or expensive.

Plaintiff seeks pleading leniency under *Frasier v. South Eastern Penn. TR. Auto.*, 785 F.2d 65 n.3 (3rd Cir. 1986) and *Haines v. Kerner*, 404 U.S. 519 (1972) as a pro se incarcerated litigant and friend of the Court

James Hall
James Hall, pro se 167581
1181 Paddock Rd. Smyrna, DE
19977

This 26 day of October
Date

Motion for Production of Documents

In The United States District Court
For The District of Delaware

James Hall )
    Plaintiff, )
) Case No: # 04-1328-GMS
V. )
)
David Holman, Lawrence McGuigan, )
Clyde D. Sagers )
    Defendants. )

## Request for Admissions

Pursuant to Rule 36, Fed. Rules of Civil procedures. Plaintiff Request the Defendants to make the following Admissions within 30 day's after the service of this Request.

1) It is Routine and established practice at Delaware Correctional Center Request for Reassignment to a specific cell, Tier, Building, or with specific cellmate are Disapproved.

2) It is the Routine and established practice at Delaware Correctional Center That prison officials investigate to conclusion each allegation of violence or threat of violence in a Reletively Reasonable time frame at Delaware Correctional Center.

3) Emergency Medical Grievances, (hereafter E.M.G.) Require the warden or the wardens designee to Review for Determination and action if any within 24 Hrs all E.M.G. filed by inmates

4) There is a policy, whether formal or informal. That permits the medical care provider to Review E.M.G. however, absent follow-up or Supervision from the warden or prison staff in Contravention of E.M.G. Rule at That #3

5) The purpose of an E.M.G. is to inform staff and medical care provider of an Emergency medical condition that Requires Immediate medical attention.

6) Despite Defendants being on notice of Plaintiff's Serious medical condition (Ie, Broken Right 7/Hand). filing an E.M.G. on feb 1, 2004 the policy at #3 They Recklessly Disregarded Plaintiff's condition

7) Defendant took no action to Review E.M.G. for any Determination of Seriousness of Ailment.

8) Defendants Clyde Sagers, David Holman, Lawrence McGuigan knew that plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it.

9) Defendants David Holman Et.Al, collectively, knew deliberate indifference to substantial risk of serious harm to an inmate amount's to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

10) Plaintiff submitted a reasonable request to be moved laterally within the same security level. The request was lawful, not improperly motivated and not unreasonably burdensome or expensive. Defendants disregarded the requests and plaintiff was attacked and suffered the loss of a tooth as a result of not being relocated laterally within the same security level

11) Defendant. David Holman, Clyde D. Sagers, Lawrence McGuigan, Defendants intentionally ignored and failed to respond to a particular know threat to plaintiff. The failing to respond to substantial risk of serious harm and plaintiff has suffered unnessarily due to defendants deliberate indifference.

12) Defendants David Holman Et.Al, were required and failed to take reasonable measures to guarantees the safety of inmates
Defendant David Holman Et.Al, Defendants conduct or lack of conduct demonstrates a knowing indifference to a substantial risk of serious harm to plaintiff.

13) Defendants were aware of this objectively intolerable risk of harm and subjectively disregarded it.

14) Defendants, David Holman, Lawrence Megginson, Clyde D. Sagers, knew the substantial deprivation was sufficiently serious and was acted with deliberate indifference to Inmate health and safety in violation of the Eighth Amendment to the United States constitution.

15) The Defendants collectively bore an affirmative obligation to provide protection from assault by other Inmates but failed to do so.

16) Plaintiff submitted numerous request over a period of four, five 4-5, months to be moved cellmate within the same security level to another cell. Defendant failure to respond reasonably has resulted in permanent injury to plaintiff.

17) Random Assignment of Inmates is cruel and unusual punishment in violation of plaintiff clearly established rights under the 8-14 Amendments.

18) Prison official David Holman, Et.Al, were deliberate indifferent to risk of violence arising from Random Cell Assignments.

19) Defendant David Holman, Et.Al, failure to use Available classification information to determine cellmate compatibility amounts to failure to protect in violation of Eight Amend. And Violates plaintiff's Clearly Established Rights.

