In the United States District Court
For the District of Delaware

)
)
)
)
James Hall,              )    C.A. No: 04-1328-GMS
    Plaintiff            )    Jury Trial of twelve
                         )         demanded
v.                       )
                         )
David Holman, Deputy     )
Warden Lawrence McGuigan,)
And Clyde Sagers         )
    Defendants.          )

Plaintiff Reply: State Defendants Memorandum of point and Authorities in Support of Defendants Motion to Dismiss/Summary Judgment pursuant to Rule 12(b)(6) of the federal
<u>Rules of Civil Procedure</u>

<u>Introduction</u>

At their most specific, Plaintiff's allegation's in this case involve his claim that Defendants violated the Eighth Amendment by acting with deliberate indifference when they did not change his cell, and thus failing to protect him from his cellmate. Defendant refers to matters outside the pleadings. Therefore the Court may treat it's motion to dismiss as one for summary judgment. See Fed.R.Civ.P. 12(b)(6); Camp v. Brennan, 219 F.3d 279, 280 (3d. Cr 2000) (Consideration of matters beyond the complaint converts a motion to dismiss into a motion for summary judgment.) Defendant David Holman, Lawrence McGuigan and Clyde Sagers contend that they are entitled to judgment as a matter of law because there are no genuine issue of material fact in dispute. See Matsushita Elec. Indus. Co., Ltd v. Zenith Radio corp, 475 U.S. 574, 586 (1986) (once the moving party has carried its initial burden,

The nonmoving party "must come forward with 'specific facts showing there is a Genuine issue for trial,'"). Defendants assert that plaintiff has not made, and cannot make a sufficient showing of the essential elements of his case for which he carries the burden of proof. Therefore, dismissal is appropriate Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In Addition, Defendant State, unless there is sufficient evidence to enable a Jury reasonable to find for the non moving party on the factual issue, Summary Judgment should be granted. See Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249 (1986)

Plaintiff disputes Defendants Version of the fact as are Articulated in their Rule 12(b)(6) and offer the Court the following:

Plaintiff James Hall entered the Delaware Correctional Center (herein After "DCC") on January 20, 2004. On January 22, 2004, plaintiff was assigned to share a cell with Anthony Coffield. At the time he was assigned to share the cell with Coffield, he had a fracture of his fifth metacarpal a serious injury that was diagnosed by first Correctional medical tech on 1-22-04 confirmed on 2-18-04 (To DI-4 And DI-2 paragraph #5)

Plaintiff disputes Defendant's assertion at paragraph 5 of page 3. Because it denies a reasonable drawing of inferences of a Imminent Attack.

The Letter Submitted to David Holman, with the official charged with drawing a reasonable inference showed by evidence of a substantial risk would have concluded and as An reasonable person or Jury would have concluded.

-2-

that the facts asserted therein and drawing all inferences in the light of the plaintiff. His cellie would suggest because of the way it's written: "Dear Sir James. Me and my cellie are constantly bickering and arguing." This admission clearly demonstrates previous intimidation. "Fact that I've personally placed defendant Holman on notice of my serious medical condition and not being in a position to defend myself properly". Would suggest an imminent danger. Any reasonable person (or jury) could find for plaintiff on this issue. Plaintiff has articulated and demonstrated the way coffice presents a threat to plaintiff. Additionally, Moreover plaintiff's letter addressed to defendant Mcguigan, and reviewing the facts asserted therein and drawing all inferences in the light of the plaintiff demonstrates with urgency and seeking emmidiate intervention. Again plaintiff personally placed defendant Mcguigan on notice that plaintiff suffered from a serious medical condition, and placing him on notice that he's having problems and confrontation, respectfully stating, plaintiff is incarcerated and being housed with the worst of the worst in (maximum Housing unit) (MHU), and being confronted on a daily basis. This incidement's confrontation's are test methods. (I.e. The aggressor through intimidation, can find out your status in the Hierarchy of prison life if you Are the cowardice and fail, this test things become really bad. The recipient faces extortion, rape, some occasions murder.) Any reasonable person (or jury) for purposes of Actual notice of a substantial risk of harm could find for plaintiff on this issue the letter to Deputy Warden Mcguigan

when liberally construed in light most favorable to plaintiff would suggest that plaintiff concerned for his fear of attack (paragraph #2) And the fact that plaintiff previously submitted a letter to Lt. Major David Holman (Security Superintendent). And a follow-up letter to Lt. Major Holman's Supervisor, (Acting within procedures) Requesting an investigation to plaintiff's allegations (Deputy Warden McGuigan) And clearly demonstrating plaintiff is handycaped and Respectfully Requesting consultation. Are all Red flags. Every Reasonable person or (Jury could) conclude that these defendant were deliberately indifferent to plaintiff safety.

