Defendants Are Not Entitled to be Shielded from Liability in their Individual Capacitys, or offical Capacities

Section 1983 Allow damages to be assessed against any "person" who "under color of state law" deprives Someone of federal constitutional Rights. All Government employees are "persons" under Section 1983 and can be sued for everything they do at work that violates clearly established constitutional Rights Hafer v. Melo, 502 U.S. 21 (1991) Additionally plaintiff seeks injunctive Relief Requiring prison officials to use available inmate classification information and procedures to predict compatibility of incoming cellmates for double Celling because current Random assignment of cellmates substantially increase Rise of violence in violation of the Eighth Amendment (ID D.I. 9 and D.I. 2)

#18. Requesting an injunction, or declaratory judgment, state officials can be sued in their official Capacities. Will v. Michigan Department of State Police. The Grant of injunctive Relief is an 'extraordinary Remedy, which should be granted only in limited circumstances.' instant Air freight Co. v. C.F. Air freight, Inc., 882 F.2d 797, 800 (3d cir. 1989) (quoting Franks Gmc Truck Center, Inc v General Motors Corp., 847 F.2d 200, 102 (3d cir. 1988)). In Ruling on a preliminary injunction, this court must consider 1) the likelyhood of success on the merits 2) The extent to which the plaintiff is being irreparably harmed by the conduct complained of 3) the extent to which the defendants will suffer irreparable harm if the Requested relief is granted; and 4) The public interest. See Clean Ocean Action v. York, 57 F.3d 328, 331 (3d cir. 1995). An injunction Should only issue if all four factors favor injunctive relief. See S&R Corp. v. Jiffy Lube Intern., Inc. 968 F.2d 371, 374 (3d cir. 1992)

As the Supreme Court has explained. Qualified immunity seek to ensure that Defendant reasonable can anticipate when their conduct may give rise to liability, by attaching liability only if the contours of the Right (violated) are sufficiently clear that a reasonable official would understand that what he is doing violates that Right <u>United States</u> v. <u>Lanier</u> 520 U.S. 259, 270 (1997) this is not to say, that an officials action is protected by Qualified Immunity, unless the very action in question has been held unlawful; but it is to say that in the light of preexisting law the unlawfulness must be apparent. <u>Anderson</u> v. <u>Creighton</u>, 483 U.S. 635, 640 (1987). The instant case. It was apparent by January 20, 04 that the Eighth Amendment prohibited defendant from subjecting the plaintiff to severe emotional distress, and mental anguish fear, shock humiliation or mortification and cruel and unusual punishment by being deliberately indifferent to a substantial risk of serious harm to a inmate thus being Deliberately indifferent to inmates health and safety in violation of the Eighth Amendment. Moreover plaintiff claim against Defendants in their Individual capacities made clear (ID. DI. 10 At 5). have gone undisputed thus defendant's claim of Qualified Immunity must fail and the plaintiff undisputed claim against Defendants in their Individual capacities must succeed. Because they waive this Defence by failing to assert it in their Motion to Dismiss.

-14-

Plaintiff claims he was denied a "minimal civilized measures of lifes necessities" "Reasonable Safety."

To act with deliberate indifference, a state actor must "know[] of and disregard[] an excessive risk to [the victim's] health or safety." Ewolski v. City of Brunswick, 287 F.3d 492, 513 (6th Cir. 2002) (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)) (internal quotation omitted). The state actor's actual knowledge is critical to the inquiry. A state actor's failure to alleviate "a significant risk that he should have perceived but did not," while "no cause for commendation," does not rise to the level of deliberate indifference. Farmer, 511 U.S. at 837, 114 S.Ct. 1970. Under the first prong, the Defendants engaged in constitutionally impermissible conduct. See, e.g., Saucier, 533 U.S. at 201, 121 S.Ct. 2151. Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officers conduct violated a constitutional right...... ("if no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."); accord Roe v. Tex. Dept of Protective and Regulation Serv., 299 F.3d 395, 2002 WL 1575250, at *3 (5th Cir. July 17, 2002. Prison conditions may be "restrictive and even harsh" Rhodes, supra 452 U.S., at 347, 101 S.Ct. at 2399, but gratuitously allowing the beating or rape of one prisoner by another serves no "legitimate penological objective," Hudson v. Palmer, supra 468 U.S., at 548, 104 S.Ct. at 3211 (Stevens, J. concurring in part and dissenting in part), any more than it squares with "evolving standard of decency," Estelle *834 supra, 429 U.S. at 102, 97 S.Ct. at 240 (quoting Trop v Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958) (plurality opinion)). Being violently assaulted in prison is simply not "part of the penalty that criminal offenders pay for their offences against society." Rhodes supra. 452 U.S. at 347 101 S.Ct. at 2399

