In The United States District Court
For the District of Delaware

James Hall
    Plaintiff,

v.

David Holman et. Al.,
    Defendants.

C.A. No: 04-1328-GMS

Jury Trial of Twelve Demanded.

## Affidavit of James Hall

Come now the plaintiff James Hall and states under penalty of perjury that the statements and facts made herein are true and correct to the best of affiant's knowledge.

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 DEC 20 PM 3: 53

III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff JAMES HALL
   Address DCC 1181 Paddock Road, Smyrna DE 19977

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions and place of employment of any additional defendants.)

B. Defendant David Holman is employed as Security Superintendent at Delaware Correctional Center, near Smyrna De

C. Additional Defendants Lawrence McGuigan, Deputy Warden
   Clyde D. Sagers, Acting Deputy Warden 1-
   Delaware Department of Corrections

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments Or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

1. Plaintiff Arrived At The Delaware Correctional Center on Jan. 20, 2004

2. Plaintiff was Transferred From C-Bldg To MHU 23 1-22-04 and was placed in A cell with a Very Dangerous inmate From Feb 22, 2004 To June 6, 2004 Plaintiff has Submitted numerous Request To Maj Holman Deputy warden McGuigan April 2, 2004 Capt Sagers May 17, 04 with Regards To Physical Confrontation, Terroistic Threatening Said Request went unanswered To no Avail Plaintiff Requested To Said Defendant's (See Attached Sht)

-3-

(Attached sheet)
Statement of Claim Continued
from page 3.

To be relocated to another cell. Because confrontations were becoming more and more vulgar. David Holman is Security Superintendent in charge of Assignment, Placement, Relocation of inmate Housing Arrangements. On 2-04-04, Plaintiff submitted a request to be relocated to another cell because my cellmate a very dangerous inmate Anthony Caffield was threatening bodily harm to me and the altercations occurred on a daily basis I suffered from a broken right hand which was diagnosed on 1-22-04 confirmed on 2-18-04 by First Correctional Medical tech. This handycap was made clear to major Holman on several occasions that plaintiff was in no position to protect myself from attack. Plaintiff asserts that defendant Holman with requisite state of mind was responsible for his cell assignment. Defendant Holman knew and disregarded an excessive risk to plaintiff health or safety. Defendant Holman knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Plaintiff states through repeated request to be relocated and, the requests were unanswered to alleviate the problem, Plaintiff was attacked and suffered the loss of a tooth. On 3-9-04 Plaintiff received a letter from major Holman stating my letter dated 2-22-04 was forwarded to deputy warden Lawrence McGuigan for review, while the altercations with plaintiff cellmate escalated and became more violent. Plaintiff submitted a request in the form of a letter to deputy warden McGuigan about his view on the altercations which were now physical intimidation (E.g. loudly, forceably which would allow saliva to spatter into plaintiff face) E.g pointing of a finger into the face of free).

Statment of Claim Continued From page 3. Count II
Plaintiff states in the letter to Deputy Warden McGuigan. In said letter plaintiff expressed concern for my fear of being attacked from cellmate and asking to be moved and respectfully requesting consultation in regards to the matter forwarded to him from David Holman which never took place. The Defendant Lawrence McGuigan with requisite state of mind knew and disregarded an excessive risk to plaintiff health or safety. Defendant knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. As a result from not being moved plaintiff suffered the loss of a tooth from being attacked by inmate comprised of. (see attached letter Exhibit B

(Attached sheet)

Statement of Claim Continued
From page 3.

