United States District Court
For the District of Delaware

James Hall,                    )        C.A. # 04-1328-GMS
        plaintiff              )
                               )        Jury Trial of twelve
v.                             )        Demanded
                               )
David Holman, Lawrence         )
Mcguigan And Deputy            )
Warden Clyde D. Sagers         )
        Defendants;            )

FILED

DEC 21 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff's Motion for Summary Judgment
Against Defendants David Holman Et. Al; in support
of his motion plaintiff offers the following:
Pursuant To Rule 36 (A) Fed R. Civ. P And
Rule 56 (C) of the Fed R. Civ. P.

Comes Now, The plaintiff, James Hall, pro se and moves
This Honorable court to Grant plaintiff's motion for
Summary Judgement. Because there is no Genuine
issue as to Any Material fact and that the moving
party is entitled to A Judgment as a matter of law

_Legal Standard_

1. The Rule states that if a Request for Admission is
not timely answered, The Matter is deemed Admitted
Rule 36 (A) Fed R. Civ. P.

Request For Admission, which Ask the opposing party to Admit
or deny the truth of particular facts, that have been Admitted
Are Binding Rule 36(b) Fed.R.Civ.p [if a party objects to a
Request, he must specifically state the Reason for the objection. The
State Defendants' "non conforming" Letter-motion, DATED November
2, 2005 (I.D., In plaintiff objection he Alleges that state defendants
failed to support their Claim As Required by Fed.R.Civ.p. 26(c)
The Moving party Must Confer and make good faith effort to
Contact plaintiff and must submit by Affidavit with pertinent
factual allegation and on the Absent Motion to Dismiss. The
Requisite is belied by their shameless Delay tactic. [Request for
Admission can be served at Any time during litigation. The
opposing party has (30) days After service to answer or object

Additionally, plaintiff Alleges in his objection [Defendants want
To Dupe the court in fostering plaintiffs properly filed and
Legitimate discovery Request .at A2. of plaintiff objection
he has presented fact that support his position with
case caw. Demonstrating That under Fed.R.Civ.p. 56(f) And
is follow the axiom that it's Inappropriate to prohibit a
legitimate discovery Request where-As-here the evidence etc.
is in possession of Defendant. plaintiff filed an Affidavit
Demonstrating this fact. Defendants Are Seeking protection
from discovery and this Honorable court has not granted
Defendant protection from plaintiff Discovery Request. Defendant failed
To Timely Respond to plaintiffs, Discovery Reqst C.i.e, Reqst For production
of Documents, Request for Admissions, Reqst For interrogatories, (I D
certificate of services Moreover plaintiff was allowed 15 day grace period.

Summary Judgment is Governed by Rule 56 of the Federal Rules of Civil procedures. Under that provision Summary Judgment is warranted when "the pledings, depositions, answers to interrogatories, And Admissions of file, Together with the Affidavits.... show that there is no genuine issue As to Any material fact And that the moving party is entitled to a Judgment As A matter of law." Fed R.Civ.p. 56(C). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 106 S. Ct. 2548, 2552 (1986). Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986). Security Insurance Co. of Hartford V. Old Dominion Freight Line, Inc., when Summary Judgment is Sought, the moving party bears an initial burden of Demonstrating that there is no Genuine dispute of material fact to be decided with Respect to Any essential Element of the Claim in issue; The failure to met this burden warrants Denial of the Motion. Anderson, 477 U.S. at 250 n. 4, 106 S. Ct. At 2511 n. 4. Security insurance, 391 F.3d at 83. in the event this initial burden is met, The Opposing party Must Show, through Affidavits or Otherwise, That there is a material issue of fact for trial [FN11] Fed R. Civ.l.p 56(C); Celotex, 477 U.S. at 324, 106 S. Ct. At 2553; Anderson, 477 U.S. at 250, 106 S. Ct. At 2511 [FN11] A material fact is Genuinely in Dispute "if The Evidence is Such that a Reasonable Jury could Return a verdict for the nonmoving party," Anderson, 477 U.S. At 248, 106 S. Ct. At 2510.

