# EXHIBIT A

M. JANE BRADY
ATTORNEY GENERAL

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

**NEW CASTLE COUNTY**
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630
TTY: (302) 577-5783

**KENT COUNTY**
102 West Water Street
Dover, DE 19901
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652
TTY: (302) 739-1545

**SUSSEX COUNTY**
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369
TTY: (302) 856-4698

PLEASE REPLY TO:
[New Castle County-Civil Division]

November 2, 2005

James Hall
SBI # 167581
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

***Re:*** ***James Hall v. David Holman, et al.***
***C.A. No. 04-1328-GMS***

Dear Mr. Hall:

State defendants have received your Request for Production of Documents and Request for Admissions. The State defendants have until December 12, 2005 to file an answer to your Complaint. The State defendants expect to respond to your Complaint with a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12. Responding to your discovery requests at this time is premature. One of the purposes of allowing a party the opportunity to file a Motion to Dismiss, is so that the Court may make a decision regarding the sufficiency of the plaintiff's claims before committing resources to the discovery process. Therefore, the State defendants oppose responding to the discovery requests until the Court has the opportunity to decide if your claims state a claim for which relief can be granted.

Accordingly, please accept this letter as the Defendants' opposition to exchange of discovery information or formulation of any discovery plan until decisions have been rendered on the Motion to Dismiss, which will be filed by December 12, 2005.

Sincerely,

Lisa Barchi
Deputy Attorney General

Xc: Clerk of Court

In The United States District Court
For the District of Delaware

James Hall,
Plaintiff

v.

David Holman Et. Al,
Defendants,

Case No: No. 04-1328-GMS
Request for production of Documents.

FILED
OCT 31 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD Scanned

Plaintiff's First Request for production of Documents

Pursuant to F.R.C.P. 26 And 34. plaintiff Request that the Defendants produce the Following documents. please produce the Documents to Plaintiff. The plaintiff Request Defendant produce documents Listed Herein within (30) day's, either by providing plaintiff with copies or by making Them Available To the plaintiff with and for inspection and Copying. At Delaware Correctional Center 1181 Paddock RD Smyrna 19977. (D.C.C.) Del.

Plaintiff, James Hall, does Hereby swear and certify under penalty of perjury that the instant Request for discovery is lawful, not improperly motivated and not unreasonably burdensome or exspensive.

Plaintiff seeks pleading leniency under Frazier v. South easter Penn. Trans. Auth., 785 F.2d 65 n.3 (3rd cir. 1986). And Haines v. Kerner, 404 U.S. 519 (1972) As a pro se incarcerated litigant and friend of the Court

James Hall
James Hall, pro se 167551
1181 paddock RD. Smyrna Del 19977

This 26 day of October, 05
Date

CERTIFICATE OF SERVICE

I, James Hall, hereby certify that I have served a true and correct cop(ies) of the attached: (2) Plaintiff's First Request for production of Documents upon the following parties/person(s):

TO: Lisa Barchi
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, De 19801

TO:

TO:

TO:

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977,

On this 26 day of October, 2005.

James Hall

In The United States District Court
For The District of Delaware

James Hall
Plaintiff,

v.

David Holman, Lawrence Mcguigan,
Clyde D. Sagers
Defendants.

Case No: # 04-1328-GMS

FILED
OCT 31 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

## Request for Admissions

Pursuant To Rule 36, fed, Rules of civil procedures. Plaintiff Request the Defendants To make the following Admissions within 30 day's After the Service of this Request.

1) It is Routine and established practice at Delaware Correctional Center Request for Reassignment to a specific cell, Tier, Building, or with specific cellmate are Disapproved.

2) it is the Routine and established practice at Delaware Correctional Center That prison official investigate to conclusion Each allegation of violence or threat of Violence in a Relatively Reasonable time frame at Delaware Correctional Center.

3) Emergency medical Grievances "(hereafter M.G.C.) Require the warden or the warden designee To Review for Determination and action if any within 24 Hrs all E.M.G. filed by Inmate

4) There is a policy, whether formal or informal That permits the medical care provider To Review E.M.G. however, absent follow-up or Supervision from the warden or prison staff in Contravention of E.M.G. Rule at Item #3

5) The purpose of an E.M.G. is to inform staff and medical care provider of an Emergency medical condition that Requires Immediate medical attention.

6) Despite Defendants being on notice of plaintiff's Serious medical condition (I.e, Broken Right Hand). filing an E.M.G. on feb 1, 2004 The policy at #3 They Recklessly Disregarded plaintiff's condition

7) Defendant took no action to Review E.M.G. for any Determination of seriousness of Ailment.

