# EXHIBIT B

Case 1:04-cv-01328-GMS    Document 33-3    Filed 12/27/2005    Page 1 of 16

In The United States District Court
For the District of Delaware

James Hall,
   Plaintiff

v.                                         C.A. No. 04-1328-GMS

David Holman, Et.Al.,
   Defendants

## Objection

Pursuant to the Appropriate F.R.C.P. And all other case law authorities pursuant to F.R.C.P 26 and 33, of the factual Rules of civil procedure.

## Statement of facts

Defendants submitted a letter. Dated November 2, 2005 which Masquerades as Motion objecting to plaintiff's Discovery Request. Defendant only offer the court and plaintiff a vague claim that discovery should not proceed because of their motion to Dismiss. However no such motion has yet been filed. plaintiff would like to object to this FRIVOUS "non conforming" letter, which has no certificate of service as required by the court's Requirement All submission to be or Reflect proof of service. Also no Affidavit as to Goodfaith efforts As Required by the Rule Defendants failed to support their objection with pertinent factual allegations and on the absent motion to Dismiss, plaintiff must Reply Accordingly. plaintiff offers the following in support of his motion to object. Defendant Demurrer.

## Memorandum of law

A. Defendant are asking for protection via. a letter The F.R.C.P 26(C) states the moving party must confer and make attempts to contact plaintiff. Defendants have not made a Goodfaith effort nor have they made any attempp to contact Plaintiff and have not explained to the court why not Moreover. The Requisite is belied by their Shameless Delay tactic

1. [Defendants want to Dupe the court in fustrating plaintiff's Properly filed and Lagitimate Discovery Request they ERRoneously Belive that they can force plaintiff to prove his case at "the Complaint stage" without the Aid of Discovery]

2. Fact Ale in possesion of Defendants and it is Imppropriate under F.R.C.P. 56(F) to Deny a Ligitimate Discovery Request by a pro.se plaintiff who was considered a friend of this court. Our learned Jurist Judge JJ Longobarbi Ruled Accordouly. for a pro se Plaintiff Against Defendants to move for a protection order against Discovery. The Brown court Defendants also Requested protection from Discovery Until their Motion to Dismiss was ruled was Ruled upon. However the court Ruled against a motion to Dismiss And more importantly stated.

should it Appear from the Affidavits from a party Apposing a motion [plaintiff] that the party cannot for reasons stated present by Affidavit facts Essential to Justify the Party's opposition The Court may... order Depositions be Taken or Discovery to be had or may make other order As is Just. Jeron D. Brown V. Warden Sherese D. Johnson C.A. 96-184-CON

3. In other words Rule 56(E) Follows the Axion that it is Inappropriate to prohibit a Ligitimate discovery Request where- As here- The evidence etc. is in the possesion of Defendants (Please See Attached Affidavit A-2)

Wherefore, plaintiff James Hall does hereby swear and Certify under oath penalty of perjury that the instant Objection to Defendant opposition to plaintiff Discovery Request is lawful not improperly motivated, and not unreasonably burdensome or expensive

Plaintiff See, Pro Se pleading Leniency under Haines V. Horner 404 U.S. 519 (1972)

_____
James Hall, 167581
DCC. Delaware Correction Cent.
1181 paddock Rd Smyrna
Del 19977

11-44 05
Date

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JERON D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 96-184 LON |
| | ) | |
| WARDEN SHERESE B. JOHNSON,[1] | ) | |
| | ) | |
| Defendant. | ) | O R D E R |

1. Plaintiff has filed this action for declaratory, injunctive, and monetary relief due to alleged Eighth and First Amendment (through the Fourteenth Amendment) violations that occurred over the first weekend of March 1996. Plaintiff alleges that Housing Pod 1-E was subjected to lockdown starting at 10:00 p.m. on March 1, 1996, and that for three days and two nights he could not come out of his cell for showers, recreation, phone calls, religious services, or to submit grievances. Plaintiff alleges that he was subjected to unsafe and unsanitary conditions "forced upon us by Warden Mrs. Sherese B. Johnson."

2. Three motions are currently pending before the Court. Defendant has moved to dismiss the complaint (D.I. 11) and for a protective order (D.I. 23). Plaintiff has moved to correct deficiencies in his response to the motion to dismiss. (D.I. 26).

3. By letter dated February 13, 1997, Plaintiff requested that the Court consider a belatedly filed affidavit in

---

1. Defendant's name is actually Sherese Brewington-Carr.

1

opposition to the motion to dismiss. (D.I. 26). He asked the Court to consider his request to be "a motion to correct deficiencies by affidavit." (D.I. 26). Defendant has not opposed this request. The Court will grant Plaintiff's motion to correct deficiencies by affidavit and will, as a result, consider Plaintiff's affidavit (D.I. 28) in resolving the motion to dismiss.

