In The United States District Court
For The District of Delaware

James Hall
  Plaintiff,

v.

David Holman, Deputy Warden
Lawrence Mcguigan, And
Acting Deputy Warden Clyde
Sayers
  Defendants.

C.A. No. 04-1328-GMS

Jury Trial of twelve Demanded

FILED
JAN 19 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff's Responds in Support of his Motion For Summary Judgment And Reply's to Defendants Motion in Support of their Motion for Dismissal And Answer to plaintiff's Motion for Summary Judgment.

---

1) Come Now plaintiff James Hall pro-se And responds To Defendants Reply in support of their Motion to Dismiss And Answer to plaintiff's Cross Motion for Summary Judgment

As a Matter of Law Defendants have failed to Adequately Respond To plaintiff's Motion for Summary Judgment at all

Memorandum of Law

-i-

A party is entitled to Summary Judgment only when the court concludes "That there is no genuine issue of material fact and that the party is entitled to Judgment as a matter of law" see Fed. R. Civ. P. 56(c). The moving party (plaintiff) has met this initial burden. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475. U.S. 574, 586 n. 10 (1986). Once the moving party has carried its initial burden, the nonmoving party "must come forward with specific facts showing that there is a genuine issue for Trial, Id. At 587." Facts that could alter the outcome are 'material', and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." <u>Horowitz v. Fed. Kemper Life Assur. Co. 57. F. 3d 300, 302 n. 1 (3d Cir 1995).</u> If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party has entitlement to Judgment as a matter of law. See <u>Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).</u> Defendants' fail to allege that any genuine issue of material fact exist and fail to address plaintiff's Summary Judgment

2). In the instant case there exist enough evidence to enable a Reasonable Jury to find for the plaintiff on the factual issue of actual knowledge. See <u>Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249 (1986)</u>

-2-

Specifically the necessary elements to plaintiff Claim have been Admitted by Defendants

3.) Consequently, plaintiff filed Admissions as part of discovery motion on or about October 26, 2005 And as a Result of defendants failure to deny And or Respond accordingly to these Admission Defendants have admitted them. Plaintiff Subsequently filed a motion for Summary Judgment on or about December 16, 2005 based on these Admission (See exhibit A And Exhibit B. Defendants Admitted to All the essential elements of plaintiff's Claim

4). For example, Admitted: (1) At Item # 8 Defendants Clyde Sagers, David Holman, Lawrence McGuigan knew that plaintiff faced A Substantial Risk of harm and Disregarded that Risk by failing to take Reasonable Measure to Abate it.

4T) For example Admitted (2) At Item # 13 And Item # 14

Defendants were aware of this objectively intolerable Risk of harm and Subjectively Disregarded it.

Defendants David Holman, Lawrence McGuigan knew the Objectively deprivation was sufficiently serious and has Acted with deliberate indifference in violation of the Eighth Amendment to the United States constitution.

-3-

42) (3) Admitted Item #11

Defendant David Holman, Clyde Sagers evidence disregard. Defendants intentionally ignored and failed to respond to a particular known threat to plaintiff. Thus failing to respond to substantial risk of serious harm. And plaintiff has suffered unnecessarily due to defendants deliberate indifference

~~Admitted~~ (4) Item #16

43)

Plaintiff submitted numerous request over a period of four-five 4-5 months to be moved laterally within the same security level to another cell Defendants failed to respond reasonable has resulted in permanent injury to plaintiff

-4-

Admitted

That Defendants David Holman Et. Al. collectively, knew deliberate indifference to substantial risk of serious harm to an inmate pursuant to cruel and unusual punishment in violation of the eighth amendment (see Exhibit A At Item # 9

Admitted

Defendants David Holman Et.Al, were required and failed to take reasonable measures to guarantee the safety of inmate Defendant David Holman; Defendants' conduct or lack of conduct demonstrates a knowing indifference to a substantial risk of serious harm to plaintiff see Exhibit A at # 10

5.

