# EXHIBIT A

In the United States District Court
For The District of Delaware

|  |  |
|---|---|
| James Abee,<br>  Plaintiff, | ) <br> ) <br> ) <br> ) <br> ) Case No.: # 04-1328-GMS |
| V. | ) |
| David Holman, Lawrence McGuigan,<br>Clyde D. Saquis<br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) |

BD scanned

## Request for Admissions

Pursuant To Rule 36, fed, Rules of Civil procedures. Plaintiff Request the Defendants To make the following Admissions within 30 days After the Service of this Request.

It is Routine and established Practice at Delaware Correctional Center

1) Request for Reassignment to a specific cell, Tier, Building, or with specific cellmate are Disapproved.

2) It is the Routine and established practice of Delaware Correctional Center That prison officials investigate to conclusion each allegation of violence or threat of violence in a relatively reasonable time frame at Delaware Correctional Center.

3) Emergency Medical Grievances ("hereafter E.M.G.") require the warden or the warden's designee to review for determination and action of any within 24 hrs all E.M.G.s filed by inmates.

4) There is a policy, whether formal or informal, that permits the medical care provider to review E.M.G. However, absent followup or supervision from the warden or prison staff in contravention of E.M.G. rule at Item # 3

5) The purpose of an E.M.G. is to inform staff and medical care provider of an Emergency medical condition that requires Immediate medical attention.

6) Despite Defendants being on notice of Plaintiff's Serious medical condition (I.E, broken Right r/Hand), filing an E.M.G. on feb 1, 2004 the policy at #3 They Recklessly Disregarded Plaintiff's condition

7) Defendant took no action to review E.M.G. for any Determination of Seriousness of Ailment.

8) Defendants Clyde Sagers, David Holman, Lawrence McGuigan knew that plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it.

9) Defendants David Holman Et Al. collectively, knew deliberate indifference to substantial risk of serious harm to pen inmate amounts to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

10) Plaintiff submitted a reasonable request to be moved laterally, within the same security level. The request was lawful, not improperly motivated and not unreasonably burdensome or expensive. Defendant's disregarded the request and plaintiff was attacked and suffered the loss of a tooth as a result of not being relocated laterally, within the same security level.

11) Defendant, David Holman, Clyde D. Sagers, Lawrence McGuigan, Defendant's intentionally ignored and failed to respond to a particular known threat to plaintiff. This failure to respond to substantial risk of serious harm and plaintiff has suffered unnecessarily due to Defendant's deliberate indifference.

12) Defendants David Holman Et Al., were required and failed to take reasonable measures to guarantee the safety of inmates. Defendant David Holman Et Al., Defendant's conduct or lack of conduct demonstrates a knowing indifference to a substantial risk of serious harm to plaintiff.

13) Defendant's were aware of this objectively intolerable risk of harm and subjectively disregarded it.

Defendants, David Holman, Lawrence Mcguigan, Cluk is-segm. knew the Substantial

14) deprivation was sufficiently serious and was acted with deliberate indifference to inmate health and safety in violation of the eighth amendment to the us & his state constitution.

15) The Defendants Collectively bore an affirmative obligation to provide protection from assault by other inmates but failed to do so.

16) Plaintiff submitted numerous requests over a period of four, five 4-5, months to be move cell-ally within the same security level to another cell. Defendant failure to respond reasonably resulted in permanent injury to plaintiff.

17) Random Assignment of cellmates is cruel and unusual punishment in violation of Plaintiff clearly established rights under the 8-14 amendments.

18) Prison official David Holman. Et al, were deliberate indifferent to risk of violence arising from Random Cell Assignments.

19) Defendant David Holman. Et. Al, failure to use available classification information to determine cellmate compatibility amounts to failure to protect in violation of Eight amend. and violates plaintiff's clearly established rights.

20) The Department of Corrections prison officials are not forced to house its prisoners two men to a cell. Said housing plaintiff in this manner in a double cell approx 7 sq. ft. is unconstitutional and amounts to cruel and unusual punishment in violation of the Eighth amendment.

