# EXHIBIT B

For the District of Delaware

James Hall,
    Plaintiff

v.

David Holman, Lawrence
Mcguigan And Deputy
Warden Clyde D. Sagers
    Defendant's;

C.A. # 04-1328-GMS

Jury Trial of Twelve Demanded

Plaintiff's Motion for Summary Judgment Against Defendant's David Holman Et.Al; in Support of his motion plaintiff offers the following: Pursuant to Rule 36(A) Fed.R.Civ.P And Rule 56(C) of the Fed.R.Civ.P.

Comes Now, The plaintiff, James Hall. pro se and Moves This Honorable court to Grant plaintiff's motion for Summary Judgment. Because there is no Genuine issue As to Any material fact And that the moving party is entitled to A Judgment as a matter of law

<u>Legal Standard</u>

1. The Rule States that if a Request for Admission is not timely answered, The matter is deemed Admitted Rule 36(A) Fed.R.Civ.P.

Request For Admission, which ask the opposing party to Admit or deny the truth of particular facts, that have been Admitted Are Binding Rule 36(b) Fed.R.Civ.P. [if a party objects to a Request, he must specifically state the Reason for the objection. The State Defendants "non conforming" letter-motion, Dated November 9, 2005 (ID). In plaintiff objection he Alleges that state defendants failed to support their claim as Required by Fed.R.Civ.P. 26(c) The Moving party must confer and make good faith effort to contact plaintiff and must submit by Affidavit with pertinent factual allegation and on the Absent motion to Dismiss. The requisite is belied by their Shameless Delay tactic. [Request for Admission can be Served at Any time during Litigation. The opposing party has (30) days After service to answer or object

Additionally, plaintiff Alleges in his objection [Defendants want to Dupe the court in frustrating plaintiffs properly filed And Legitimate discovery Request. At A2. of plaintiff objection he has presented fact that support his position with Case law. Demonstrating That under Fed.R.Civ.P. 56(f) And it follow the axiom that it is Inapporpriat to prohibit a legitimate discovery Request Where-As-here the evidence etc. is in possesion of Defendant. plaintiff filed an Affidavit Demonstrating this fact. Defendants Are Seeking protection from discovery and this Honorable court has not granted Defendant protection from plaintiff Discovery Request. Defendant failed to Timely Respond to plaintiffs Discovery Request I.e. Request for production of Documents, Request for Admission, Request for interrogatories, (ID) certificate of services, moreover plaintiff has allowed 15 day grace period.

Summary Judgment is Governed by Rule 56 of the Federal Rules of Civil procedures. Under that provision Summary Judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions of file, Together with the Affidavits... show that there is no genuine issue as to any material fact and that the moving party is entitled to a Judgment as a matter of law." Fed.R.Civ.p. 56(C); See Celotex Corp. v. Catrett, 477 U.S. 317, 322 106 S.Ct. 2548, 2552 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10 (1986). Security insurance Co. of Hartford v. Old Dominion Freight Line, Inc., when Summary Judgment is Sought, The moving party bears an initial burden of Demonstrating that there is no Genuine dispute of material fact to be decided with Respect to any essential Element of the Claim in issue; The failure to meet this burden warrants Denial of The Motion. Anderson, 477 U.S. at 250 n. 4, 106 S.Ct. At 2511 n. 4. Security insurance, 391 F.3d at 83. in the event this initial burden is met, The opposing party must show, through Affidavits or otherwise, That there is a material issue of fact for trial [FN1] Fed R. Civ.p 56(C); Celotex, 477 U.S. at 324, 106 S.Ct. At 2553; Anderson, 477 U.S. at 250, 106 S.Ct. At 2511 [FN1]. A material fact is Genuinely "in Dispute" if The Evidence is Such that a Reasonable Jury could Return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S.Ct. At 2510.

Defendants Admit And plaintiff Demonstrates that there is no material issue of Fact in Dispute with Regards To The First (1) Essential Element of the plaintiff's Claim.

<u>Substantial Risk of harm</u>:

At Item #8 of the plaintiff's (Request For Admission.) defendants Admitted that they knew plaintiff faced a substantial Risk of harm (ID). Moreover, they knew plaintiff faced a Substantial Risk of harm and Disregarded that Risk by failing to take reasonable measures to abate it. C Also ID, #12 #11

<u>Official knowledge of that Risk</u>: official David Holman Et Al; Admit And plaintiff Demonstrates that there is no material issue of Fact in Dispute with Regard to the Second (2) Essential Element of the plaintiff's Claim. It is Clearly undisputed that Defendant Possesed Actual knowledge of the pervasive Risk of harm to plaintiff (ID. DI.4. At Item #6 and Exhibit A, Exhibit B. Memorandum order From Clyde A. Sagers. Dated May 17, 2004.

