# EXHIBIT E

In the United States District Court
For District of Delaware

)
)
James Hall, plaintiff              )        C.A.#: 04-1328-GMS
)
)
v.                                 )
)
David Holman Et.Al;                )
)
        Defendants                 /

Memorandum of Law in support of the plaintiff's motion
    For the Appointment of Counsel
_____

Statement of the case:

This is a civil Rights case filed under 42 U.S.C. § 1983 by a State prisoner And Asserting Claims for the unconstitutional Subjection of cruel And unusual punishment. Harsh condition of confinement posing a substain Risk of Serious harm. And The plaintiff seeks Damages As to all Claims and an injunction to ensure prison officials To use available inmate classification information And procedure to predict compatibility of incoming cellmates for double celling because current Random assignment of cellmates substantially increase Risk of violence in violation of the Eighth amendment.

## Statement of fact

The complaint alleges that the plaintiff was assaulted by his cellmate, receiving a serious injury (ie. the lost of a tooth") he was examined by the DCC Hospital. where emergency treatment was performed to try and save the tooth. To no avail, and loosened several other teeth. The Head nurse put the plaintiff down for "Emergency Dental" the plaintiff informed Defendants that he was not physically able to defend himself because he suffered from a broken right wrist and asked to be relocated to another cell because my cellmate a very dangerous inmate was threatening bodily harm to plaintiff and the altercation occurred on a daily basis and because more and more violent plaintiff made repeated requests to be relocate to David Holman (security superintendent) (Clyde D. Sagers Acting Deputy warden 1) (certain personal) deputy warden The plaintiff on 6-6-04 was violently attacked by (Jennah (complained of) "Anthony Coffield" Defendant, David Holman, was responsible for plaintiff's cell assignment Defendants. David Holman et.al, with requisite state of mind, knew that plaintiff faced a substantial risk of serious harm also knew and disregarded an excessive risk to plaintiff's health or safety and disregarded that risk by failing to take reasonable measures to abate it. The plaintiff has suffered the unnecessary and wanton infliction of pain in violation of the eighth amendment. Defendants were aware of this objectively intolerable risk of harm and subjectively disregarded it. The subjectively deprivation was sufficiently serious and the official was acted with Deliberate indifference to inmate health or safety. The Defendant bore an affirmative obligation to provide protection from assault by other inmates but failed to do so.

## Argument

The Court Should Appoint Counsel for the plaintiff

In deciding whether to appoint counsel for an indigent litigant, the Court should consider "the factual complexity of the case, the Ability of the indigent to investigate the facts, The existence of conflicting testimony, the Ability of the indigent to present his claim and the complexity of the legal issues". Abdullah v. Gunter, 949 F.2d 1032, 1055 (8th cir. 1991)(citation omitted), Cert. denied, 112 S. Ct. 1995 (1992). In addition, Courts have suggested that the most important factor is whether the case Appears to have merit. Cooper v. Sargeli Co; Inc 877 F.2d 170, 173 (2d cir. 1989). Each of those factors weigh in favor of Appointing counsel in this case.

1. Factual Complexity. The plaintiff Alleges that several Top level Correctional Supervisory officials failed to provide protection from assault from a fellow inmate. He Also Asserts The Defendants whom were prison supervisors were on notice of the violent propensities of plaintiff's cellmate and did nothing About it. He challenges the condition of confinement of with he is confined. The sheer number of claims and defendants makes this a factually complex case.

2. The plaintiff's ability to investigate    the plaintiff potential witnesses is locked up in punitive segregation. Plaintiff has no ability to investigate the facts. For example, he is unable to identify, locate and interview the inmates who were housed in nearby cells and who saw some or all the event of 6-6-04. He is in the same situation As an inmate who has been Transferred to a different institution, a factor that several courts have cited in appointing counsel. Tucker v. Randall, 948 F.2d 388, 391-92 (7th cir 1991); Gibson v. (Sequin?), 679 F.Supp. 270, 273 (W.D.N.Y. 1958), Fausberg v. Snyder, 103 F.R.D. 96, 105 (E.D.W.S. .484).

In Addition, This case will require considerable discovery concerning the Identity of witnesses, The officers' reports and statement about the incident, the history of the officers with prior records of failure to protect and the plaintiffs medical history. See Tucker v. Dickery, 613 F.Supp. 1124, 1133-34 (W.D. W.S. 1985) (Need for discovery Supported appointment of counsel).

3. Conflicting testimony. The plaintiff account of his being subjected to a substantial risks of serious harm and Defendants being aware of that risk most certainly be and is squity in conflict. This aspect of the case will be a credibility contest between the defendant and plaintiff (and such inside witnesses as can be located). The existence of these credibility issues Supports the Appointment of counsel. Gatson v. Coughlin 879 F.Supp. 970, 973 (W.D. N.Y. 1985).

4. The Ability of the indigent to present his claim. The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Whisenant v. Yuam, 739 F.2d 160, 163 (4th cir. 1984). In Addition he has limited access to legal material. Rayes v. Johnson, 969 F.2d 700, 703-04 (8th cir. 1992 (Citing lack of ready access to a legal Library as a factor supporting appointment of counsel).

5. legal complexity The number of defendant "whom are supervisory officials", presents complex legal issues of determining which defendant were sufficiently personally involved in the constitutional violation To be held liable.

6. _Merit of the Case_. The Plaintiff's Allegation, if proved, clearly, would establish a Constitutional violation. The failure of Defendant to Act on a Substantial Risk of harm made obvious in as much as the plaintiff was presented Exhibits establishing that the Defendant knew that the Plaintiff faced a pervasive Risk of harm. Actual knowledge of this fact on the part of the Defendant is supported by Plaintiff several letters to prison official informing them of same and asking for help. The injurious beating alleged in the complaint on 6-6-04 clearly states an Eighth amendment violation See FARMER V. BRENNAN, ___ U.S. ___ 114 S. Ct. 835 836 Requirement that prison official show "deliberate indifference" to prisoners, in order to be liable for failure to prevent harm, is satisfied by something less than Acts or omissions for the very purpose of causing harm, or with knowledge that harm will result.

## Conclusion

For the foregoing Reasons, the Court should grant the plaintiff's motion And appoint counsel in this case

Date: _____

James Hall, proc, se 167551
1181 Padlock Rd. Smyrna Del
19977