IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HALL, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) Civil Action No. 04-1328 GMS <br> ) <br> DAVID HOLMAN, LAWRENCE, ) <br> MCGUIGAN, and DEPUTY WARDEN ) <br> CLYDE D. SAGERS, ) <br> ) <br> Defendants. ) | |

**ORDER**

WHEREAS, on October 4, 2004, James Hall ("Hall") filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983, against David Holman ("Holman"), Security Superintendent, Lawrence McGugan [sic] ("McGugan"), Deputy Warden, and Clyde D. Sagers ("Sagers"), acting Deputy Warden (collectively, the "defendants");

WHEREAS, the complaint alleges that the defendants placed him in a cell with a violent inmate for over three months, thereby failing to protect him from an assault, and violating his Eighth Amendment rights;

WHEREAS, on October 31, 2005, Hall filed a motion for appointment of counsel (D.I. 15);

WHEREAS, on November 29, 2006, the court issued a Memorandum and Order (D.I. 24) denying Hall's motion, but allowing him to renew the motion if the appointment of counsel became necessary at some later point in the ligation;

WHEREAS, on December 20, 2005, Hall filed a renewed motion for appointment of counsel (D.I. 29);

WHEREAS, on January 4, 2006, the defendants' filed a letter, opposing Hall's motion for appointment of counsel;

WHEREAS, the letter asserts that none of the circumstances of Hall's case have changed since the court issued its November 29, 2006 Order;

WHEREAS, the court finds that the renewed motion does not state any facts that are new or different from those stated in the original motion; and

WHEREAS, after having considered the motion, as well as the pertinent case law, the court concludes that the majority of factors it must balance, when making a determination to appoint counsel in a civil case, still weigh against Hall's need for the appointment of counsel at this stage of the litigation process[1];

IT IS HEREBY ORDERED that:

1. The plaintiff's renewed Motion to Appoint Counsel (D.I. 29) is DENIED without prejudice.

Dated: May 30, 2006

UNITED STATES DISTRICT JUDGE

---

[1] See Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993) (setting forth illustrative list of factors that courts should consider when making a determination whether to appoint counsel, including: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf).