IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HALL, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DAVID HOLMAN, LAWRENCE, )<br>MCGUGAN, and DEPUTY WARDEN )<br>CLYDE D. SAGERS, )<br>)<br>    Defendants. ) | Civil Action No. 04-1328 GMS |

**MEMORANDUM**

**I.     INTRODUCTION**

On October 4, 2004, James Hall ("Hall") filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. The events giving rise to this action occurred when Hall was housed at the Delaware Correctional Center (the "DCC"). In his complaint, Hall alleges that David Holman ("Holman"), Security Superintendent, Lawrence McGugan [sic] ("McGugan"), Deputy Warden, and Clyde D. Sagers ("Sagers"), acting Deputy Warden (collectively, the "defendants") failed to protect him from his cellmate. Specifically, Hall alleges that the defendants placed him in a cell with a violent inmate for over three months, thereby failing to protect him from an assault. He claims that all of the defendants were aware of the risk of an assault and failed to prevent it, in violation of his Eighth Amendment rights.

Presently before the court are the following motions: (1) the defendants' Motion to Dismiss/Motion for Summary Judgment (D.I. 27); (2) the defendants' Motion to Stay Discovery (D.I. 26); and (3) the plaintiff's Motion for Summary Judgment (D.I. 33). For the reasons that follow, the court will grant the defendants' motion to dismiss the official capacity claims and deny

the motion to dismiss the individual capacity claims. The court will deny the motion to stay discovery, as its disposition of the motion to dismiss renders the motion to stay moot. Finally, the court will deny the plaintiff's motion for summary judgment.

## II.    STANDARD OF REVIEW

### A.    Motion to Dismiss

The defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, as in the case of a Rule 12(b)(1) motion, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir.1988). However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir.1997). A court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves*, 117 F.3d at 726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In the instant case, a large portion of the defendants' brief is devoted to relating factual contentions that contradict the allegations in Hall's complaint, and are supported by references to matters outside the pleadings. Accordingly, the defendants maintain that "the court may treat its [sic] motion to dismiss as one for summary judgment." (D.I. 28, at 1.) The court, however, will not accede to the defendants request, because "it would be inappropriate to convert the motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b), since there has been no discovery conducted in the present case." *Brug v. The Enstar Group, Inc.*, 755 F. Supp. 1247, 1251 (D. Del. 1991); *see Melo v. Hafer*, 912 F.2d 628, 634 (3d Cir. 1990); *Ospina v. Dep't of Corr.*, 749 F. Supp. 572, 574 (D. Del. 1990). The court, therefore, will review only Hall's complaint in making its determination.

### B. Motion for Summary Judgment

Hall has filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). In determining the appropriateness of summary judgment, the court must "review the record as a whole, 'draw[ing] all reasonable inferences in favor of the non-moving party[,]' but [refrain from] weighing the evidence or making credibility determinations. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 147 L. Ed. 2d 105, 120 S. Ct. 2097 (2000) (citation omitted). If [the court is able to] determine that 'there is no genuine issue as to any material fact' and that the movant is entitled to judgment as a matter of law," summary judgment is in fact appropriate. *Hill v. City of Scranton*, 411 F.3d 118, 124-25 (3d Cir. 2005) (quoting Fed. R. Civ. P. 56(c)).

## III. DISCUSSION

The defendants assert that Hall has not stated a claim for which relief can be granted for three reasons: (a) they did not violate his Eighth Amendment rights; (b) they are immune from suit in their official capacities; and (c) they are entitled to qualified immunity for Hall's individual capacity claims. The court will address each of these contentions in turn. The court will then turn to Hall's motion for summary judgment.

### A. Hall's Eighth Amendment Claims

It is well established that prison officials have a duty to take reasonable measures to protect prisoners from attacks by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). While "[i]t is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for a victim's safety," "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 834). As such, "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer*, 511 U.S. at 828. Thus, to state an Eighth Amendment failure to protect claim, a plaintiff must allege that the defendant prison official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Accordingly, the three elements of a failure to protect claim are "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hamilton*, 117 F.3d at 746 (citation omitted).

