## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 04-1328-JJF |
| | ) |
| DAVID HOLMAN, Deputy Warden | ) |
| LAWRENCE MEGUIGAN, and | ) |
| Acting Deputy Warden Clyde Sagers | ) |
| | ) |
| Defendants. | ) |

### ANSWER TO PLAINTIFF'S FIRST and SECOND AMENDED COMPLAINTS

COME NOW, the defendants, David Holman, Lawrence Meguigan and Clyde Sagers, by and through their undersigned counsel, and answer Plaintiff's First and Second Amended Complaints as follows:

*First Amended Complaint*

**Statement of Claim Count I**[1]

Denied.

**Statement of Claim Count Two**

Denied as to Defendant Meguigan's "requisite state of mind" as this calls for a legal conclusion which requires no response. As to the remainder of the Count, Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph. To the extent a response is required, the paragraph is denied.

**Cause of Action Count I**

Denied. The paragraph contains a legal conclusion which requires no response. To the extent a response is required, the paragraph is denied.

---

[1] Although this count isn't numbered, Plaintiff subsequently numbered his counts starting with Count II

**Paragraphs:**

**#5.**     Denied

**#6.**     Denied. The paragraph contains a legal conclusion which requires no response. To the extent a response is required, the paragraph is denied.

**#7.**     Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph. To the extent a response is required, the paragraph is denied.

**#8.**     The paragraph contains a legal conclusion which requires no response. To the extent a response is required, the paragraph is denied.

**#9.**     The paragraph contains a legal conclusion which requires no response. To the extent a response is required, the paragraph is denied.

**#10.**    The paragraph contains a legal conclusion which requires no response. To the extent a response is required, the paragraph is denied.

**#11.**    The paragraph contains a legal conclusion which requires no response. To the extent a response is required, the paragraph is denied.

**#12.**    The paragraph contains a legal conclusion which requires no response. To the extent a response is required, the paragraph is denied.

**#13.**    The paragraph contains a legal conclusion which requires no response. To the extent a response is required, the paragraph is denied.

**#14.**    Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph. To the extent a response is required, the paragraph is denied.

**#15.**    The paragraph contains a legal conclusion which requires no response. To the extent a response is required, the paragraph is denied.

**#16.**    The paragraph contains a legal conclusion which requires no response. To the extent a

response is required, the paragraph is denied.

**#17.**    Denied.

**#18.**    This paragraph is a request for relief and therefore no response is required.  To the extent a response is required, the paragraph is denied.

**#19.**    The paragraph contains a legal conclusion which requires no response. To the extent a response is required, the paragraph is denied.

**#20.**    Denied.

**#21.**    The paragraph contains a legal conclusion which requires no response. To the extent a response is required, the paragraph is denied.

**#22.**    Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.  To the extent a response is required, the paragraph is denied.

**#23.**    Admitted as to the cell doors being solid with a window.  As to the remainder of the paragraph, Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.  To the extent a response is required, the paragraph is denied.

**#24.**    Denied.

**#25.**    Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.  To the extent a response is required, the paragraph is denied.

**#26.**    Denied.

**#27.**    Defendants are without sufficient knowledge to admit or deny the allegations regarding Plaintiff's hand injury.  To the extent a response is required, the statement is denied.  As to the remainder of the paragraph, it contains a legal conclusion which requires no response.  To the extent a response is required, the paragraph is denied.

**#28.**    The paragraph contains a legal conclusion which requires no response. To the extent a

response is required, the paragraph is denied.

**#29.** Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph. To the extent a response is required, the paragraph is denied.

*Second Amended Complaint*

Paragraph 4:

- B) Admitted that David Holman is employed as a Security Supervisor at the Delaware Correctional Center.

- C) Admitted that Lawrence Meguigan is a Deputy Warden and Clyde Sagers was an Acting Deputy Warden.

## RELIEF

Denied that Plaintiff is entitled to any relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The defendants are immune from liability to the Plaintiff under the doctrine of Sovereign Immunity.

2. The defendants are entitled to Qualified Immunity.

3. The defendants are immune from liability to the Plaintiff under the doctrine of State Sovereign Immunity.

4. Plaintiff fails to state a claim on which relief may be granted.

5. Plaintiff's alleged injuries, if any, resulted from an intervening and superseding cause; to wit, Plaintiff's disorderly, violent and criminal conduct.

6. Plaintiff's disorderly, violent and criminal conduct contributed to any alleged injury that resulted from the alleged incident in a manner which precludes recovery.

7. Plaintiff has failed to mitigate any alleged injuries.

8.  The defendants, in their official capacities, are immune from liability under the Eleventh Amendment of the United States Constitution.

9.  The Plaintiff failed to exhaust available administrative remedies in a manner which precludes any recovery.

10. Lack of subject matter jurisdiction.

11. Lack of personal jurisdiction.

12. As to any claims under state law, the Defendants are entitled to immunity under the State Tort Claims Act, 10 Del. C. § 4001 *et seq*.

13. The Plaintiff's claims are barred by his comparative negligence.

14. The Plaintiff's claims are barred by his contributory negligence

15. As to any claims under State law, the Defendants are entitled to sovereign immunity in their official capacities.

16. Any other appropriate defense or affirmative defense as may be uncovered through the discovery process.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi  # 3927
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
lisa.barchi@state.de.us

Date:  September 21, 2006                    Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2006 I electronically filed *Defendants' Answer to Plaintiff's First and Second Amended Complaints* with the Clerk of Court using CM/ECF. I hereby certify that on September 21, 2006 I have mailed by United States Postal Service, the document to the following non-registered participant:

James Hall
SBI # 167581
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Lisa Barchi
Lisa Barchi  # 3927
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
lisa.barchi@state.de.us