## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1328-JJF |
| | ) | |
| DAVID HOLMAN, Deputy Warden | ) | |
| LAWRENCE McGUIGAN, and | ) | |
| Acting Deputy Warden Clyde Sagers | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

Defendants David Holman, Lawrence McGuigan and Clyde Sagers ("Defendants") hereby respond to Plaintiff's Interrogatories ("Interrogatories"):

### GENERAL OBJECTIONS

1.       Defendants object to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.       Defendants object to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.       Defendants object to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.       Defendants object to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

5.          Defendants object to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendants, but will not be produced.

6.          Defendants object to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.          Defendants object to the Interrogatories to the extent that they seek the production of documents generated by or received from their counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1.     State the duties of Defendants Mr. David Holman, Mr. Lawrence McGuigan and Mr. Clyde Sagers as they pertain to inmate care, health, safety.

   **RESPONSE:  OBJECTION.**  Overbroad, vague and ambiguous as to " duties…inmate care, health, safety."  Irrelevant and not designed to lead to the discovery of admissible evidence.  Without waiving said objections, Defendants respond as follows:

   **Clyde Sagers:**  DOC employees provide access to medical care through the sick call procedure;  DOC employees do not medically treat or diagnose inmates whose care is under a health care provider.

**David Holman:** I do not provide medical care. That is provided by the medical contractor. I oversee the operations of the maximum security unit.

2.    State the duties of Defendants supra as they pertain to responding to and monitoring inmate grievance and emergency medical grievances.

**RESPONSE: OBJECTION.** Overbroad, vague and ambiguous as to "responding to and monitoring inmate grievances and emergency medical grievances." Irrelevant and not intended to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

**Clyde Sagers:** I had noting to do with grievances o medical grievances.

**David Holman:** I am not involved with the grievance process.

3.    State the names, titles, and duties of all Staff Members at the Delaware Correctional Center who have responsibilities for monitoring and assignment of classification housing and placement and request to be relocated (i.e. moved to another cell.)

**RESPONSE: OBJECTION.** Vague, ambiguous as to "al Staff Members [sic]"; irrelevant and not intended to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

**Clyde Sagers:** I don't remember.

**David Holman:** A variety of people may have input into the assignment to particular housing units. These include correctional officers of various ranks and classification officers.

4.    List any and all citations filed against David Holman, Lawrence McGuigan and

Clyde Sagers at the Delaware Correctional Center involving conditions of confinement,

failure to protect.

**RESPONSE:  OBJECTION.**  Vague, ambiguous, irrelevant and unintelligible as

to "citations"; Calls for a legal conclusion and therefore no response is required.  Not

intended to lead to the discovery of admissible evidence. Without waiving said

objections, Defendants respond as follows:

**Clyde Sagers:**  I have no knowledge.

**David Holman:**  None against me.


5.    List any and all past litigation(s) that resulted in any consent decree and or

favorable outcome for inmate plaintiffs, whether published or not published which

involve conditions of confinement and emergency medical grievances and medical

treatment issues.

**RESPONSE:  OBJECTION.**  Overbroad, unduly burdensome, vague,

ambiguous, irrelevant and not intended to lead to the discovery of admissible

evidence.  Without waiving said objections Defendants respond as follows:

**Clyde Sagers:** I don't know.

**David Holman:**  None that I know of that involved me.


6.    Please identify all positions and titles with corresponding date of employment that

you have held as an employee at Delaware Correctional Center. Describe your job

responsibilities for each position and title.

**RESPONSE:  OBJECTION.**  Vague and overbroad, not intended to lead to the discovery of admissible evidence.  Without waiving said objections, Defendants respond as follows:

**Clyde Sagers:**  In 1978 I was a C/O, until 1983 when I became a Lieutenant. which is a supervisory position. I was responsible for medium and max. units until 2002 when I became a Captain - Watch Commander. In this position I moved around all of the units, minimum as well as maximum.  As Captain I also had responsibilities over other officers. I retired as a Captain in February, 2006.

**David Holman:**   Correctional officer, correctional lieutenant, correctional staff lieutenant, correctional captain, correctional security superintendent.  All of the listed positions involve the security and safety of the facility and those inside the facility.


7.    Please describe in as much detail as possible the training you have

received   while   working   at   the   Delaware   Correctional   Center   for   assessing

inferences with regard to inmate health or safety restraining to longstanding treatment of

bodily harm including but not limited to emergency situations.

**RESPONSE:  OBJECTION.**  Vague, ambiguous and unintelligible; irrelevant and not intended to lead to the discovery of admissible evidence.  Without waiving said objections, Defendants respond as follows:

**Clyde Sagers:**    I don't understand the question.  All DOC employees  take a general course in first aid, i.e. C.P.R.  If an inmate appeared ill then DOC employees called medical.  If the medical staff thought the inmate needed to  be in the infirmary, then DOC staff transport the inmate to the infirmary.

**David Holman:**  DOC employees take a basic first aid course such as CPR. Beyond that, they do not diagnose or treat any inmate illness, because they are not trained medical providers.  If an inmate is ill, the inmate completes a sick call slip and submits it to the contracted medical providers.  The correctional personnel transport the inmate to the medical provider.

8.    Please describe in as much detail as possible every policy, procedure  and practice that governs the procedure for serious medical needs at the Delaware Correctional Center.

