# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1328-JJF |
| | ) |
| DAVID HOLMAN, Deputy Warden | ) |
| LAWRENCE McGUIGAN, and | ) |
| Acting Deputy Warden Clyde Sagers | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants David Holman, Lawrence McGuigan and Clyde Sagers ("Defendants") hereby respond to Plaintiff's Request for Production of Documents ("Request for Production"):

### GENERAL OBJECTIONS

1. Defendants object to the Request for Production to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Defendants object to the Request for Production to the extent that it purports to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Defendants object to the Request for Production to the extent that it purports to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendants object to the Request for Production to the extent that it

purports to seek information or documents not in their possession, custody or control.

5.   Defendants object to the Request for Production to the extent that it seeks the production of documents equally available to Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendants, but will not be produced.

6.   Defendants object to the Request for Production to the extent that it purports to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.   Defendants object to the Request for Production to the extent that it seeks the production of documents generated by or received from counsel for Defendants in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1.   All documents that mention, contain, construe or refer to policies on staff supervisor of inmates with threatened bodily harm at the Delaware Correctional Center.

**RESPONSE: OBJECTION:** Overbroad, vague and ambiguous as to the entire question, irrelevant and not intended to lead to the discovery of admissible evidence; privileged pursuant to 11 *Del. C*. §4322 and 29 *Del. C*. §10002(g)(13). Relevant documents will be produced upon receipt of a fully executed confidentiality agreement.

2. All documents that contain, mention, construe, or refer to policies on responses to potential threats on inmate health or safety that are dire or obvious at the Delaware Correctional Center.

**RESPONSE: OBJECTION:** Overbroad, ambiguous, irelevant and not intended to lead to the discovery of admissible evidence; privileged pursuant to 11 *Del. C*. §4322 and 29 *Del. C.* §10002(g)(13). Relevant documents will be produced upon receipt of a fully executed confidentiality agreement.

3. All documents that contain, mention, construe or refer to policies on responses to serious medical need that are dire, or obvious at the Delaware Correctional Center.

**RESPONSE:** Overbroad, ambiguous, irrelevant to this litigation; not intended to lead to the discovery of admissible evidence; privileged pursuant to 11 *Del. C*. §4322 and 29 *Del. C.* §10002(g)(13). Relevant documents will be produced after execution of a stipulated confidentiality agreement.

4. All documents that evidence, mention or refer to the serious medical need of plaintiff James Hall on 1-22-04 including but not limited to medical records incident reports statement and other investigative material and documents relating to subsequent staff discipline if any.

**RESPONSE: OBJECTION.** Vague and ambiguous as to "serious medical need"; not intended to lead to the discovery of admissible evidence; privileged pursuant to 11 *Del. C*. §4322 and 29 *Del. C.* §10002(g)(13) as to documents relating to any alleged

investigations or alleged "staff discipline." Without waiving said objections, the medical records of Plaintiff are enclosed.

5.  Any and all policies directives or instructions to staff governing threats of bodily harm and sick call procedures in general and segregation population.

**RESPONSE: OBJECTION.** Privileged pursuant to 11 *Del. C*. §4322 and 29 *Del. C.* §10002(g)(13). In addition, this Request is vague and ambiguous as to "all policies directives or instructions to staff governing threats of bodily harm"; irrelevant to the litigation and not intended to lead to the discovery of admissible evidence. Without waiving said objections, the relevant privileged documents will be produced after execution of a stipulated confidentiality agreement.

6.  Any and all documents and reports concerning a disturbance in MHU 23 B Tier on 6-6-04 including but not limited to disciplinary reports, disciplinary charges, statement of witnesses, incident reports, finding and conclusion of disciplinary hearings etc.

**RESPONSE: OBJECTION.** Vague and ambiguous as to "all documents concerning a disturbance…", overbroad and unduly burdensome; not intended to lead to the discovery of admissible evidence. Without waiving said objections, the relevant privileged documents will be produced after execution of a stipulated confidentiality agreement.