20) The Department of Corrections prison officials are not forced to house its prisoners Two men to a cell. Said housing plaintiff in this manner in a double cell approx. 7 square is unconstitutional and amounts to cruel and unusual punishment in violation of the Eighth Amendment.

21) These Cell's Approximately 74 square feet or less in Size. A the Maximum housing unit (MHU) were intended to house only one Inmate

22) Defendant David Holman. Et.al. were deliberately indifferent to plaintiff in their failure to protect in that they failed to utilize any Screening As a Method of Assessment of personal risk factors Such as potential for Suicide, propensity for violence victim potential Etc. Defendant failed to predict compatibility of Inmates

23) The only exception occurs if inmate identifies another inmate with whom he was a serious problem and then the potential victim is Either forced to Sign himself on protective Custody, a more Restrictive or punitive housing Assignment or forced To Remain within the Double celling with the Hostile inmate and To Take matters into his own hands by any means necessary

24) The Guards in the control centers Can't see into the cells. Cell doors are Solid with a small narrow window and Two small vents. There is no inter-cell monitoring, intercom system. The intercoms in the Day Room. The Speaker and Reciver for this system do not work and are outside the cells Requiring Inmates to Shout through the cells in order to attempt to get the attention of the Guard on duty wich is Fruitless because guards are located Completely off the Tiers in the Hallway or an isolated inclosed Concrete Bubble.

25) Defendant David Holman, Et Al, Acknowledge that the (MHU) is an increasingly Violent place with numerous Assaults, Aggravated Assaults, Fights and threatened bodily harm

Defendant David Holman, Et. Al, Admit, many Acts of violence at the (MHU) go unreported and unaccounted for these, Reasons 1.) if a Inmate Reports violence by another inmate. Inmates do not want to be Labeled as Snitches, and they often do not Report

26) Violence 2.) if an inmate Reports violence in which he is involved, both he and the other inmate will Receive misconduct Reports and will be disciplined and Transferred from (MHU) Maximum Housing Unit) To (SHU): Secured Housing Unit. (Segregation of the Highest Level of Supervision)

3.) if an Inmate Reports a violent incident, but their is neither a witness Nor Physical Evidence of an Assault (E.G. Bleeding Cuts, Abrasions.) of the Reported Violence, neither inmate is disciplined, leaving the Victimized inmate Labeled as a Snitch Creating a Really Substantial Risk of further Attempts on the victims safety

27) The Defendant David Holman Et. Al, knew that the plaintiff faced a pervasive Risk of harm

Defendants David Holman, Lawrence Mcgregor, Clyde Sagers. were also Aware that plaintiff had

28) a Broken Hand at all times Relevant to these Claims: and were Deliberately indifferent to To Plaintiff's Medical Condition. By Recklessly Disregarding Plaintiff Condition. and failing to protect him from Violence and threatened Violence from Cellmate

24) The Defendant David Holman. Et. Al, Subjected. Plaintiff to Violent Assaults. And Acknowledge. it is not part of the penalty that Criminal offenders should pay for Their offences against Society. Plaintiff has Demonstrated That he is incarcerated under Conditions posing a Substantial Risk of Serious harm as noted. Plaintiff Suffered

29) From a Broken Right hand and was Literally defenseless and defendants were Aware of this fact and Yet despite their knowledge they disregarded the excessive Risk to plaintiff health and Safety Thus plaintiff has Suffered the unnecessary and wanton infliction of pain in violation of The Eighth Amendment.

Plaintiff, James Hall, does hereby swear and certify, under penalty of perjury that the instant Request for Admissions is lawful, not improperly motivated and not unreasonably burdensome or expensive.

Plaintiff seeks pleading leniency under Frazier v. Southeastern Penn. Trans. Authorities; 785 F.2d 65 n.3 (3rd Cir 1986) and Haines v. Kerner, 404 U.S. 519 (1972) as a pro se incarcerated litigant and friend of the court.

/s/ James Hall
James Hall, pro se 167581
1181 Paddock Rd Smyrna, D.C.C.

This 26 day of October, 05