Plaintiff objects to Defendants claim at paragraph 4 this is a misstatement of fact. ("In His Statement of claim in his complaint, plaintiff states that he lost a tooth on March 9, 2004, After being attacked.") Specifically in his complaint plaintiff states as follows: plaintiff states: Through Repeated Request to be Relocated and. The Request were unanswered to alleviate the problem, plaintiff was attacked and Suffered the loss of a tooth.; (ID. DI. 4 and DI 2 at paragraph 7-8.)

At paragraph #3 pp3.) Defendant's claim (plaintiff does not mention Any physical altercation, And. Again plaintiff object to this misrepresentation of the fact Regarding an Attack and loss of a tooth on March 9, 2004,") with Regards to paragraph 3 pp3.) "One does not have to await the consummation of threatened injury to obtain preventive Relief," pennsylvania v. west virginia 262 U.S. 553, 593, 43 S. Ct. 658, 663, 67 L. Ed. 1117 (1923). Consistently with this principle, a Subjective approach to deliberate indifference does not Require a prisoner seeking "a Remedy for unsafe conditions to await a tragic event (such as an actual assault) before obtaining Relief." Helling, Supra, At 33-34, 113 S. Ct., At 2481

At. paragraph #3, p.3 Defendant's admit that they perfunctorily denied plaintiff, reasonable, not improperly motivated request. To be moved laterally within the same security level to avoid imminent danger without any investigation whatsoever. An investigation would of showed what plaintiff has established by affidavits ID. Exhibit A. Affidavit of Charles Bailey, James Hall, Ulyses Davis Glen smith, Additionally the Record would suggest that Defendant David Holman's final decision. And Defendant's David Holman Et.AL. Deliberal Attitude on the investigation issue any Reasonable person (Jury) could base a verdict of Defendant Deliberate Attitude during the instant litigation. The fact that plaintiff Must Point out - That Defendant Holman final decision to Disregard the Substantial Risk of harm know to him And his failure to protect from harm would suggest that Holman didn't instigate anything his decision on 4/13/04 was remanded by Acting Deputy warden 1 Clyde Sayer on May 17, 2004 ID Exhibit B. for further investion, if the final decision not to move plaintiff was made because of Defendants Claim why did his (Acting Supervisor (Acting deputy warden Clyde Sayer) order Lt. Boon to investigate. any Reasonable person could base a verdict Against David Holman Et.AL for being Deliberately indifferent to a Substantial Risk of harm to a Inmate. Prison official may be held liable if they fail to act on a specific warning of danger to a particular prisoner. Young v. Quinlan 960 F.2d 351, 363 (3d Cir. 1992). (Prison officials should at a minimum, investigate each allegation or threat of violence. The plaintiff in this case wasn't even afforded the minimum investigation necessary to prevent the pain inflicted upon him.

-5-

In their own Report Clearly defendants Conveniently omitted the pleadings in the Complaint About the initial ASSAULT. Any reasonable person (or Jury) would Conclude that on 6-6-04 the plaintiff Suffered (2) ASSAULTS. (ID D.I. 4 and D.I. 2 At paragraphs #16-17) on 6-6-04 plaintiff was violently attacked by Inmate complained of. Anthony Coffield who is Muslim "After" in being beaten by Inmate Coffield, Plaintiff was violently attacked by other Muslims of (MHU) 23 (Additionally, ID exhibit G of Defendant Motion to Dismiss)(and ID Affidavit of Charles Dailey ID Exhibit A.) Before afternoon chow as confirmed, by the incident Report Submitted by defendants.(ID paragraph 1, on June 6, 2004 at APPrx 1057 while B-tier was out awaiting to go to chow. Any reasonable person (or Jury) could conclude that there was Two (2) seperate incidents of violence on the DAte of 6-6-04, the first being the initial ASSAULT committed by Anthony Coffield inside the cell of B-C-10