Under the requisits for injunctive relief plaintiff has demonstrated a likelyhood to succeed on the merits

-15-

Plaintiff concedes in his complaint that he was placed in a cell with a violent inmate for over three months, thereby failing to protect him from an assault by Anthony Coffield. The plaintiff was assaulted inside B-C-10 on 6-6-04. Plaintiff requested to be relocated to another cell, due to threats of bodily harm and other altercation, but the request was unanswered by the Defendant, and as a result, because plaintiff was not moved he suffered a permanent injury. The threats on plaintiff well being were received and relayed back to plaintiff denying him protection from assault made obvious to Defendants by way of Actual knowledge. Defendant did Absolutely nothing but perfunctorily deny plaintiff request w/out any investigation "fact that Acting Deputy Warden Re-opened plaintiff request for protection and order an investigation, in regard to my letter to them demonstrates "no Initial investigation was conducted," on the face of the complaint, plaintiff has shown a deliberate indifference on the part of defendant's to substantial Risk of Serious harm to an inmate

-16-

## Conclusion

2. The Eighth Amendment to the United States Constitution guarantees that no prisoner shall be subjected to cruel and unusual punishment. The Constitutional prohibition against cruel and unusual punishment not only prohibits certain kinds of physical punishment, such as torture, but embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency. Estelle v. Gamble. 429 U.S. 97. 97 S.Ct. 285, At (03.) The Eighth Amendment requires that prison officials, under the circumstances demonstrated herein, must not be deliberately indifferent to a prisoner's need for protection against physical assault. A prisoner who is deprived of such protection because of a prison officials deliberate indifference to a physical assault has suffered a violation of his Constitutional rights as guaranteed by the Eighth Amendment.

3. To be cruel and unusual punishment, conduct which does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety. It is obduracy or wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the cruel and unusual punishment clause. Whitley v. Albers 475 U.S. 312, 106 S.Ct. 1078. At 319.)

- 17 -

_____
James Hall Pro Se
1181 Paddock Rd. Smyrna
Del. 19977

Date: 12-15-05

# EXHIBIT A

product
pwpiness

Declaration under penalty of perjury of Charles Daley, 472644, being competent to make this declaration and having personal knowledge of the matters stated therein, declares pursuant to 28 U.S.C. §1246:

1. I was James's next door neighbor at the time of the incident. I heard him and his celly get into another of their many arguments around 11:00AM one morning. This argument was different because James's celly started to threaten him with violence. I did hear a fight begin and after a few minutes the doors opened for lunch. James's celly than came out of the cell and started a bigger fight that was muslim's verses non-muslim's. Guys had mop ringers and brooms. The police eventually saw what was going on after a good five minutes of fighting. They took all muslims to the SHU and the incident was over.

4-29-05

Declaration order penalty of perjury of Ulyses S. Davis Jr, 00229889, being competent to make this declaration and having personal knowledge of the matter stated therein, declares pursuant to 28 U.S.C § 1746:

1. I became friendly with Mr. James Hall after playing a few games of chess with him and leading up to the day he got into a fight with his cellmate we talked about how his cellmate kepted trying too make Mr. Hall fight him and as we talked about what he could do about the matter I said he should use the chain of command to be moved out of the cell because his hand was hurt and he did so, but they would not move him and in June he got into a fight with his cellmate and his tooth was knocked out and a few other guys tried too jump on him and his cellmate punched another inmate in the face as well before his cellmate was put in the SHU.