"( David Holman, sent plaintiff a letter marked Exhibit A which clearly leave plaintiff with the only Remedy. To Remain in the two man cell and take matters into plaintiff's own hands by any means necessary. plaintiff in this hostile environment awaiting deputy warden McGuigan's Review. plaintiff submitted the letter on 3-30-04 to deputy warden McGuigan in regards to my cellmate Anthony Coffier deputy warden McGuigan Recieved this letter 4-2-04. On May 17, 2004 plaintiff Recived a letter from Clyde D. Sayers Acting deputy warden I, in Ref to my letter addressed to deputy warden McGuigan, stating my letter was forwarded to Lieutenant Boon For his investigation defendant Clyde D Sayers. Knew And Disregarded an excessive Risk to plaintiff's health or safety defendant, sayers knew that plaintiff Faced a substantial Risk of Serious harm and disregarded that Risk by Failing to take Reasonable measures to abate it. plaintiff made Repeated Request to be Relocated and the Request were unanswered to alleviate the problem. plaintiff was Attacked and suffered the loss of a tooth. On 6-6-04 plaintiff was violently Attacked by inmate complained of. Anthony Coffield who is muslim After inducing beaten by inmate coffield, plaintiff was violently Attacked by other muslims of MHU 23 plaintiff was knocked to the floor kicked and beaten plaintiff Recived emergency treatment. defendant's were Aware of this objectively intolerable Risk of harm and subjectively disregarded it. The subjectively deprivation was sufficiently serious and the officials has acted with deliberate indifference to inmate health or safety in Violation of the eight amendment to The United States constitutional. The State Defendant here an Affirmative obligation To provide protection from assault by other inmates but Failed to do so.

Cause of action count 1

4.) David Holman, Lawrona McGuigan, Clyde d. Sayers, "Defendants were deliberately indifferent to substantial Risk of Serious harm to an Inmate

Respectfully with regards to II A, B, C, of this Section, § 1983 plaintiff asser he has exhausted his Administrative Remedys under the PLRA (To the extent that Defendant may dispute the fact). The Grievence filed must specifically state the issue pertaining to the Denial of medical care being Complained of and list the names or name of the staff that caused the violation. See Curry v. Scott, 249 F.3d 4 504 (6th Cir. 2001). if the identity of the prison staff is not known, a Request for the name of the prison staff is not known even in Response to the Grievence. is sufficient for exhaustion purposes. See Irvin v. Zamora, 161 F. Supp. 2d 1125, 1134 (S.D. Cal. 2001) (plaintiff's grievances did present the relevent factual circumstan. giving rise to a potential claim and did request the identities of the individuals directly Responsible for spraying the pesticide. This was sufficient to put prison official on notice of possible problems with these individuals') Id. B, of this Section (See Exhibits C, D, E, The plaintiff fairly presented his grievace to ("IGC") Merson, Lis M, and another Attempt to investigator, "Sagers, Clyde" (See Exhibits) C, D, E, who have not Responded

5.) Defendants knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it

6.) Defendants Deliberate indifference to substantial risk of serious harm to an inmate amounts to cruel and unusual punishment in violation of the Eighth Amendment To The United States Constitution

7.) Plaintiff submitted Request to be relocated to another cell to alleviate the problem. Defendants disregarded the request and plaintiff suffered the loss of a tooth as a result of not being relocated

8.) Defendants intentionally ignored and failed to respond To substantial Risk of serious harm to plaintiff. Plaintiff has suffered unnecessarily due to Defendants Deliberate indifference

9.) Defendants were required but failed to take reasonable measures to guarantee the safety of inmates.

10.) Defendant's conduct or lack of conduct demonstrates a knowing indifference to a substantial risk of serious harm to an inmate

11.) Defendants were aware of this objectively intolerable risk of harm and subjectively disregarded it.

12.) The Subjectively depravation was Sufficiently Serious. And The officials has Acted with the Deliberate indifference To inmate Health or Safety in Violation of the Eighth Amendment to the United States Constitution.

13.) The State Defendants bore An Affirmative obligation To provide protection From Assault by other inmates but Failed to do so.

14.) Plaintiff Submitted numerous Request over a period of 4-5 months to be Relocated to Another cell Defendant's Failure to Respond Reasonably has Resulted in the Loss of a Tooth.

15.) Random Assignment of cellmates is cruel and Unusual Punishment in violation of the United States Constitution constitution Amendment 8.

16.) prison officials were Deliberate indifferent to Risk of Violence Arising from Random Cell Assignment.

17.) prison officials Failure to use Available Classification information to determine Cellmate compatibility Amounts To Failure to protect in violation of Eighth Amendment And violates plaintiff Clearly established Rights.

18.) Plaintiff Seeks injunctive Relief Requiring prison officials To use Available inmate classification information And procedure to predict compatibility of incoming cellmates For double Celling because current random Assignment of cellmates Substantially increase Risk of Violence in violation of the Eighth Amendment.