Defendant's Admit And plaintiff Demonstrates that there is no Material issue of Fact in Dispute with Regards To The First (1) Essential Element. of the plaintiff's Claim. ~~Substantial Risk of harm~~:

At Item # 8 of the plaintiff's (Request For Admission.) defendants Admitted that they knew plaintiff faced a Substantial Risk of harm (ID. Moreover, they knew plaintiff faced a Substantial Risk of harm and Disregarded that Risk by failing to take reasonable measures to that, it CALSO ID. # 12 # 11

~~Official~~ knowledge of that Risk: official David Holman Et Al; Admit And plaintiff Demonstrates that there is no material issue of Fact in Dispute with Regard to the Second (2) Essential Element Of the plaintiff's Claim. It is Clearly undisputed that Defendant Possessed Actual knowledge of the pervasive Risk of harm to plaintiff (ID. P.I.4. At Item # 96 and Exhibit A, Exhibit. B. memorandum order from Clyde A. Sapars. Dated May 17, 2004.

Officials failure to Respond Reasonable to the Risk: officials David. Holman El.Al, Admit and plaintiff Demonstrates that there is no material issue of fact in dispute with Regards To the third (3) Essential Element of the plaintiff's claims, Defendants Admitted At Item # 11. (Defendant. David Holman, Clyde D. Sayers, Lawrence Mcguigan Defendant's intentionally ignored and failed to Respond To a particular know Threat to plaintiff. Thus failing to Respond To Substantial Risk of Serious harm, and plaintiff was Suffered unnecessary and To Mentals. Deliberate indifference (ID.

Officer (: David Holman Et.Al; Admit and plaintiff Demonstrates
That there is no Material issue of fact in dispute with regards
To the fourth (4) Essential Element Of plaintiff claim.
CAUSATION And injury: Defendants Admit At Item # 16
plaintiff Submitted numerous Request over a period of 4, 5,
months To be moved laterally within the Same Security unit to
another cell Defendant failure to Respond Reasonable has Resulted
in permanent injury To plaintiff. (ID)

physical injury, necessary to support claim against prison official for
failure to protect under Requirement of (PLRA): Requires observable
or diagnosible medical condition Requiring treatment by medical
care professional; injuries treatable at home and with-over the counter
drugs healing pads Rest and Similar methods do not fall
within parameters of Requirement 42. U.S.C.A. 1997(e) (ID DI 4
App 3. Appropriat de minimus Standard is whether injury is
of nature that would Require free-world person to visit emergency
Room or have Doctor attend to, give opinion, diagnosis or medical
treatment for injury or whether home treatment would Suffice
Long v Hott  979. F.Supp. 481 * 486.

To be cruel and unusual punishment, conduct which does not
purport to be punishment at all must involve more than ordinary lack
of due care for the prisoners indrest or safety. It.s obstancy or
wantoness, not inadvertance or error in good faith, that characterized
The conduct prohibited by the cruel and unusual punishment clause. Whitley
v. Albers 475 U.S. 312, 106 S.Ct. 1078 . At 319). Defendants admit at
# 16 of plaintiff Request for Admission. The physical pain, mental anguish; Fright
And Shock, Embarrassment, humiliation or mortification, physological injury inflicted
was plaintiff Demonstrates the Requisite mental state for a finding of Deliberate in Difference

Defendant's Claim p.7.8 of their motion to Dismiss

Plaintiff fail to show either Actual knowledge or a Substantial Risk of Harm Reason. being that Defendant (stamped decided) and Admit to actual knowledge David Holman placed his initials By his Name ID) And Defendant Holmans has actual knowledge of The Danger. Defendants Megquier, Sagers ID decided IXC Apply WArDen 1, Initial; Canon Sagers, decided Security Defendant have Actual knowledge and Also Admit (Plaintiff Request for Admission Item # #1), Defendants, failed to take Reasonable measure to guarantee The safety of inmate, Defendants conduct or lack of Conduct demonstrate a knowing indifference to a Substantial Risk of Serious harm do Plaintiff # 2, Defendant clyde Sagers, David Holman, Lawrence Megquier knew that plaintiff faced a Substantial Risk of harm did disregarded that Risk by failing to take Reasonable measure to abate it. ID #8) (of Plaintiff Request for Admission). Defendants Claim that plaintiff, in his complaint that prison officials, should have been of a Risk pl 26), Defend Misrepresent the courts Ruling (court feed that it does not Amount to deliberate indifference if an official fails to Alleviate a Significant threat that she should have identified but failed to fied Farmer, 511 U.s. at 837-888, Rather the holding is, But an officials failure To Alleviate a significant Risk that he should have perceived but did not, while no Cause for condemnation, cannot under our cases be condemned as the infliction of punishment, the instant case, Plaintiff complained About not being Able to protect himself from Attack And Asking officials to move him, would suggest, fear, Misery And Asking for Intervention A.S.A.P. "As, Soon As possible" ID).