8) Defendants Clyde Sagers, David Holman, Lawrence McGuigan knew that plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it.

9) Defendants David Holman Et Al, collectively, knew deliberate indifference to substantial risk of serious harm to an inmate amount's to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

10) Plaintiff submitted a reasonable request to be moved laterally within the same security level. The request was lawful, not improperly motivated and not unreasonably burdensome or expensive. Defendant's disregarded the requests and plaintiff was attacked and suffered the loss of a tooth as a result of not being relocated laterally within the same security level.

11) Defendant. David Holman, Clyde D. Sagers, Lawrence Mcguigan, Defendant's intentionally ignored and failed to respond to a particular know threat to plaintiff. The failing to respond to substantial risk of serious harm and plaintiff has suffered unnessarily due to Defendants deliberate indifference.

12) Defendants David Holman Et.Al, were required and failed to take reasonable measures to guarantees the safety of inmates. Defendant David Holman Et Al, Defendant's conduct or lack of conduct demonstrates a knowing indifference to a substantial risk of serious harm to plaintiff.

13) Defendant's were aware of this objectively intolerable risk of harm and subjectively disregarded it.

14) Defendants, David Holman, Lawrence Mcguigan, Clyde D. Sagers. knew The Subjectively deprivation was sufficiently serious and was acted with deliberate indifference to Inmate health and safety in violation of the Eighth amendment to the United States constitution

15) The Defendants collectively bore an Affirmative obligation to provide protection from Assault by other Inmates but failed to Do So.

16) Plaintiff Submitted numerous Request over a period of Four, Five 4-5, months to be moved Laterally within the Same Security Level To Another Cell Defendant failure to Respond Reasonable has Resulted in permanent injury to plaintiff.

17) Random Assignment of cellmates is cruel and unusual punishment in violation of Plaintiff Clearly established Rights under the 8-14 Amendments.

18) Prison official David Holman. Et Al, were deliberate indifferent to Risk of Violence Arising From Random Cell Assignments.

19) Defendant David Holman. Et. Al, failure to use Available Classification information to determine cellmate compatibility Amounts To failure to protect in violation of Eight Amend. And Violates plaintiff's Clearly Established Rights.

20) The Department of Corrections prison officials are not forced to house it's prisoners Two men to a cell. Said housing plaintiff in this manner in a double cell Approx. 74 Square is unconstitutional and amounts to cruel and unusual punishment in violation of the Eighth Amendment.

21) These Cell's Approximately 74 square feet or less in size. in the maximum housing unit (MHU) were intended to house only one Inmate

22) Defendant David Holman. et.al. were deliberately indifferent to plaintiff in their failure to protect in that they failed to utilize any screening as a method of assessment of personal risk factors such as potential for suicide, propensity for violence victim potential Etc. Defendant failed to predict compatibility of Inmates

23) The only exception occurs if inmate identifies another inmate with whom he has a serious problem and then the potential victim is either forced to sign himself on protective custody, a more restrictive or punitive housing assignment or forced to remain within the Double celling with the Hostile inmate and To Take matters into his own hand's by any means nessessary

24) The guards in the control centers Can't see into the cells. Cell doors are solid, with a small narrow window and Two small vents. There is no inter-cell monitoring intercom system. The intercoms in the Day Room. The speaker and reciver for this system do not work and are outside the cells Requiring Inmates to Shout through the Cell's in order to attempt to get the attention of the Guard on duty wich is fruitless because guards are located Completely off the Tiers in the Hallway or an isolated inclosed concrete Bubble.

25) Defendants David Holman, Et.Al, Acknowledge that the (MHU) is an increasingly violent place with numerous assaults, Aggravated assaults, Fights and threatened bodily harm

26) Defendant David Holman, Et.Al, Admit, many Acts of violence at the (MHU) go unreported and undocumented for these, Reasons 1.) if a Inmate Reports violence by another inmate. Inmates do not want to be labled as snitches, and they often do not Report violence 2.) if an inmate Reports violence in which he is involved, Both He and the other inmate will Recive misconduct Reports and will be disciplined and Transfered from (MHU) Maximum Housing unit) To (SHU): Securied Hosing unit. (Segregation of the Highest Level of Supervision). 3.) if an Inmate Reports a violent incident, but their is neither a witness Nor Physical Evidence of an assault (I.E, Bleeding Cuts, Abrasions,) of the Reported Violence, neither inmate is disciplined, leaving the Victimized inmate Labled as a Snitch Creating a Really Substantial Risk of further Attempts on the victims safety

27) The Defendant David Holman Et.Al, Knew that the plaintiff faced a pervasive Risk of harm