4. Defendant has supported her motion to dismiss with the affidavit of Deputy Warden Raphael Williams. In an Order dated August 22, 1996, this Court held that "[i]n the event a motion to dismiss is filed accompanied by affidavit(s) or other matters outside of the pleadings, the motion will be treated as one for summary judgment under Federal Rule of Civil Procedure 56(c)." For that reason, this Court will treat the motion to dismiss as a motion for summary judgment.

5. The affidavit of Raphael Williams avers that there was no "lockdown" on the weekend in question. Deputy Warden Williams states that the logbook for March 1, 1996, indicates that at 10:11 p.m. the inmates on 1-E Pod were locked in to allow Booking and Receiving residents to sleep on the pod floor. (D.I. 12 at A-2). He disputes the allegation that Plaintiff was locked in his cell all weekend as alleged. In his affidavit, Deputy Warden Williams relates the normal procedure that is followed when Booking and Receiving inmates are housed in the day room of the pod, but he does not state that he has personal knowledge of what actually occurred on the first weekend in March 1996.

2

Instead, he relies on the logbook and the Shift Commander's Blotter.

6. Defendant has provided the logbook and Shift Commander's Blotter neither to this Court nor to Plaintiff. Plaintiff has indicated in his answering brief that he requires such information to rebut adequately the affidavit of Deputy Warden Williams. (D.I. 22 at 1). Moreover, in Plaintiff's affidavit he disputes the facts as recited in Deputy Warden Williams's affidavit and states that the logbooks and Shift Commander's Blotter will show the truth. Plaintiff believes that this discovery will demonstrate that a lockdown occurred on March 1-3, 1996, which resulted in the deprivation of his rights. Plaintiff requests that this Court deny the "motion for summary judgment" and order Defendant to reply to Plaintiff's requests for discovery.

7. Defendant has moved for a protective order, pursuant to Fed.R.Civ.P. 26(c), that discovery not be had until thirty days after the motion to dismiss is decided. In support of her motion, Defendant argues that "it is well settled that discovery is generally considered inappropriate while a motion which would be thoroughly dispositive of the claims and the complaint is pending. (D.I. 23). However, Fed.R.Civ.P. 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a

3

continuance to permit affidavits to be
obtained or depositions to be taken or
discovery to be had or may make such other
order as is just.

8. This Court will exercise its discretion to deny the motion to dismiss and to establish a schedule for discovery and the briefing of summary judgment motions. It simply seems inequitable to rule on the motion to dismiss, based at least in part about representations of what is contained in the logbooks and the Shift Commander's Blotter, without allowing Plaintiff access to those materials and other relevant discovery.

NOW, THEREFORE, IT IS ORDERED that:

1. Defendant's Motion to Dismiss (D.I. 11) is DENIED.

2. Defendant's Motion for a Protective Order (D.I. 23) is DENIED.

3. Plaintiff's Motion to Correct Deficiencies (D.I. 26) is GRANTED.

4. Defendant shall respond to all outstanding discovery no later than July 4, 1997.

5. All discovery shall be initiated so that it will be completed no later than August 12, 1997.

6. No party shall direct more than 35 written interrogatories to any other party, including each subpart as a separate interrogatory, or more than 35 requests for admissions to any other party, including each subpart as a separate request. The discovery already served counts toward those limitations.

4

7. All case dispositive motions accompanied by briefs not to exceed 15 pages and affidavits shall be served upon counsel and filed with the Court no later than September 2, 1997. Answering briefs not to exceed 15 pages shall be served and filed no later than September 23, 1997. Reply briefs not to exceed 7 pages shall be served and filed no later than October 3, 1997.

_____6/2/97_____       _____
                           Joseph J. Longobardi, D.J.

5

In the United States District Court
for the District of Delaware

James Hall,
    Plaintiff

v.

David Holman, Lawrence McGuigan
Clyde D. Sagers,
    Defendant

C.A. No 04-1328-GMS

## Affidavit of James Hall

Come now the plaintiff James Hall and states under penalty of perjury that the statements and fact made herein are true and correct to the best of affiants knowledge

A.2 The Discovery Sought is Relevant to the Claims and Defenses in the case.