Plaintiff's claim requires the following elements a) a substantial risk of harm b) officials knowledge of that risk c) defendants failure to respond reasonably to the risk d) causation injury. Plaintiff's summary judgment lists the aforementioned admissions of which clearly meet these four elements, and as a matter of law plaintiff is entitled to a judgment in his favor based on the admissions. Defendants make no effort whatsoever to deny or respond to admissions and make no effort to answer or contest plaintiff's summary judgment. Moreover, defendants incredibly make an attempt to deny what they have - as a matter of law - already admitted, and further attempt to cloud the issues with smoke and mirrors in what amounts to a response to their motion to dismiss. Plaintiff believes that defendants' motion is legally frivolous based on their failure to defeat plaintiff summary judgment; however, assuming arguendo plaintiff will nevertheless respond to defendants remaining frivolous averments to clarify their distortion of the facts.

6.) With Regards to Item #2 of Defendants motion Defendants Claim is legally frivolous & factually incorrect [Specifically Defendants "stated: "Plaintiff again Claims the fracture of his "pinky finger" was a serious injury. while this injury may cause pain and discomfort, it can by no means be considered a serious injury"]

## Memorandum of Law

The Supreme Court stated. A medical need is serious if it is "one that has been diagnosed by a physician as requiring Treatment or one that is so obvious that a Lay person would easily recognize the necessity for a doctors attention" <u>Monmouth County Corr. Institutional Inmates v. Lanzaro</u> 834 F.3d 326, 347 C3dcir. 1987 Defendants position that a broken hand is not a serious Medical condition is simply absurd. plaintiff suffered a broken hand a) That Required treatment (b That was so obvious that a lay person could Easily Recognize need for a doctor (c The pain itself is a Satisfactory Cause of action with regards to a Subjective component of a eighth amendment claim d) A disability affects Normal daily function plaintiff suffered from all four of these Subjective elements

Moreover, Defendants Admitted to knowledge of plaintiff's serious medical condition [e.g. Broken Right hand]

-7-

Admitted

Defendants David Holman, Lawrence Mcgurgan, Clyde Sagers, were also aware that plaintiff had a broken hand at all times relevant to these claims and were deliberately indifferent to the plaintiff medical condition by recklessly disregarding plaintiff condition and failing to protect him from violence and threatened violence from cellmate. See Exhibit A #28

Admitted

The defendants; David Holman et al, subjected plaintiff to violent assault, and acknowledge it is not part of the penalty that criminal offenders should pay for their offences against society plaintiff has demonstrated that he is incarcerated under conditions posing a substantial risk of serious harm as noted, plaintiff suffered from a broken hand and was literally defenseless and defendants were aware of this fact and yet despite their knowledge they disregarded the excessive risk to plaintiff health and safety See Exhibit A #29

- 8 -

1.) At Item 7 [Defendant's] Claim: "The Supreme Court did not hold that prison officials should be able to read mail" at Paragraph -7-

And that "bickering" means a serious risk of substantial harm. At paragraph -9-

And used kept word such as "bickering," arguing, problems and confrontation at paragraph -3- And that the letter plaintiff submitted to defendants failed to put them on notice [i.e., knowledge of a substantial risk of harm] This is legally frivolous & factually incorrect. It is legally frivolous because as stated above (see Exhibit A At #8 Defendants already admitted it. It is further factually incorrect as follows: Defendants characterization ignores the Record & Attempts to piece meal & take plaintiff's letters out of context. The letter addressed to defendant Holman and Defendant Mygrigan needs to be Read in context pursuant to Fed. ~~Rules of evidence~~ and pro se pleading lenency under Haines V. Kerner 404 U.S. 519 (1977). This will allow a reasonable inference of the Requisite knowledge and any Reasonable juror could find for plaintiff on this issue that a Imminent danger was present and that Defendants were deliberate indifference to plaintiff's health and safety.

-9-

The Letter Addressed to Major Holman (Security Superintendent)

---

This letter would suggest "Dear Sir/Mrs, My Name is Jaymes Hall [PlACing defendant on Notice of a particular threat of harm] Coming from One Inmate to Another and Naming the Agressor Anthony Coppold Clarifying that previously plaintiff submitted a Request to be Relocated. Because plaintiff went to the Tier officer Asked to be Move. Sargent Sullivan on this occassion Told plaintiff to Coppel in Major Holman this letter clearly offers A designation of specific inmate who Represent a threat to plaintiff. Moreover plaintiff places Defendant holman on notice that plaintiff suffered from a broken Right hand And plaintiff clearly states ["I'm in no position to defend myself properly."] it's fair to say NO Reasonable person or Jury would believe that plaintiff was refering to Defending himself from "words", it clear that plaintiff was Afraid of his cellmate As previously Stated "Inmates don't want to be Labeled Snitches," despite this Label plaintiff need to go To the officials plaintiff is Pleading to Defendant holman who have the Authority to move plaintiff cautiosly within the same security And this letter was in the possession of defendant holman and he was actual knowledge of impending harm Easily preventable and Perfundorily Deny plaintiff (a culpable Refusal, conscious Refusal to prevent the pain inflicted upon plaintiff he simply failed to prevent it.