21) These cells approximately 7 square feet or less in size, in the defendants housing unit (MHU) were intended to house only one inmate.

22) Defendant David Holman, et al. were deliberately indifferent to plaintiff in their failure to protect in that they failed to utilize any screening as a method of assessment of personal risk factors such as potential for suicide, propensity for violence, victim potential, etc. Defendant failed to predict compatibility of inmates.

23) The only exception occurs if inmate identifies another inmate with whom he has a serious problem and then the potential victim is either forced to sign himself on protective custody, a more restrictive or punitive housing assignment or forced to remain within the double celling with the hostile inmate and to take matters into his own hands by any means necessary.

24) The guards in the control centers can't see into the cells. Cell doors are solid with a small narrow window and two small vents. There is no intercell monitoring intercom system. The intercoms in the day room. The speaker and receiver for this system do not work and are outside the cells requiring inmates to shout through the cells in order to attempt to get the attention of the guard on duty which is fruitless because guards are located completely off the tiers in the hallway or an isolated enclosed concrete bubble.

25) Defendants David Holman, Et Al, Acknowledge that the (MHU) is an increasingly violent place with numerous assaults, aggravated assaults, fights and threatened assaults.

26) Defendants David Holman, Et Al, admit, many acts of violence at the (MHU) go unreported and undocumented for these reasons 1) If an inmate Reports violence by another inmate. Inmates do not want to be labeled as snitches, and they often do not report violence 2) If an inmate Reports violence in which he is involved, both he, and the other inmate will receive misconduct reports and will be disciplined and transferred from current (Maximum Housing Unit) to (SHU): Secured Housing unit. (Segregation of the Highest level of Supervision) 3.) If an Inmate Reports a violent incident, but there is neither a witness nor physical evidence of an assault (i.e., Bleeding cuts, Abrasions,) of the reported violence, neither inmate is disciplined, leaving the victimized inmate labeled as a snitch creating a really substantial risk of further attempts on the victims safety.

27) The Defendant David Holman Et. Al, knew that the plaintiff faced a pervasive risk of harm

28) Defendants David Holman, Lawrence McGuigan, Clyde Sagers, were also aware that plaintiff had a Broken Hand at all times relevant to these claims: and were deliberately indifferent to Plaintiff's medical condition. By recklessly disregarding plaintiff condition and failing to protect him from violence and threatened violence from cellmate

29) The Defendant David Holman, Et. Al, Subjected Plaintiff to violent assaults. And acknowledge it is not part of the penalty that criminal offenders should pay for their offences against society. Plaintiff has demonstrated that he is incarcerated under conditions posing a substantial risk of serious harm as noted. Plaintiff suffered from a Broken Right hand and was literally defenseless and defendants were aware of his fact and despite their knowledge they disregarded the excessive risk to plaintiff health and safety. Thus plaintiff has suffered the unnecessary and wanton infliction of pain in violation of the Eighth Amendment.

Plaintiff, James Hall, does hereby swear and certify under penalty of perjury that the instant Request for Admissions is lawful, not improperly motivated and not unreasonably burdensome or expensive.

Plaintiff seeks pleading leniency under Frazier v. South Eastern Plains, Trans Authorities, 785 F.2d 65 n. 3 (3rd Cir 1986) and Haines v. Kerner, 404 U.S. 519 (1972) as a pro se incarcerated litigant and friend of the court.

_James Hall_
James Hall, pro se 167581
1181 Paddock Rd Smyrna, D.C.C.

This 26 day of October, 05

## Certificate of Service

I, __James Hall__, hereby certify that I have served a true and correct cop(ies) of the attached: __(2) Request For Admissions__ _____ upon the following parties/person (s):

TO: __CSP Barchi__
__Deputy Attorney General__
__820 N. French Street 6th Floor__
__Wilmington DE 19801__

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __26__ day of __October__, 2005

__James Hall__