<u>Officials failure to Respond Reasonable to the Risk</u>: official David Holman Et Al; Admit and plaintiff Demonstrates that there is no material issue of fact in dispute with Regards To The Third (3) Essential Element of the plaintiff's Claim. Defendants Admitted At Item #11 (Defendant David Holman, Clyde D. Sagers, Lawrence Mcguigan Defendant's intentionally ignored and failed to Respond To a particular know threat to plaintiff. Thus failing to Respond To Substantial Risk of Serious harm, and plaintiff has suffered unnecessary and To Defendants Deliberate indifference. (ID)

officials David Holman Et.Al; Admit and plaintiff Demonstrates that there is no material issue of fact in dispute with regards to the fourth (4) Essential Element of plaintiff claim. <u>Causation And Injury:</u> Defendants Admit At Item # 16 plaintiff submitted numerous request over a period of 4, 5, months to be moved laterally within the Same Security level to another cell. Defendant failure to Respond Reasonable has Resulted in permanent injury to plaintiff. (I) Physical injury, necessary to support claim against prison official for failure to protect under Requirement of (PLRA): Requires observable or diagnosible medical condition Requiring treatment by medical care professional; injuries treatable at home and with over the counter drugs heating pads rest and similar methods do not fall within parameters of Requirement 42.U.S.C.A. 1997(e) (ID DI.4 App 3. Appropriat de minimus standard is whether injury is of nature that would require Free-world person to visit emergency Room or have Doctor attend to, give opinion, diagnosis or medical treatment for injury or whether home treatment would Suffice <u>Luong v Hott</u> 979.F.Supp. 481 * 486.

To be cruel and unusual punishment, conduct which does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoners interest or safety. It is obduency or wantonness, not inadvertence or error in good faith, that characterized the conduct prohibited by the Cruel and unusual punishment clause. <u>Whitley v. Albers</u> 475 U.S. 312, 106 S.Ct. 1078. At 319). Defendants Admit at # 16 of plaintiff Request for Admission. The physical pain, mental anguish, fright and shock, Embarrassment, humiliation or mortification, phycological injury inflicted upon plaintiff Demonstrates the Requisite mental state for a finding of Deliberate indifference

Defendant's Claim pt. 8 of their Motion to Dismiss

Plaintiff fail to show either Actual knowledge or a substantial risk of harm Reason. being that Defendant (stamped Recited) and admit to actual knowledge. David Holman, placed his initials by his Name ID) And Defendant Holman has actual knowledge of the Danger. Defendants Mcguigan, Sagers ID Recited XC Deputy Warden 1, Initial; Carlton Sagers, Recited Security Defendant have actual knowledge and also admit (plaintiff Request for Admission Item # 8" #12), Defendants failed to take Reasonable measure to guarantee the safety of inmate, Defendants conduct or lack of Conduct demonstrate a knowing indifference to a substantial Risk of serious harm to Plaintiff# 2, Defendant Clyde Sagers, David Holman, Lawrence Mcguigan knew that plaintiff faced a substantial risk of harm and disregarded that Risk by failing to take Reasonable measure to abate it. ID #8) (of plaintiff Request for Admission). Defendants claims that plaintiff, in his complained that prison officials, should have known of a Risk at 26;, Defend Misrepresent the courts ruling (court found that it does not amount to deliberate indifference if an official fails to alleviate a significant threat that he should have identified but failed to find Farmer, 511 U.S. at 837-838, Rather the holding is. But an officials failure to alleviate a significant Risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment. The instant case, plaintiff complained about not being able to protect himself from attack and asking officials to move him, would suggest, fear, misery And asking for Intervention A.SAP. "As Soon As possible" ID.