In the present case, Hall alleges that a substantial risk of serious harm to him existed, that the defendants were aware of it, and that they failed to act to abate it. Specifically, Hall alleges that, from February 22, 2004 to June 6, 2004, he submitted numerous requests to Holman, McGugan, and Sagers regarding physical confrontations and terroristic threats made by his cellmate, Anthony Coffield ("Coffield"), and his fear of being attacked by Coffield. (D.I. 2, at 3.) Hall further alleges that, on several occasions, he told Holman that he was in "no position to protect [him]self from attack" due to a broken metacarpal in his hand. (Id. at 5.) Hall claims that he submitted a letter request to McGugan when the altercations with his cellmate escalated and became physical. (Id.) Hall also claims that Sagers was aware of the situation, as Sagers sent him a letter on May 17, 2004, which states that he had received Hall's letter in reference to his cellmate. (Id. at 18.) According to Hall, however, Holman, McGugan, and Sagers did not do anything to remedy the situation and, as a result, he suffered the loss of a tooth from being "violently attacked" by Coffield on June 6, 2004. (Id. at 5-6.)

The defendants argue that Hall's complaint is "riddled with bald accusations of deliberate indifference by the prison officials [and] simply fails to state a claim for which relief can be granted." (D.I. 28, at 5.) The defendants contend that "if [Hall] has any evidence of [their] failure to protect him . . . he would have included it with his complaint;" however, Hall only "presents . . . two letters written to prison officials that mention 'arguments,' 'bickering,' 'problems,' and 'confrontations,'" not actual assaults. (Id.) The defendants further contend that Hall's complaint does not state any circumstances demonstrating a substantial risk of serious harm, and that it fails to show that the defendants had actual knowledge of any risk. Lastly, the defendants contend that the record contradicts the plaintiff's allegations. Most of the defendants' arguments go to the weight of the

evidence, or the showing that Hall must make in order to prevail on his claim. The court, however, does not weigh evidence to "resolve disputed facts" at the motion to dismiss stage of a lawsuit. *Kost*, 1 F.3d at 183. Rather, the court must "test the sufficiency of the complaint." *Id.* Thus, the relevant question the court must determine "is not whether [Hall] has presented enough evidence to prevail in the litigation," *Proctor v. Seacord*, No. Civ. A. 05-133-JJF, 2006 WL 1749404, at *2 (D. Del. June 22, 2005), but whether "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In the present case, the defendants' make one argument challenging the sufficiency of Hall's complaint; that it is "riddled with bald accusations of deliberate indifference." (D.I. 28, at 5.) The court does not agree. In his complaint, Hall alleges that he repeatedly wrote letters to the defendants telling them that he was getting into confrontations with Coffield, "who is a problem inmate," and asking to be relocated. (D.I. 2, at 17.) Hall further avers that the defendants, although aware of the confrontations, did nothing to transfer or relocated him and, as a result, Coffield physically attacked him. The court finds these allegations sufficient to support an Eighth Amendment failure to protect claim. Accordingly, the court will deny the defendants' motion to dismiss.

### B.   Hall's Official Capacity Claims

Hall's complaint seeks to hold the defendants liable in both their official and individual capacities. The defendants contend that they are entitled to Eleventh Amendment immunity for claims brought against them in their official capacities. The defendants, as officials of the DCC, are state officials acting under color of state law. *See Cespedes v. Coughlin*, 956 F. Supp. 454, 465 (S.D.N.Y. 1997). A suit against a state agency or state official in his or her official capacity is

treated as a suit against the state. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). This is so because neither a state nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). While a state is normally entitled to sovereign immunity, Congress may abrogate the state's immunity through a valid exercise of its power, or the state itself may waive its immunity. *See Lavia v. Commonwealth of Pennsylvania*, 224 F.3d 190, 195 (3d Cir. 2000).

Neither of the two above-mentioned sovereign immunity exceptions are relevant here. First, the state has not waived its Eleventh Amendment immunity. A waiver will be found only where it has been stated "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Space Age Products, Inc. v. Gilliam*, 488 F. Supp. 775, 780 (D. Del. 1980) (citing *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)). Such an express waiver may be made through clear constitutional or statutory language. *See Lavia*, 224 F.3d at 195. Neither the constitution nor any Delaware statute expressly waives Delaware's Eleventh Amendment sovereign immunity. *See Ospina v. Dept. of Corr.*, 749 F. Supp. 572, 579 (D. Del. 1990). Therefore, the court concludes that Delaware has not clearly waived its immunity.