**RESPONSE:  OBJECTION.**  Overbroad, unduly burdensome, irrelevant to this litigation, vague and ambiguous as to "serious medical needs."  Not intended to lead to the discovery of admissible evidence.  Without waiving said objections, Defendants respond as follows:

**Clyde Sagers:**  At this time, I do not remember. Also, I don't know what the plaintiff means by  "serious."

**David Holman:**  See the answer to Interrogatory number 7.  Correctional Staff do not provide medical care for inmates.  They only transport inmates to the medical providers. I do not know what is meant by "serious" in the plaintiff's question.

9.    Please identify all officials responsible for formulating, implementing and monitoring compliance with policies, procedures and practices described in your response to interrogatory #3.

**RESPONSE:**  Vague and ambiguous as to the entire question, irrelevant to this

litigation, and not intended to lead to the discovery of admissible evidence.  Without

waiving said objections, Defendants respond as follows:

**Clyde Sagers:**  I do not remember.  Those in positions from warden to lieutenant

had responsibility for reviewing procedures and practices at DCC such as inmate

movement.

**David Holman:**  The lieutenants to the warden are responsible for reviewing

procedures and policies.


10.    Please describe in as much detail as possible the complete circumstances

    surrounding your policies and procedures against plaintiff on 1-22-04.

**RESPONSE:  OBJECTION.**  Vague and ambiguous as to the entire question,

unintelligible as to the entire question, therefore no response is requires; not intended to

lead to the discovery of admissible evidence. Without waiving said objections,

Defendants respond as follows:

**Clyde Sagers:**  I don't remember any incident involving the plaintiff.

**David Holman:**  I don't remember any incident involving the plaintiff and I do

not have any "policies and procedures against plaintiff."


11.    Please state the name, affiliation, title, last known address and last known

    telephone number of each person who has knowledge of any of the facts stated in your

    response to interrogatory #10.

**RESPONSE:  OBJECTION.**  Assumes information and knowledge that

Defendants deny they have.  Not intended to lead to the discovery of admissible

evidence.  Without waiving said objections, Defendants respond as follows:

**Clyde Sagers:**  Former deputy warden.  I can be contacted through the attorneys

Representing me at the Delaware Department of Justice.

**David Holman:**  Currently rank is Major and I am Security Superintendent.  I can

be contacted through the attorneys  representing me at the Delaware Department

of Justice.

12.    Please describe in as much detail as possible every policy, procedure and

practice that governs the sick call for serious medical needs at the Delaware

Correctional Center.

**RESPONSE:**  Overbroad, ambiguous as to "serious medical needs," unduly

burdensome, irrelevant to this litigation, and not intended to lead to the discovery of

admissible evidence.  Without waiving said objections, Defendants respond as follows:

**Clyde Sagers:**  I do not remember.  I do not know what the plaintiff means by

"serious."

**David Holman:**  I don't know what the plaintiff means when he says "serious

medical needs."  If an inmate requires emergency care, for example, falling and breaking

his leg, then the correctional staff contact the medical providers immediately.  The

medical providers then provide the care.

13.    Please identify each document as the term is defined in F.R.C.P.34(A)(I)

that evidence mentions or refers to any of the facts stated in your response to

interrogatory #10.

**RESPONSE: OBJECTION.** Overbroad and ambiguous as to "mentions or refers to any of the facts stated in your response…", irrelevant, privileged pursuant to 11 *Del. C*. §4322 and 29 *Del. C*. § 10002(g)(13).

**Clyde Sagers:**  See response to Interrogatory #10.

**David Holman:**  See response to Interrogatory #10. I stated that I have no "policies and procedures against plaintiff" and therefore, I cannot identify any documents.  Further, this question is unclear to me.


14.    Please identify each person known to you and not otherwise identified in your answer to these interrogatories who has provided any information or assistance of whatever nature of description relating to any of your answers to these interrogatories.

**RESPONSE:** Vague and ambiguous as to the entire question, invades attorney/client privilege, not intended to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

**Clyde Sagers:**  I consulted with attorneys for the Delaware Department of Justice who represent me in this lawsuit.

**David Holman:** I spoke with the attorney representing me at the Delaware Department of Justice.


15.    Please identify each person who has made to you sworn or unsworn [sic] statements or provided information for affidavits or statements that relate to the allegations made in plaintiff's complaint and state the information provided.

**RESPONSE:** OBJECTION.  Vague, ambiguous, overbroad, unduly burdensome,

invades attorney/client privilege and other common-law privileges.   Without waiving

said objections, Defendants respond as follows:

**Clyde Sagers:**  None

**David Holman:**  No one.


*AS TO OBJECTIONS:*

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi, Bar #3927
Deputy Attorney General
820 North French Street, 6th Fl.
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us
Attorney for Defendants

DATE:  January 5, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, I electronically filed *Defendants'*

*Response to Plaintiff's First Set of Interrogatories* with the Clerk of Court using

CM/ECF.  I hereby certify that on January 5, 2007, I have mailed by United States Postal

Service, the document to the following non-registered participant:

James Hall
10904 Hidden Creek Ct.
Ft. Washington, MD 20744


/s/ Lisa Barchi
Lisa Barchi  # 3927
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
lisa.barchi@state.de.us