7.  The complete contents of plaintiff's Delaware Correctional Center file

including but not limited to disciplinary reports, incident reports, evaluations, criminal justice information and medical and mental health records.

**RESPONSE: OBJECTION.** Privileged pursuant to 11 *Del. C*. §4322 and 29 *Del. C.* §10002(g)(13). Vague and ambiguous as to "criminal justice information…"; irrelevant and not intended to lead to the discovery of admissible evidence. Without waiving said objections, the relevant privileged documents will be produced after execution of a stipulated confidentiality agreement.

8. All incident reports that evidence, mention, or refer to incidents of assault inmate-inmate at the Delaware Correctional Center that have occurred from 1-20-03.

**RESPONSE: OBJECTION.** Overbroad and unduly burdensome, irrelevant to this litigation, not intended to lead to the discovery of admissible evidence, and Privileged pursuant to 11 *Del. C*. §4322 and 29 *Del. C.* §10002(g)(13). Without waiving said objections, the relevant privileged documents will be produced after execution of a stipulated confidentiality agreement.

9. All documents written or created since 1-20-04 that contain, mention, construe, or refer to any inspection, inquiry, or complaint about inadequate staffing or supervision of (MHU 23) Maximum Housing Unit Building #23, inadequate medical or substandard medical treatment and serious medical needs at the Delaware Correctional Center whether formal or informal, official or unofficial including inmate staff civilian grievances. Complaints and appeal and including responses to such documents prepared by Delaware Correctional Center staff or other agents.

**RESPONSE: OBJECTION.** Privileged pursuant to 11 *Del. C*. §4322 and 29 *Del. C*. §10002(g)(13); irrelevant to this litigation, overbroad and unduly burdensome. Without waiving said objections, the relevant privileged documents will be produced after execution of a stipulated confidentiality agreement.

10.    A listing of any and all past litigation that resulted in any consent order and or favorable outcome of inmate plaintiff's whether published or not published which involve the condition of confinement, medical grievances or medical treatment issues and failure to protect.

**RESPONSE: OBJECTION.** Unduly burdensome, overbroad, ambiguous and vague, irrelevant and not intended to lead to the discovery of admissible evidence. Further, Plaintiff is requesting legal research which is equally available to him through research at a law library. Without waiving said objections Defendants respond that the Department of Correction does not keep the data Plaintiff requests.

11.    Any and all policies, directives or instructions to staff governing inmate grievances and the institution duty regarding same.

**RESPONSE: OBJECTION.** Privileged pursuant to 11 *Del. C*. §4322 and 29 *Del. C*. §10002(g)(13); irrelevant to this litigation, overbroad and unduly burdensome. Without waiving said objections, the relevant privileged documents will be produced after execution of a stipulated confidentiality agreement. A copy of the D.O.C. grievance procedure is enclosed.

12. The complete contents of Anthony Coffield's Delaware Correctional Center file including but not limited to disciplinary reports, incident reports, evaluation criminal justice information and mental health records.

**RESPONSE: OBJECTION.** Seeks information that is privileged pursuant to 11 *Del. C*. §4322 and 29 *Del. C*. §10002(g)(13); overbroad, ambiguous and not intended to lead to the discovery of admissible evidence. Without waiving said objections, the relevant privileged documents will be produced after execution of a stipulated confidentiality agreement.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Lisa Barchi
        Lisa Barchi, Bar #3927
        Deputy Attorney General
        820 North French Street, 6th Fl.
        Wilmington, DE 19801
        (302) 577-8400
        lisa.barchi@state.de.us
        Attorney for Defendants

DATE: January 5, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2007, I electronically filed *Defendants' Response to Plaintiff's Request for Production of Documents* with the Clerk of Court using CM/ECF.  I hereby certify that on January 5, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant:

James Hall
10904 Hidden Creek Ct.
Ft. Washington, MD 20744

/s/ Lisa Barchi
Lisa Barchi  # 3927
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
lisa.barchi@state.de.us