Defendants further allege that Anthony Coffield has only committed minor infractions. Defendant Attempt to paint a picture of this individual The fact that he's housed in (MAXimum Housing Unit) (MHU) Clearly demonstrates the Administrations need to keep him there, belies there contention. Maximum Housing Unit is intended for the worst of the worst (And Coffield Record Reflects His blatent Disregard for Authority of years let Alone a mere peer.) Specifically 1/20/04 This Report Reflects Coffield was Cited for Demonstration (ie, citing a Riot, Disorderly and threatening behavior, failing to obey an direct order any reasonable person (or Jury) could Conclude that this Inmate Anthony Coffield has problems with authority figures to the point he takes Agressive stance toward a Correctional officer who facing potential Sexual ASSAult Charges on a female officer. On 1/30/04 (Conclusion (I will get your RAsist Ass And I will make sure everyone knives you so you will be moved). (It's clear that Inmate coffield Refers to everyone [i.e The muslims] To possibly plot to hurt a Correctional officer this Isn't a Inmate This Is a SGt of the Department of Corrections

In that infraction Coffield Recieved confinement to Quarter start Date 2/16/2004 5 Day Sanction a Major write up. Class 1. Seacond Disciplinary Decision Class II writ-up Are One step down from a major. And still Reflect you classification up to 3 pt. Quality of life. (ID disciplinary Notice Hearing Date 9-10-2005 Page 1-of-2 of 3, #4 of defendant exhibit E). Incident Report for 8/8/03, is a Major Class 1 write-up ID). On 5/13/03. Anthony Coffield Rubbed his forearm against the chest of FSSIIS S. Morris. (States that Coffield And She Notes She called out to Remind him not to touch her Again This is the Seacond time this has happened state she was warned him before She is Serious.) Additionally Anthony Coffield has proven himself adapted to escaping liability for his Action by (Te pleading not guilty) he is well aware of the procedures And demonstrate in his Appeal form. ID "The Code 200.203 Disorderly or threatening behavior state as follow: a Fighting for, other violent, or threatening behavior. (b) insulting, taunting, or Challenging Another person, in a manner likely to produce a violent or disorderly Response. These Admission outlines the Inmate Anthony Coffield ability's to manipulate the procedure to best fit his situation, And the Reference to (I'e Not knowing, I was Scared.) The Court Should know this Inmate is 270 ibs 6'2" Tall And his Always playing the victim. It would be ludicrous for this Court to believe this Inmate is a Model Inmate

## Legal Standard

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegation of the complaint. Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Gibbs v. Roman, 116 F.3d 83, 86 n. 6 (3d Cir. 1997); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 456 (3d Cir. 1996). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

Plaintiff has stated facts which when liberally construed and applied, statment states a claim under the Holding in Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 > held: prison officials may be held liable under Eighth amendment for denying humane conditions of confinment only if they know that inmates face substantial risk of harm and disregard that risk by failing to take reasonable measures to abate it.

Regardless of the type of §1983 claim, the plaintiff must show personal involvement by the defendant to succeed Rode v Dellarciprete, 845 F.2d 1195, 1207 (3d cir. 1988). Specifically plaintiff alleges with the appropriate particularity (ID, DI.4 at paragraph 5-6, states defendant David Holman with requisite state of mind was responsible for his cell assignment. Defendant Holman, knew and disregarded an excessive risk to plaintiff health or safety. Defendant Holman, knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. As a result of not being moved the plaintiff suffered the loss of a tooth ID Statement of Claim Count II DI.4 at paragraph 10-11 states the Defendant Lawrence Megurgen with requisit state of mind knew and disregarded an excessive risk to plaintiff health or safety. Defendant knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. As a result from not being moved plaintiff suffered the loss of a tooth from being attacked by inmate complained of (ID) paragraphs 17-19, Defendants were aware of this objectively intolerable risk of harm and subjectively disregarded it. The subjectively deprivation was sufficiently serious and the officials has acted with deliberate indifference to inmates health or safety in violation of the Eighth Amend to the United States Constitution. The Defendants bore an affirmative obligation to provide protection from assault by other inmates but failed to do so., on a Motion to Dismiss, the complaint is sufficient to allege actual knowledge with the appropriate particularity. Thus defendant Motion to Dismiss should be denied.