Ulyses S. Davis Jr

Declaration under penalty of perjury

#277704 Glen Smith, being compelled to make this Declaration and having personal knowledge of the matters stated therein, declares pursuant to 28 U.S.C. § 1746

1.) On the day the fight happen Jimmy was angry + upset at his cellmate. He stated that he was being givin a lot of hassle + problems at lunch time that day. Jimmy was attacked by his cellmate. I herd the fight + wittnessed the end and herd the cellmate say yea I got that faggit.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is True and correct Executed on 9/30/05

Declaration under penalty of perjury of James Hall, 00167581, being competent to make this declaration and having personal knowledge of the matter stated herein, declares pursuant to 28 U.S.C. § 1746:

On 3-30-04 my cellie Anthony Coffield was taunting me, and eventually physical assaulted me (by pointing his finger into my forehead in a aggressive manner in anger inmate Coffield was intimidating me trying to get me to fight him. Once he even spit in my face. The door open and I went straight to the tier officer, in compliance with the Rule (Ie chain of command). Affiant was directed by C/O Wilson to go talk to (MHU) Sgt Sullivan and asked to be moved because of the confrontation that just occured. Affiant was told by Sgt Sullivan "is it life or death, in keeping it real you have to fight or sign in on ID. Complaint Exhibit

Declaration under penalty of perjury of James Hall, 00167581, Being Competent to make this declaration and having personal knowledge of the matters stated therein, declares pursuant to 28 U.S.C. § 1746:

Affiant Assert's the following:

On 6-6-04 I was violently attacked by Anthony Caffield and other member's of a collective group (i.e. Muslims) After the attack Affiant and another Inmate was escorted out of (MHU) B-Tier into a corridor where Affiant was questioned by Lt. Boon in regards to the incident that just taken place. Affiant confronted Lt. Boon about matters forwarded to him from Clyde D. Sagers in regard to the previously well documented threats on Affiant person. [Lt. Boon stated "I needed ya'll to fight in order to move Affiants aggressor"]. Moment before this Admission Affiant "In Discuss" explained to Lt. Boon that. I wrote major Holman and all ya'll telling ya'll that my cellie was threatening bodily harm to me everyday and now I'm standing here bleeding and he knocked my damn tooth out and all his muslim boy's jumped me and my friend help get them off me if ya'll would have moved me like I asked ya'll too none of this (choosen words): would of happened. There was two other officer's Present during this interview on officer's name I Sgt Abernathy other officer Name unknown at this time

_____            12-5-05
James Hall

# EXHIBIT B



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
## OFFICE OF THE DEPUTY WARDEN
DELAWARE CORRECTIONAL CENTER
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6668

Clyde D. Sagers

### MEMORANDUM

TO: IM James Hall
SBI# 167581
MHU 23 BL10B

FROM: Clyde D. Sagers
Acting Deputy Warden I

DATE: May 17, 2004

RE: Letter

I have received your letter in reference to your cellmate. I have forwarded your letter to Lieutenant Boone for his investigation.

LAM/dc

Attachment

cc: Lt. Boone
Inmate File

## Certificate of Service

I, __James Hall__, hereby certify that I have served a true and correct cop(ies) of the attached: __(2) Plaintiff's Reply to Defendant Motion to Dismiss__ upon the following parties/person (s):

TO: __Mrs Lisa Barchi__
__820 N. French Street, 6th__
__Floor Wilmington, DE 19801__

TO: _____

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __15__ day of __December__, 200__5__

__James Hall__

James Blolly pro se  W-C-9
Delaware Correctional Center
1181 Paddock Rd Smyrna Del
19977

Clerk of the Court
United States District Court
844 N. King Street, Locker box 18
Wilmington, Del 19801