19) The Department of Corrections prison officials are not forced to house it's prisoners two men to a cell. Said housing plaintiff in this manner in a double cell approximately 74 square feet is unconstitutional and amounts to cruel and unusual punishment in violation of the Eighth Amendment.

20) These cells approximately 74 square feet or less in size, in the maximum housing unit (MHU) were intended to house only one inmate.

21) The prison officials were deliberately indifferent to plaintiff in their failure to protect in that they failed to utilize any screening as a method of assessment of personal risk factors such as potential for suicide, propensity for violence, victim potential etc. Defendants failed to predict compatibility of inmates.

22) The only exception occurs if inmate identifies another inmate with whom he has a serious problem and then the potential victim is either forced to sign himself on protective custody, a more restrictive or punitive housing assignment or forced to remain within the double celling with the hostile inmate and to take matters into his own hands by any means nessessary.

23) The guards in the control centers can't see into the cell's. Cell doors are solid, with a small narrow window and two small vents. There is no inter-cell monitoring intercom system. The intercoms in the day room. The Speaker and Reciver for this system do not work and are outside the cells requiring inmates to shout through the cells in order to attempt to get the attention of the guards on duty which is fruitless because guards are located completely off the tiers, in the hallway or an isolated inclosed concrete bubble.

24.) Plaintiff States: The (MHU) is An increasingly violent place with numerous assaults, Aggrevated Assaults, Fights And Threatened bodily harm. Plaintiff has recounted herein how he was beaten by his Cellmate while yelling for help which never came.

25.) Moreover, many acts of violence at the (MHU) go unreported and undocumented for These reasons. 1).If an inmate Reports violence by Another inmate. Inmate do not want to be labels as Snitches, Thus They often do not Report violence

2.) if an inmate Reports violence in which he is involved, Both he and The other inmate will receive misconduct reports and will be disciplined, 3) If an inmate reports a violent incident, but Their is neither a witness nor Physical evidence of The reported violence, neither inmate is disciplined.

26) The Defendant's Knew or Should have known that the Plaintiff faced a pervasive risk of harm. Actual knowle of This fact on The part of The defendants is Supported by plaintiffs Several letters to prison officials informing Them of Same And Asking For help.

27.) Defendant were Also aware that plaintiff had a broken Right hand At All times Relevant to These Claims. This is not An overcrowding case in the Sense That the Plaintiff is Asserting that the DCC/MHU houses more inmates Than it can manage or for whom it can provide services Plaintiff. does not imply or Assert Any Claim About that Fact. The issue in this Case is a deliberate indifference by prison officials failure to protect him from violence or threatened violence from cellmate.

78.) The Defendant subjected, plaintiff to violent assaults it is not part of the penalty that criminal offenders should pay their officers. Plaintiff has clearly demonstrated that he is incarcerated under conditions posing a substantial risk of serious harm as noted. Plaintiff suffered from a broken right hand and was literally defenseless and defendants were clearly aware of this fact and yet despite their knowledge they disregarded the excessive risk to plaintiff health and safety. Thus plaintiff has suffered the unnecessary or wanton infliction of pain in violation of the Eight Amendment.

79.) Defendant's extreme conduct has caused severe emotional distress to plaintiff in violation of Eighth Amendment to the United States Constitution

### Request For Relief

Compensatory Damages in the Amount of 90,000.00

Punitive Damages in the Amount of 120,000.00

Special Damages, ie, Extreme Emotional Distress in the Amount of 100,000.00

Whatever Further Relief the court deems Just And Proper

12-15-05

_James Hall_
JAMES HALL

# Certificate of Service

I, _JAMES HALL_, hereby certify that I have served a true and correct cop(ies) of the attached: _(2) Affidavit of James Hall_ _____ upon the following parties/person (s):

TO: _Mis Lisa Barchi_
_820 N. French Street, 6th_
_Floor Wilmington, DE 19801_
_____
_____
_____

TO: _____
_____
_____
_____
_____

TO: _____
_____
_____
_____
_____

TO: _____
_____
_____
_____
_____

BY **PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _15_ day of _December_, 200_5_

_James Hall_

James Holly pro se W-L-9
Delaware Correctional Center
1181 Paddock Rd Smyrna Del
19977

Clerk of the Court
United States District Court
844 N. King Street, Locker box 18
Wilmington, Del 19801