Defendant Claim in Their Motion to Dismiss, p. 9

Defendants are Immune in Their official Capacities

a Suit against State official, in their official Capacities is Treated As a Suit Against the State Hafer v. Melo, 502 U.S. 21 (1991). Qualified Immunity Does not protect municipalities or officials Sued in their official capacities, Owens v. City of independence 445 U.S. 622, 100 S.ct. 1398 (1980) Moore v. Morgan, 922 F.2d 1553, 1556 (11th Cir. 1991); P.C. v. Mclaughlin, 913 F.2d 1033, 1039 (2d cir. 1990). Plaintiff Seeks injunctive Relief Requiring prison officials To Use Available Inmate classification information and procedures to predict Compatability of incoming cellmates for double celling because Current Random Assignment of Cellmates Substantially increase Risk of Violence, in violation of the Eighth Amendment (ID DJ.1 and DJ.2 at #18). Defendant are not entitled to Qualified Immunity in the Instant Case. However the plaintiff Claim is brought Against Defend in there Individual capacities The Eleventh amendment does not bar damages Suits against them for deprivation of federal Rights Caused by those official under color of State Law, Scheur v. Rhodes 416, U.S. 232 238 94 S.ct. 1683, 1687, 40 L.Ed. 2d 90 (1974); Ex Park Young, 209 U.S. 123, 159-66, 28 S.ct. 441, 453-54, 52 L.Ed. 714 (1438 (A nominally-suit Against an Individual official, however nevertheless may be viewed As one Against the State if the Suite Seek damages from the State Treasury See Kentucky v. Graham 473 U.S. 159, 165-66 & n.11, 105 S.ct 3099, 3104-05 & n.11, 87 L.Ed.2d 114 (1985); Brandon v. Holt, 469 U.S. 464 470-71 & n.18, 105 S.ct 873, 877 & n.18, 83 L.Ed 2d 878 (1985). Harris v Presley, 755 F.2d 338, 348 (3d Cir 1985) The Eleventh Accordingly provides no Sheild in this Case, Defendant whom Relief is Sought, David Holman Et. Al, ... not from the State Treasurer.

The Relevant Disposive inquiry in determining whether a Right is clearly established is whether it would be Clear to a Reasonable officer that his conduct was unlawful in the situation he confronted see <u>wilson v. Layne</u>, 526 U.S. 603, 615, 119 S. Ct. 1692, 143 L. Ed. 2d 818 (1999) As the Supreme Court Explained in anderson the Right allegedly violated must be defined at the appropriate level of specifity before a court can determine if it was (clearly Established) <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) . if the law did not put the officer on notice that his conduct would be clearly unlawful, Summary Judgment based on Qualified Immunity is Appropriate (see <u>Malley v. Briggs</u>, 475 U.S 335, 341, 106 S. Ct. 1092, 89 L. Ed 2d 271 (1986) (Qualified Immunity protect "all but the plainly incompetent or those who knowingly violate The Law. In determining whether Jail Conditions violate 8 Amendment court of appeals need not separately weigh each of the challenged institutional Practices and conditions the court looks instead to the totality of condition. in Light of the new's Journal's investigation The Department countlessly affirmed condition in the Prison where plaintiff James here is incarcerated are indeed cruel and unusual (ID Exhibit D.) In <u>Alberdi v. Kleverkaper</u>, 790 F. 2d 1226 (5th Cir. 1986) (Assults Among inmates) It's constitutional Standards with Plaintiff's case and makes the plaintiff's claim apparent that a inmate is afforded Reasonable protection from assault by fellow Inmates