28) Defendants David Holman, Lawrence Mcguigan, Clyde Sagers. were also Aware that plaintiff had a Broken Hand at all times Relevant to these Claims: and were Deliberately indifferent to To plaintiff's medical Condition. By Recklessly Disregarding plaintiff Condition. and failing to protect him from Violence And threatened Violence from Cellmate

29) The Defendant David Holman. Et.Al, Subjected. plaintiff to violent assaults. and Acknowledge. it is not part of the penalty that Criminal offender should pay for their offences against Society. plaintiff has Demonstrated That he is incarcerated under conditions posing a Substantial Risk of Serious harm as noted. plaintiff Suffered from a Broken Right hand and was literally defenseless and Defendants were aware of this fact and yet despite their knowledge they disregarded the excessive Risk to plaintiff health and Safety Thus plaintiff has Suffered the unnecessary and wanton infliction of pain in violation of The Eighth Amendment.

Plaintiff. James Hall. does hereby swear and certify under penalty of perjury that the instant Request for Admissions is lawful. not improperly motivated and not unreasonably burdensome or exspensive.

Plaintiff seeks pleading leniency under Frazier v. South Easter Plains, Trans Automobiles. 785 F.2d 65 n.3 (3rd cir 1986) and. Haines v. Kerner, 404 U.S. 519 (1972) as a pro se incarcerated litigant and friend of the court

James Hall
James Hall, pro se 167581
1181 Paddock Rd Smyrna. D.C.C.

This 26 day of October. 05

# Certificate of Service

I, James Hall, hereby certify that I have served a true and correct cop(ies) of the attached: (2) Request for Admissions upon the following parties/person (s):

TO: Lisa Barchi
Deputy Attorney General
820 N. French Street 6th Floor
Wilmington DE 19801

TO:

TO:

TO:

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 26 day of October, 2005

James Hall

In The united states District Court
For the District of Delawar

JAMES HALL
Plaintiff

V.

David Holman
Et. Al,

Defendants

CASE # NO: 04-1328-GMS

Plaintiff's Request for interrogatories

FILED
OCT 31 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff's Request for interrogatories BD scanned

Pursuant to F.R.C.P. 26 And 33, of the federal Rules of Civil procedures, pursuant To The Appropriate F.R.C.P. And all other case Authorities. The plaintiff Request for the Defendants Answer in writing and under oath The Following interrogatories within (30) day's of Service

1. State the Duties of Defendant Mr. David Holman, Mr. Lawrence Mcguigan, Mr. Clyde L. Sagers As they pertain to inmates care, Health, Safety

2. state the Duties of Defendants SUPRA As they pertain to responding To and monitoring inmate grievences and emergency medical grievances

3 State the names, Titles and Duties of All Staff members at the Delaware Correctional center who have responsibility for monitoring and Assignment of classification Housing and placement and Request's to be Relocated

9. Please identify All officials Responsible For formulating, implementing. And monitoring compliance with policies, procedures, and practices described in your Response to interrogatory # 3

10. please describe in As mutch Detail As possible The Complete circumstances Surronding your policies And procedures Against plaintiff on - 1-22-04

11. please State the name, Affiliation Title last know Address And last know Telephone number of each person who has knowledge of Any of the facts stated in your Response to interrogatory # 10

12. please describe in As mutch Detail As possible every policy, procedure And practice that governs The Sick call for Serious medical needs At Delaware correctional center

13. please identify each document As the term is defined in F.R.C.P. 34(A)(1). That evidence, mentions, or Refers to Any of the Facts stated in your Response To interrogatory # 10

14. please identify each person known to you and not otherwise identified in your Answer to these interrogatories who has provided any information or assistance of whatever nature of description Relating to any of your Answers To these interrogatories

15. please identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in plaintiffs complaint and state the information provided

Plaintiff James Hall does hereby swear and certify under oath penalty of perjury that the instant discovery request is careful not improperly motivated, and not unreasonably burdensome or expensive.

plaintiff seeks pro se pleading leniency under Haines v. Kerner 404 U.S. 519 (1972)

James Hall

James Hall pro, se 167551

1181 paddock Rd smyrna DE 19977

10-26-05

Date

CERTIFICATE OF SERVICE

I, James Hall, hereby certify that I have served a true and correct cop(ies) of the attached: (2) Plaintiff Request for interrogatories upon the following parties/person(s):

TO: Lisa Barchi
Deputy Attorney General
820 N. French Street, 6th floor
Wilmington Del 19801

TO:

TO:

TO:

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977,

On this 26 day of October, 2005.

James Hall