Rule 26, Fed R. Civ. P. permits Discovery of matters "Relevant to the subject matter involved in the pending Action.... It is not grounds for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." In the discovery stage, Relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(footnotes omitted); Accord, Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D.Iowa 1992). Discovery Request Should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the Action." La Chemise Lacoste v. Alligator Co. Inc., 60 F.R.D. 164, 171 (D. Del. 1973). See Nash v. Theille, 743 F.Supp. 130 (E.D. Wis. 1990) (The plaintiff was entitled to an officers' urine test results, since the officers sobriety during the incident was an issue in the case

1 Each item Sought by the plaintiff is Relevant to the claims and defenses in the case.

A. Documents Relevant to past mistreatment of inmates by Defendant David Holman, Lawrence Mcguigan, Clyde D. Sagers

Item 9, 10, 11, of the plaintiff's Request. Any and all grievances seeks complaints or other Documents Recived by the Defendants or their Agents at Delaware Correctional Center Concerning mistreatment of inmates and any memorandums, investigative files, or other documents created in Response to such documents, since 1-20-04

Plaintiff, James Hall, does hereby swear and certifies under penalty of perjury that the instant Affidavit in support of plaintiff's objection to Defendants' opposition to plaintiff Discovery Request.

Plaintiff seeks pleading leniency under Frazier v. South Eastern Penns. Trans. Auto.; 785 F.2d 65 n.3 (3d cir. 1986). And Haines v. Kerner, 404 U.S. 519 (1972) as a pro se incarcerated litigant and friend of the court

_____                 11-19-05
James Hall                              Date
1181 Paddock Rd Smyrna
Delaware, 19977

In The United States District Court
For the District of Delaware

James Hall,
  Plaintiff

v.

David Holmun Et.Al.,

  Defendants,

Case No: 04-1328-GMS

Request for production of Documents.

## Plaintiff's First Request for production of Documents

Pursuant to F.R.C.P. 26 And 34 plaintiff Request that the Defendants produce the Following documents. please produce the Documents to Plaintiff. The plaintiff Request Defendant produce documents Listed Herein within (30) day's, either by providing plaintiff with copies or by making them available To the plaintiff with and for inspection and copying. At Delaware Correctional Center 1181 Paddock Rd Smyrna 19977. (D.C.C.) Del.

1. All documents that mention, contain, construe, or reffer to policies on staff supervision of inmates with threatened bodily harm at the Delaware Correctional Center

2. All documents that contain, mention, construe, or reffer to policies on responses to potential threats on inmate health or safety that are dire or obvious at the Delaware Correctional Center

3. All Documents that contain, mention, construe, or Reffer to to policies on Responses to Serious medical need that are dire, or obvious at the Delaware Correctional Center.

4. All documents that evidence, mention, or Refer to the Serious medical need of plaintiff James Hall on 1-22-04 including but not limited to medical Records, incident reports statement and other investigative material and Documents Relating to Subsequent staff discipline if any

5. Any and all policies directives or instructions to staff governing Threats of Bodily harm and Sick-Call procedures in general, and Segregation population

6. Any and all documents and reports conserning a disturbance in MHU 23-B tier on 6-6-04 including but not limited to, disciplinary charges, statement of witnesses, incident reports. Findings and conclusion of disciplinary hearing. Etc.

7. The complete contents of plaintiff's Delaware Correctional Center file including but not limited to disciplinary reports, incident reports, evaluations criminal justice information and medical and mental health records

8. All incident reports that evidence, mention, or refer to incidents of Assault Inmate-Inmate at the Delaware Correctional Center that have occurred from 1-20-03

9. All documents written or created since 1-20-04 that contain mention, construe, or refer to any inspection, inquiry, or complaint about inadequate staffing or supervision of (MHU 23.) Maximum Housing Unit Building #23, inadequate medical or substandard medical treatment and serious medical needs at the Delaware Correctional Center, whether formal or informal, official or unofficial including Inmate, Staff, Civilian Grievances, Complaints and Appeals and including Responses to such documents prepared by Delaware Correctional Center Staff or other agents

10. A listing of any and all past litigation that resulted in any Consent Decree and or favorable outcome of inmate plaintiffs whether published or not published which involve the condition of confinement, medical grievances or medical treatment issues and failure to protect.

11. Any and all policies, directives or instructions to staff governing inmate grievances and the institution duty regarding same

12. The complete contents of Anthony Coffield Delaware Correctional Center file including but not limited to Disciplinary reports, incident reports, Evaluation criminal justice information and mental health Records

Plaintiff, James Hall, does hereby swear and certify under penalty of perjury that the instant request for discovery is lawful, not improperly motivated and not unreasonably burdensome or expensive.

Plaintiff seeks pleading leniency under *Frazier v. Southeastern Penn. Tr. Auth.*, 785 F.2d 65 n.3 (3rd Cir. 1986). And *Haines v. Kerner*, 404 U.S. 519 (1972) as a pro se incarcerated litigant and friend of the court.

_____
James Hall, Pro Se 167551
1181 Paddock Rd. Smyrna Del.
19977

This 26 day of October
Date