-10-

The letter to Lawrence McGuigan

Is even more intense than the previously submitted letter to Major Holman. This letter outlines several contacts with top level officials in regard to a specific threat of harm coming from one inmate against another inmate. This letter also offers a designation of specific inmate who represents a threat to Mr Hall (a inmate named Anthony Coffield ["specifically plaintiff alleges in the letter Dear Sir previously I've submitted a letter to Major Holman stating I'm having problems and confrontations from my cellie who is a problem inmate"]. This statement draws a reasonable inference of a hostile environment and an Imminent situation of danger clarifying Hall as a Potential victim and Placing Defendant McGuigan on notice of a substantial risk of serious harm. The letter further contends that Hall was afraid of his inability to protect himself from attack. Because plaintiff suffered from a fracture of his 5th metacarpal (i.e. serious injury) that effected his daily activities let alone a fight. The letter placing Defendant McGuigan on notice of a specific inmate who plaintiff felt strongly represents a threat to his safety. The fact that Hall wrote Deputy warden (Holman Supervisor) clearly demonstrates the necessity for intervention. This cause for communication is well expressed and requesting an investigation/consultation in regards to Halls allegations demonstrates the level of urgency in response to the substantial risk of harm facing Hall. The Response from Holman weren't reasonable and plaintiff explains in his complaint.

"That while the altercation with plaintiff cellmate escalated and became more violent (See complaint) page 2 paragraphs 8-9 the altercations were now physical. Intimidation (eg, pointing of a finger into the forehead or face of plaintiff, verbal threatening, spitting in plaintiff's face)[" clearly plaintiff states "I've been back here dealing with this handicap which limits my ability to protect myself from attack and asking for a investigation to plaintiff's allegation. Any reasonable person or juror could conclude that Defendant's David Holman, Lawrence McGuigan, Clyde Sagers had actual knowledge of a substantial risk of serious harm the evidence showing that a pervasive and well-documented and expressly noted by defendant of an attack easily preventable that was longstanding from 2-24-04 to current the Deliberate attitude of Defendant David Holman et al during the instant litigation and moreover Defendant now admitted that Anthony Coffield was found not guilty of assaulting staff in what I believe the 1st degree and glorifying this exoneration (see pay 3 paragraph 5 of defendant motion to Dismiss) The record indicates staff reported a consultation in regard to the matter forwards to Lawrence McGuigan plaintiff in the letter is contemplating criminal charges for fear the pervasive risk of harm would progress to an actual assault, which it did the circumstances suggest that the defendants David Holman et. al. Are being sued and has been exposed to information see exhibit C and Exhibit D concerning the risk and thus must have known about it. This evidence is sufficient to permit a Trier of fact to find that defendant had actual knowledge of the risk.

-11- continued

8.) At Item 3 of Defendants claim that plaintiff introduced unknown witnesses. This also is legally frivolous And a vain attempt to confuse the issue w/ smoke and mirrors. First it's legally frivolous because at the complaint stage a plaintiff does not need to prove his claims with any evidence, thus no excuse is necessary at the complaint stage. evidence in opposition to a motion to Dismiss is appropeat at this Juncture and not before. At complaint stage Moreover, Defendant shamelessly allude that plaintiff held back evidence and they try to insinuate that the plaintiff has created phantom witnesses, but this is their smoke & mirrors. Exposed to light, it quickly dissipates and becomes clear. The letters to Defendants are referring to the two "Notices" (i.e. a warning of a substantial and pervasive risk of serious harm) that plaintiff submitted prior to the assault. <u>Exhibit C and Exhibit D</u> However, Charles Daley is a witness to the Actual Assault As Are All the other witnesses

Daley & other witnesses do not Reference events prior to the date of the two letters (i.e. Are after 2-24-04, 3-30-04). They do Reference events thereafter and the actual assault. Therefore, these witnesses are not provided to establish the element of Defendants knowledge, but do go to Causation (i.e. that plaintiff was actually assaulted)

- 12 -

Plaintiff did indicate in his motion for appointment of counsel (attached as Exhibit E) "That inmates in nearby cells are witnesses, but obtaining affidavits will require the assistance of counsel, informing Defendants of potential witnesses. It is incredible that defendants would try to fault plaintiff for according to their perception not providing these witness statements earlier, but also opposed his request for appointment of counsel. Plaintiff specifically outlined the difficulty in obtaining these witness statements.