Defendant's claim in their Motion to Dismiss p. 9

## Defendants Are Immune in their Official Capacities

A suit against State officials in their official capacities is treated as a suit against the state Hafer v. Melo, 502 U.S. 21 (1991). Qualified immunity does not protect municipalities or officials sued in their official capacities, Owens v. City of Independence 445 U.S. 622, 100 S.Ct. 1398 (1980); Moon v. Morgan, 932 F.2d 1553, 1556 (11th Cir. 1991); P.C. v. McLaughlin, 913 F.2d 1033, 1039 (2d Cir. 1990). Plaintiff seeks injunctive relief requiring prison officials to use available inmate classification information and procedures to predict compatibility of incoming cellmates for double celling because current random assignment of cellmates substantially increase risk of violence, in violation of the Eighth Amendment (ID DI. 16 and DI. 2 # 18). Defendants are not entitled to Qualified Immunity in the instant case.

However the plaintiff claim is brought against defendants in their individual capacities the Eleventh amendment does not bar damages suits against them for deprivation of federal rights caused by those official under color of State Law, Scheur v. Rhodes 416 U.S. 232, 238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974); Ex Parte Young, 209 U.S. 123, 159-66, 28 S.Ct. 441, 453-54, 52 L.Ed. 714 (1928)(a nominally-suit against an individual official, however nevertheless may be viewed as one against the State if the Suit seeks damages from the State treasury See Kentucky v. Graham, 473 U.S. 159, 165-66 & n.11, 105 S.Ct. 3099, 3104-05 & n.11, 87 L.Ed.2d 114 (1985); Brandon v. Holt, 469 U.S. 464, 470-71 & n.8, 105 S.Ct. 873, 877 & n.15, 83 L.Ed.2d 878 (1985); Harris v. Pernsley 755 F.2d 338, 348 (3d Cir. 1985) The Eleventh Accordingly provides no shield in this case, Defendants where relief is sought, David Holman Et.Al, Plaintiff seeks damages from Defendants not from the State treasury.

The Relevant Dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted see <u>Wilson v. Layne</u>, 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) As the Supreme Court explained in Anderson the right allegedly violated must be defined at the appropriate level of specifity before a court can determine if it was (clearly Established) <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). if the law did not put the officer on notice that his conduct would be clearly unlawful, Summary Judgment based on Qualified Immunity is appropriate (see <u>Malley v. Briggs,</u> 475 U.S 335, 341, 106 S.Ct. 1092, 89 L.Ed 2d 271 (1986) (Qualified Immunity protect "all but the plainly incompetent or those who knowingly violate the law. In determining whether Jail condition violate 8 Amendment Court of appeals need not separately weigh each of the challenged institutional Practices and conditions the court looks instead to the totality of condition. In light of the New's Journals investigation The Department countlessly affirmed condition of the prison where plaintiff James Hall is incarcerated are indeed cruel and unusual (ID Exhibit D.) In <u>Alberti v. Klevenhagen</u>, 790 F.2d 1220 (5th Cir. 1986) (assults among inmates) It's constitutional standard with preexisting caselaw make the plaintiffs claim apparent that a inmate is afforded reasonable protection from assault by fellow Inmates.

## "Constitutional Standard"

Alberti v. Kleverhagen, 790 F.2d 1220 (5th Cir. 1986) (Assaulting among Inmates), Violence and Sexual Assaults Among Inmates may rise to the level rendering conditions cruel and unusual

Jones v. Diamond, 636 F.2d 1364, 1365 (5th Cir. 1981) (en banc) (citing Miller v. Carson, 563 F.2d 741 (5th Cir. 1977)), Williams v. Edwards, 547 F.2d 1166 (5th Cir. 1977) (cert denied sub nom. Middleton v. Jones, 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981). The relevant inquiry "Springs from Constitutional requirements... Rather than a courts idea of how best to operate a detention facility." Bell v. Wolfish, 441 U.S. 320 539, 99 S.Ct. 1861, 1874, 60 L.Ed.2d 447, 469 (1979). The District court expressly recognized its limited role in that litigation. 600 F.Supp. at 456-57 These limitations do not mean, however, that federal courts must adopt a "hands off" approach to problems of Jail administration." Bell, 441 U.S. at 562, 99 S.Ct. 1861, 1874, 60 L.Ed.2d at 488. There is no iron curtain drawn between the constitution and prisoners of this county," Wolff v. McDonnell, 418 U.S. 539, 555-56, 94 S.Ct. 2963, 2974, 41 L.Ed.2d. 935, 950 (1974). "A prisoner whether already convicted of a crime or merely awaiting trial, does not shed all his constitutional rights when he puts on Jail Clothing" Jones, 636 2d at 1368. we therefore next set out the standard used to draw the line between permissible correctional officer unconstitutional conditions and impermissible Jail administration. The Eighth Amendment imposes the constitutional limitations upon punishment: they cannot be "Cruel and Unusual." This, is a flexible standard, no static test can exist by which courts determine whether conditions of confinement are Cruel and unusual, for the Eighth Amendment "must Draw it meaning from the evolving Standard of decency that mark the progress of a maturing Society" Rhodes v. Chapman 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59, 68 (1981) (quoting Trop v. Dulles,