Finally, Congress has not abrogated the states' immunity for claims under Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Since Delaware's immunity has not been waived or abrogated, the court will dismiss Hall's claims against the defendants in their official capacities.

C.  **Qualified Immunity**

In support of their motion to dismiss, the defendants also raise the defense of qualified immunity. The qualified immunity doctrine shields government officials performing discretionary functions from liability, so long as their conduct does not violate clearly established constitutional

7

rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity, therefore, does not apply if "reasonable officials in the defendant[s'] position at the relevant time could have believed, in light of what was in the decided case law, that their conduct would be unlawful." *Good v. Dauphin County Soc. Servs. for Children & Youth*, 891 F.2d 1087, 1092 (3d Cir. 1989).

As previously discussed, it is well-established that corrections officers have a duty to protect inmates from assault. *See, e.g., Farmer*, 511 U.S. at 832. ("prison officials . . . must 'take reasonable measures to guarantee the safety of their inmates'"). In the present case, Hall claims that "the defendants knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." (D.I. 2, at 7.) Reasonable officials could not have believed that an action inconsistent with their duty to protect was lawful. Accordingly, at this stage of the proceedings, prior to the beginning of discovery, the court is not is not prepared to conclude that the defendants are entitled to qualified immunity.

### D. Hall's Motion for Summary Judgment

Hall asserts that there is no issue of material fact with respect to his claim, and that he is entitled to judgment as a matter of law, because the defendants failed to answer his requests for admission in a timely manner. Hall's requests do not appear on the court's docket, but seem to have been sent to the defendants sometime in October 2005. In his motion, Hall states that the admissions he requested go to the essential elements of his claims. Thus, Hall contends that since the defendants did not file a response to his requests within thirty days, pursuant to Federal Rule of Civil Procedure 36(a), they have admitted all essential elements of his Eighth Amendment claim. The court disagrees with Hall's reading of the Federal Rules, and contention as to how they apply to the

circumstances of this case.

Hall's assertion that Rule 36(a) of the Federal Rules of Civil Procedure requires a response to requests for admission within thirty days after service is correct. *See* Fed. R. Civ. P. 36(a). However, according to another section of Rule 36(a), "[w]ithout leave of court or written stipulation, requests for admission may *not* be served before the time specified in Rule 26(d)."[1] Fed. R. Civ. P. 36(a) (emphasis added).

In the present case, the court's docket reflects that the defendants' answer to the complaint was due on December 12, 2005. As previously mentioned, Hall's requests for admission were filed sometime in October 2005, either immediately before or immediately after the defendants were served with his complaint and, therefore, prior to the due date for their answer. As such, at the time that Hall's requests for admission were served on the defendants, he had not sought leave of court, nor had he procured a written stipulation from the defendants granting him the right to serve requests. As a result, the court finds that it would be manifestly unfair to the defendants to deem Hall's requests admitted at this time. Therefore, the court concludes that the defendants have not admitted each and every element of Hall's Eighth Amendment claim, and that summary judgment for Hall is premature because there still remain disputed issues of material fact.

Dated: September __, 2006

UNITED STATES DISTRICT JUDGE

---

[1] The time for serving requests for admission specified in Rule 26(d) is after the parties have conducted a meet and confer "to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case[,] . . . and to develop a proposed discovery plan . . . ." Fed. R. Civ. P. 26(f). Typically, the logistical impediments attendant to a pro se prisoner action prevent such meetings – or, at least, they seem to occur infrequently, if at all. Thus, the court does not base its decision on this aspect of the rule.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1328 GMS |
| | ) | |
| DAVID HOLMAN, LAWRENCE, | ) | |
| MCGUGAN, and DEPUTY WARDEN | ) | |
| CLYDE D. SAGERS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' Motion to Dismiss/Summary Judgment (D.I. 27) is GRANTED in part and DENIED in part. The motion is GRANTED with respect to the plaintiff's claims against the defendants in their official capacities, and DENIED with respect to the plaintiff's claims against the defendants in their individual capacities.

2. The plaintiff's official capacity claims against the defendants shall be dismissed with prejudice.

3. The defendants' Motion to Stay Discovery (D.I. 26) is DENIED as moot.

4. The plaintiff's Motion for Summary Judgment (D.I. 33) is DENIED.

Dated: September ___, 2006

_____
UNITED STATES DISTRICT JUDGE