-9-

__Plaintiff Disputes Defendant's claim at paragraph 6, p 5__

It's been established (herein) how the morning of 6-6-04 plaintiff was attacked by Inmate Companion of Anthony Coffield. The fact has be established (herein) that the initial assault occurred inside B-L-10. Reasonable behavior would have been an investigation of plaintiff allegations. In fact had they investigated the would of discovered that plaintiff was an direct object of a Imminent Danger. Therefore Defendant's have not acted Reasonable (ID attached Affidavits Exhibit A)

pp. 6

Incredibly Defendant claims, Being housed in a cell with Coffield, plaintiff does not show a sufficiently serious deprivation of his constitutional rights, but that is undeniable spin. because plaintiff was placed in a situation of danger, Reached out to the appropriate official because of the violent propensities of Anthony Coffield. Coffield's charges range from Armed Robbery 1st degree, Kidnapping poss fire arm during comm of f. His quality of life "will forever" Remain (SMU) ANS (MOU) his assault on plaintiff, his sexual assault on FSS Sherril Morris, his being buried in with the worst of the worst, his being prone to challenge and disregard authority. Defendant offer only "minor" infraction which are in fact minor majors. on the instant motion any reasonable person (or jury) could find a verdict of guilt against Defendant if the Defendant's motion is denied discovery will reveal the real monster. Respectfully stating, Lastly,

<u>Defendant's claim at pp 7-8</u> is frivolous because it's well settled permanent injury is serious. Moreover) To violate the Eighth amendment, deprivation must be serious enough to amount to the "wanton and unnecessary infliction of pain", <u>Rhodes v. Chapman</u> U.S. at 347, Accord, <u>Wilson v. Seiter</u>, 111 S.Ct at 2324, However, They need not inflict physical injury <u>Hicks v. Frey</u>, 992 F.2d 1450 (6th Cir. 1993)(Extreme conduct by custodians that caused severe emotional distress is sufficient); <u>Schellenyke</u>, 943 F.2d 921, 924 (8th Cir. 1981)(evidence of "fear, mental anguish and misery" can establish the requisite injury for an Eighth Amendment claim) cert denied, 112 S.Ct. 1516 (1992); <u>Kingsly v. Bureau of Prisons</u>, 937 F.2d 26, 32 (2d Cir. 1991) <u>White v. Napoleon</u>, 897 F.2d 103, 111 (3d Cir 1990)

Wherefore) Plaintiff Respectfully pray This Honorable Court grant his Motion Thus, Denying Defendant Motion And Schedule this matter for Discovery

Plaintiff's Seeking Pleading Leniency, Pro.Se
    Under <u>Haines v. Kerner</u> 404 U.S. 519 (1972)

1181 Paddock Rd Smyrna De 19977    Date:
Delaware Correctional Center
James Hall

— 11 —

### Defendant are not entitled to summary judgment the plaintiff has not completed discovery on relevant issues

Since the plaintiff is a pro-se litigant he seeks pleading leniency, his complaint, however inartfully pleaded must be construed liberally and held to a less stringent standards than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) On a motion for summary judgment it requires the court to examine the record to determine whether there are any genuine issue of material facts or whether the evidence is so one-sided that the party should prevail as a matter of law. Burkhart v. Davis, Del. Super. 602 A.2d 56, 59 (1991.) The court will consider the pleading, any depositions, answers to interrogatories, admission on file, and affidavit in making its determination, Super Ct. Civ.R. 56(c). Dismissal prior to granting plaintiff meaningful discovery to prove his claims would be a grave injustice to the plaintiff, And as a friend of the court where a complaint is not frivolous, The facts are taken as true, dismissal should be denied and discovery permitted. Brown v. Johnson civil action No 96-184-LON

The plaintiff further request discovery material with the aid of the court because defendants lack of respect of the plaintiff's pro-se request for discovery material in order to show Anthony Coffield's medical records as requested in plaintiff's request for production of documents.