James Hall

James Hall
HSI paddock RD

12-19-05

DHb

"Constitutional Standard",

Alberti v. Klevenhagen, 790 F.2d 1220 (5th Cir. 1986) (Assaultings Among Inmates), Violence And Sexual Assaults Among Inmates may rise to the Level Rendering Conditions Cruel and Unusual

Jones v. Diamond, 636 F.2d 1364, 1365 (5th Cir. 1981) (en bank) (citing earlier v. Carson 56 Jx. 2d 741 (5th Cir. 1977)), william v. Edwards 547 F.2d 1466 (5th Cir 1997) cert denied Subcom. McShelon v. Jones, 453 U.S. 950, 101 S.Ct. 27, 69 L.Ed. 2d 1033 (1981). The Relevant inquiry "springs from constitutional approachs... Rather than a courts idea of how best to operate a detention facility." Bell v. Wolfish, 441 U.S. 320 539, 99 S.Ct. 1861, 1874, 60 L.Ed. 2d 447, 469 (1979). the district court expressly Recognized it's inerbl roll, it that Wigginton - 606 F.Supp. at 456-57 these limitations do not mean, however, that federal courts must adopt a "hand off" approach to problems of jail administration," Bell, 441 U.S. At 562, 99 s.Ct. 1861, 1874, 60 L.Ed.2d. At 488 there is no iRon curtain drown between the constitution and prisoners of this county," wolfish v McDonnell, 418 U.S. 539, 555-56, 94 S.Ct. 2963, 2974, 41 L.Ed.2d. 935, 950 (1974). "A prisoner whether already convicted of a crime or merely awaiting trial, does not shed all his constitutional Rights' when he puts on Jail clothing" Jones, 636.2d At 1368. We therefore next set out the standard used to draw the line between permissable Correctional officer unconstitutional conditions and impermissible Jail administration. The Eighth Amendment imposes the constitutional limitations upon punishments: they cannot be "Cruel and unusual." This is a flexible standard, no static test can exist by which courts determin whether conditions of confinement Are cruel and unusual, For the Eighth Amend, ment "Must draw it meaning from the evolving standard of decency that mark the progress of a maturing society" Rhodes v. Chapman 452 U.S. 337, 346, 101 S.Ct. 2392, 2398 69 L.Ed. 2d 59, 68 (1981)

, 356 U.S. 86, 101 78 S.Ct. 590, 598, 2L. Ed. 2d 630, 642 (1958)(
Plurity opinion). While the Eighth amendment determination must not
be merely a Judge's Subjective view, the Constitution contemplates
that ultimately a court own decision/Judgment will be Brought
to bear on the Question. Id. 452 · US. at 346, 101 S.Ct. At 2399,
69 L. Ed. 2d at 68-69. Jail conditions must not fall below
a minimum standard of decency Required by the Eighth amendment.
conditions which "alone or in combination, may deprive Inmates
of the minimal civilized measures of Life necessities.... could
be cruel and unusual under the contemporary standard of
decency... Id.

<u>Brief in support of Plaintiff Injunctive order</u>

Plaintiff Demonstrates that there is no material issue of
fact in dispute with Regards to the totality of conditions that
are dangerous to plaintiff and future new current DCC. population
Defendant admit At (Plaintiff Request for Admission At Item 26

Defendant David Holman. Et.al; admit, many acts of violence
at the (MHU) go unreported and undocumented for these reasons:
1) if a Inmate Reports violence by another Inmate, Inmates do
not want to be considered Snitches" and they often do not Report
violence

2) if an Inmate Reports violence, in which he is involved, Both
or and the other inmate will Recieve Misconduct Reports and will
be disciplined and transfered from (MHU) to (SHU)
(Segregation of the Highest Supervision) Id.

Farmer V. Brennan * at 845-846. prisoners who believe that his being subjected to substantial risk of serious injury due to officials failure to protect him from harm. is not required to wait for "Tragic event" such as an actual assault before obtaining relief, but may bring an injunction seeking. based on claim that officials are knowingly and unreasonable disregarding objectively intolerable risk of harm and will continue to do so (Id) AT. 4 paragraphs 12-19 )

The plaintiff specifically and with the appropriate particularity demonstrates fact that allow his claim for injunction relief to proceed.