9). At Item #4 Defendants repeatedly account that plaintiff was attacked and suffered the loss of a tooth on 3-9-04 is factually incorrect

For example

Plaintiff's grammatical error in not inserting punctuation where needed has been amended to correct this deficiencie Plaintiff's amended complaint page 2 paragraph 7-8 [ ] [ ] on 3-9-04 In addition, plaintiff made subsequent references to the actual date of assault & resulting permanant injury (e.g. tooth loss) on some Eleven Occasions

[See original complaint page 3
[See plaintiff answer to defendant motion to dismiss four time on page 6, twice on page 10
[See affidavit of Spencer Hall once page 3
[See plaintiff motion for appointment of counsel Item 6 page 4, And the Record also Indicates the assault & permanant injury, which is all ignored. Defendants erroneously seize upon a grammatical error in the original-however corrected-complaint

and ignor the great big white elephant in their living room. Defendants lengthy diatribe is without merit.

10). Defendants' claim at Item #5 that Coffield presented no obvious warning signs to official regarding violence toward cellmates is legally frivolous and a conclusory allegation. It is legally frivolous because Defendants' admitted See Exhibit A Item #8 and plaintiff's two letters placed them on notice.

This claim is also factually incorrect and is conclusory in view of the limited record. plaintiff strongly suspects that there is a lot more to inmate coffield institutional behavior record and his mental stability. plaintiff did request additional records; mental health evaluations in his request for production of documents at Item #12.

11). Item #6 of defendants Motion is erroneous and wholly immaterial statement that evinces Defendants' slight of the hand tricks. it is a character Assassination that is immaterial and in violation of Fed. R. Evid., plaintiff is not the accused here. Nor has he had any substantial violation's in his institutional file plaintiff's institutional Record is "Flawless" and plaintiff is a model Inmate with exceptional rehabilitation and was enrolled in the Education programs. Defendant cannot attack plaintiff's character or habit to prove uncharged prior bad acts in an underhanded attempt to escape liability

d). with Regards to Item #7

Defendants again Rehash their strategy of cutting apart-piece-meal plaintiff's letters of notice and take words out of context. plaintiff established at Exhib A and exhibit B Above that (A) Defendants admitted to having Actual knowledge of a Substantial Risk of Serious harm ? (B) That a Reasonable Juror could infer that plaintiff faced a physical attack (Risk of harm) that he could not defend against with his broken hand, furthermore, the "compatability" that plaintiff speaks of is in Reference to an injunctive Relief that incourages consideration of cellmate compatability. It clearly does not go to whether or Not officials had sufficient knowledge

wherefore; all the Reason Stated herein and the Record, plaintiff Request this Honorable Court To enter an order granting Summary Judgment or partial Summary Judgment if appropriate in plaintiff's favor Deny Defendants's Motions And Appoint counsel to assist in Negotiating plaintiff's damages & injunctive Relief

Date: January 17, 2006

James Hall
James Hall pro. se
181 Paddock Rd Smyrna
19977

-15-

# Certificate of Service

I, JAmes Hall, hereby certify that I have served a true and correct cop(ies) of the attached (2) plaintiff's Respone in Support of his Motion for Summary Judgment and Response to Defendant Motion upon the following parties/person (s):

TO: Lisa Barchi
Deputy Attorney General
820 N. French Street 6th Floor
Wilmington DE 19801

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 17 day of January, 2006

James Hall



James [illegible] 10/[illegible]
1181 paddock Rd. Sergeants Del
Delaware Correctional Center 19977. w-c-9

Office of the Clerk
844 N. King Street, Lockerbox 18
Wilmington De. 19801-3570

U.S.M.S.
X-RAY

Legal Mail