, 356 U.S. 86, 101 78 S.Ct. 590, 598, 2 L.Ed.2d 630, 642 (1958)(Plurality opinion). While the Eighth amendment determination must not be merely a Judge's Subjective view, the constitution contemplates that ultimately a Court own decision/Judgment will be brought to bear on the question. Id. 452 U.S. at 346, 101 S.Ct. At 2399, 69 L.Ed. 2d at 68-69. Jail conditions must not fall below a minimum Standard of decency required by the Eighth amendment. conditions which "alone or in combination, may deprive inmates of the minimal civilized measures of life necessities.... can't be cruel and unusual under the contemporary Standard of decency... Id.

<u>Brief in Support of Plaintiff Injunctive order</u>

Plaintiff Demonstrates that there is no material issue of fact in dispute with regards to the totality of conditions that are dangerous to plaintiff and future and current DCC. population Defendant Admit At (Plaintiff Request for Admission At Item 26

Defendant David Holman. Et.Al; Admit, many acts of violence at the (MHU) go unreported and undocumented for these reasons:
1) if a Inmate reports violence by another Inmate. Inmates do not want to be labeled "Snitches" and they often do not report violence
2) if an Inmate reports violence, in which he is involved, Both he and the other inmate will receive misconduct Reports and will be disciplined and transferred from (MHU) to (SHU) (Segregation of the Highest Supervision) Id.

The plaintiff Demonstrates that he and all other Inmates At (DCC) face a pervasive Risks of harm because they belong to a Identifiable Class Singled out by the Religious Group.

1. There's a Group that Masquerades as a Religious Group (i.e., The Muslims). These Individuals Recruits Inmates for purposes of [Extortion, Protection, Group violence, Intimidation]. Inmates not Affiliated with this class are Reffered to as (Coufars, i.e., non-believers). And are Singled out for recruitment in an event a (non-believer) Refusses the advancement it is most likely they Aggressor will become persistent and promise's of Protection, Exceptance Ect. will Follow

with dual intention's plaintiff. Demonstrates that on 6-6-04 he was Subjected to the Group Violence of this classic Gang behaviour. ID complaint (D.I.4 And D.I.2 A#3)

The Inmate who plaintiff complained to defendants about belong's to this group. The attacks of 6-6-04 suggest that the plaintiff was attacked (Twice) on said Date Receiving a Serious injury. The Defendants knew that the plaintiff faced a pervasive Risc of Serious harm +/c/ual knowledge of this fact on the part of the Defendants is supported by plaintiff's several letters to them informing them of Same and Asking for help which never came Also ID Item# (64 D.I.4 and DI.2)

_____
James Hall
1181 Paddock Rd Smyrna
Delaware D.C.C.
James Hall pro/se

12-16-05
_____
Date

3) if an Inmate reports the but incident, but there is neither a "witness" nor physical evidence of an assault (ie, Bleeding, cuts, abrasions) of the reported violence, neither Inmate is disciplined, leaving the delivered inmate labeled as a snitch creating a really substantial risk of further attempts on the victims safety.

27th Item. The Defendant David Holman Et. AL, knew that the plaintiff faced a pervasive Risk of harm.

Item 29 The Defendant David Holman Et. AL subjected plaintiff To violent assault. And acknowledge, it is not part of the penalty that criminal offenders pay for their offences against society. Plaintiff has demonstrated that he is incarcerated side conditions posing a substantial risk of serious harm as noted: plaintiff suffered from a broken right hand And was literally, defenseless and defendants were aware of this fact and yet despite their knowledge they disregarded the excessive risk to plaintiff's health and safety thus the plaintiff was suffered the unnecessary and wanton infliction of pain in violation of the Eighth Amendment. Id.

This Deliberate attitude of defendants's David Holman Et. AL, clearly demonstrate that there is no material issue in dispute and the plaintiff is entitled to a Judgment as a matter of law.