The plaintiff Demonstrates that he and All outher Inmates At CDCC) face a pervasive risks of harm because they belong to a Identifiable Group singed out by the Religious Group

1. There is a Group that Masquerades as a Religious Group (I.e., The Muslims), These Individuals Recruite Inmates for purposes Of [Exstortion, Protection, Group Violence, Intimidation.] Inmates not Affiliated with this class. Are Reffored To As ("Cowards, I.e, Non-believers). And Are Singled out for Recruitment in an event 'a Crew-betwin). Refusses the advancement it is Most Likiliy they Aggessor will become Persistent And Practice's of Protection, Exceptance Ect. will Follow

with dual intention's plaintiff. Demonstrates that on 6-6-04 he was Subjected to the Group Violence of this classic gang Behavior. ID Complaint (D.I. 4 And D.I. 2 At p3)

The Inmate who plaintiff complained to defendants about belong's to this Group. The Analasis of 6-6-04 Suggest that The plaintiff was attacked (Twice) on Said Date Receiving a Serious injury The Defendants knew that the plaintiff faced a pervasive Rise of Serious Harm actual knowledge of this fact on the part of the Defendants is Supported by plaintiff's Severak Letter's to them informing them of Same and Asking for help with never came Also ID Item# (On D.I. 4 And D.I.2)

_James Hall_
1181 paddock RD Smyrna
Delaware D.C.C
James Hall pro se

12-19-05
_____
Date

3) if an Inmate report a violent incident, but theire is
neither a "witness" nor physical evidence of an assault
(Ie, Bleeding, cuts, Abrasions) of the reported violence, neither
Inmate is diciplined, leaving the victimized inmate labeled
as a smich creating a really Substantive Risk of further
Attempts on the victims safety

27th Item. The Defendant David Holman Et.Al, knew
that the plaintiff faced a pervasive Risk of harm

Item 29 The Defendant David Holman. Et.Al Subjected. plaintiff
To violent assault. and acknowledge. it is not part of the penalty
that criminal offend pay for these offences against society
Plaintiff has Demonstrated that he is incarcerated dide
conditions posing a substantial Risk of serious harm
as noted: plaintiff Suffered from a broken Right hand
And was liberally Defensless and Defendants were aware
of this fact and yet despite their knowledge they dis
Regarded the Excessive Risk to plaintiffs health and safety
Thus the plaintiff has suffered the unnecessary and
wanton infliction of pain in violation of the
Eighth amendment Id.

This Deliberate attitude of Defendant's David Holman
Et.Al. clearly Demonstrate that there is no
material issue in dispute and the plaintiff
is Entitled to a Judgment as a matter of law.

In The United States District Court

For the District of Delaware

James Hall )
)
Plaintiff, )
)
V. )
)
)
)
David Holman Et.Al, )
)
Defendants. )
)
)

C.A #No: 04-1328-GMS

Jury Trial of Twelve

Demanded

Affidavit of James Hall

Comes Now, The plaintiff James Hall
And states under penalty of perjury that the
Statements and facts made Herein Are true
And correct to the Best of affiants knowledge.

1) Defendants have not submitted an adequate factual case. (ID p.11 of plaintiff reply to Defendants Rule 12(b)(6) motion / summary judgment there is a Genuine factual issue on all points which plaintiff bear the Burden of proof)

2) plaintiff cannot submit the necessary Affidavits in opposition a motion for Summary Judgment. Plaintiff submits this instant affidavit

3) Asking this Honorable Court to Deny the summary Judgment motion because the plaintiff has not had an opportunity to complete Discovery, Defendant have not yet complied with plaintiffs Discovery request (A court should not Grant summary judgment against a party who has not had an opportunity to pursue Discovery or whose discovery request have not been answered. Schlachter V. Coughlin 993, F.2d 306, 309-10 (2d cir 1993)

when the facts are in the possession of the moving party, a continuance of a motion for Summary Judgment Should be granted as a matter of course Costlow v. United States 552. F.2d 560, 564 (3d cir. 1977); and Baker v. Mani island corrections center, 859 F.2d 124, 127, (9th cir 1988); Jackson v. Delaware 789 F.2d 301, 312 (5th cir 1986)

Wherefore, The plaintiff pray this Honorable
Court Deny Defendants Motion for Summary
Judgment / Motion to Dismiss and Schedule
this matter for Discovery

Plaintiff Seek pleading Leniency
under Haines v. Kerner

James Hall
JAmes Hall
1181 Paddock RD Smyrna 19977
D.C.C

12-19-05
Date:

In the United States District Court

For the District of Delaware

```
                              )
                              )
                              )
                              )
                              )
JAMES Hall,                   )
            Plaintiff          )          C.A.# 04-1328-GMS
V.                            )
                              )          Jory of Twelve
David Holman (Lawrence Maguyan )
And Deputy Warden Clyde A.    )          Demanded
SAgers                        )
            Defendants.        )
                              )
```

### AFFidAvit of JAMES Hall,

Come Now, The plaintiff JAMES Hall And States
Under penalty of perjury, being Competent To make
This declaration and Having personal knowledge of the
Matters Stated Herein, declares pursuant to 28 U.S.C.
§ 1746:

12-19-05

DATE

JAMES Hall pro se
1181 Paddock RD. Smyrna
Delaware D.C.C.

James Hall, being duly Sworn, deposes and says

1. I am the plaintiff in this case. I make this affidavit in support of my motion for Summary Judgment

2. On October 26, 2005. I served on the defendant counsel a request for production of Documents plaintiff Request for Interrogatories, and plaintiff Request for Admission . which is attached to this affidavit as Exhibit A

3. Defendant opposition to plaintiff's properly filed and legitimate discovery request offer only a vauge claim that discovery should not proceed because of their motion to dismiss. However no motion has yet been filed and plaintiff objected to this Frivolous non conforming letter. Which has no Certificate of Service. Also no affidavit as to Good faith efforts as Required by the Rule defendants failed to support their objection with pertinent factual allegations.

Defendants have not seen fit to property file a Motion
from protection of discovery; And Assuming arguendo
That the court considers defendants "non conforming" letter
To the Clerk of the Court Dale, November 2.2005 As a
Request for adjournment from discovery, it is nevertheless
improper for Several Reasons: The least of which being
defendants offer no persuasion or Justification for theirs, etcetera...
unorthodox And supercilious letter request, it is a nonconforming
Motion, And inappropriate under Fed.R.Civ.p 56 (f). (see Attached
B-1: Objection dated 11-9-05 with attached exhibits)
Moreover, The Court has not Granted defendant their
bad faith, non conforming request, And the defendants bear
The Results of their decision not to deny Admissions
And instead Attempt to Stace And otherwise frustrate the
progress of due instant non-frivolous Suit and plaintiff's
good faith, timely And necessary discovery Request.


Additionally matter. Defendants filed a formal opposition to
stay Plaintiff discovery. Moving plaintiff herein incorporate by
Reference his Argument set forth, in his Motion to Strike
Defendants Motion to Stay Discovery At Item 3 Defendants Abandoned
Their letter to incorporate by Reference their formal Request to
Stay Plaintiff's discovery until The Honorable court Rule on Their
motion to Dismiss The instant Agent is totaled the (30) day
has Elapsed And defendant failed to deny or admitte to
Plaintiff Admission in a timely manner.

## Certificate of Service

I, _James Hall_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _(2) Motion for Summary Judgment (Plaintiffs_

_____ upon the following

parties/person (s):

TO: _Lisa Barchi_                        TO: _____

_800 N. French Street, 6th Floor_    _____

_Wilmington, De 19861_            _____

_____       _____

_____       _____

TO: _____       TO: _____

_____       _____

_____       _____

_____       _____

_____       _____

**BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.**

On this _19_ day of _December_ ,200_5_

_James Hall_



UNITED STATES POSTAGE
$03.13⁰
02 1P
0002386401
DEC 20 2005

Office of the Clerk
844 N. King Street, Lockerbox 18
wilmington, De 19801-3570

I/M: John Pressman-Hall 300500
SBI# 16758 Unit WI-C-9
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977