IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

James Hall )
 )
 Plaintiff, )
 )
v. ) C.V Action # 04-1328-GMS
 )
David Holman, et al; )
 )
 Defendants )

**Plaintiff's Response To Show Cause for non-Dismissal**

Come now, Plaintiff James Hall pro-se and moves this Honorable Court pursuant to the appropriate Rules of civil procedures and all case law authorities.

1.) Plaintiff brought this §1983 action claiming defendant were deliberately indifferent to his health and safety this meritorious legally non-frivilous claim has survived countless hurdles and obstacles

2) Specifically plaintiff has demonstrated a prima facia case with regard to his claim of deliberate indifference to a substantial risk of harm to a inmate. specifically he has demonstrated a prima facia case with regard to his (4) Essential Elements 1) Substantial Risk of harm 2) official's knowledge of the risk 3) official failure to respond reasonable to the Risk (4. Causation and injury

p. 1

## Standard of Review

## Memorandum of Law

In exercising our appellate function to determine whether the trial court has abused its discretion in dismissing, or refusing to lift a default, we will be guided by the manner in which the trial court balanced the following factors, which have been enumerated in the earlier cases, (1) The extent of the party personal responsibility (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery. (3) a history of dilatoriness; (4) whether the conduct of the party or the attorneys was willful or in bad faith (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense

### (1) The extent of the party personal responsibility

3  The plaintiff was [Homeless] from february - may of plaintiff contends that he has a responsibility and a DIRE Hardship made it impossible for plaintiff to know that these pretrial motions were pending. Moreover, notices were sent to previous addresses where plaintiff no longer resided in plaintiff's response to defendants motion answer/to plaintiff's cross motion for summary judgement plaintiff specifically requested the Honorable Court to appoint counsel to represent him for the purposes of Discovery/settlement talks. In plaintiff motion/answer to defendants answer for cross motion for summary judgement Moreover, The Defendants submitted a motion to Stay Discovery Plaintiff is not pointing fingers but he specifically

p-2

Requested that counsel be appointed for him to elleviate injustice and to level the playing field because plaintiff is not a lawyer and a lawyer at the discovery stage would apply the law were needed answer Briefs Ect. Plaintiff made good faith efforts to contact this Honorable court explaing his hardship and assumed the impression that while explaining that this Hardship would be noted that the plaintiff was Homeless and had no Return address.

## Memorandum of Law

Unlike the National Hockey League case where the supreme Court upheld the "Extreme Santion of dismissal" after noting that there had been "flagrant bad faith" on the part of the plaintiffs as well as "Callous disregard by their counsel of their Responsibilities 427 U.S. at 643, 96 S.ct at 2781.

a) The instant case the plaintiff hasn't acted with "flagrant bad faith" as a pro se litigant and friend of the court plaintiff hasn't behaved with callous disregard for his Responsibilities as a pro se plaintiff in the instant pending litigation but fell upon Hardship.

## Memorandum of Law

We, reiterate what we had said on numerous occassions, that dismissals with prejudice or default are drastic sanctions *868 termed "Extreme" by the Supreme court National Hockey League, 427 U.S. at 643. 96.S.ct. at 2781, and are to be Reserved for comparable cases

As Noted unlike the National Hockey League case, where The Supreme court upheld the "Extreme sanction of dismissal" after noting that there had been "flagrant bad faith" on part of the plaintiff as well as "callous disregard" by their counsel of their responsibilities. The instant case characterizes events that ar non-comparison with the Holding in National Hockey League 427 U.S. at 643. 96 S.ct. at 2781

2) Prejudice to the adversary

In, Poulis v. State Farm Fire and Cas Co. 747 F.2d 863 FN 4. The interrogatories were never answered nor were objections filed, defence counsel was obligated to file a motion to compel answers and was obligated to file it's pretrial statement without the opportunity to review Plaintiff's pretrial statement which was due to be filed first. App. at 4 the court finding that "defendants encountered lack of cooperation from the plaintiff in area's where the plaintiff should cooperate under the spirit of the federal procedure Rules" id is supported by the record

5.) Plaintiff concedes or contend that the Record (i.e Docket Sheet) support that he may have prejudiced defendant due to his hardship [i.e. Being Homeless] however this factor weighed alone does not warrant dismissal

Memorandum of law

under the federal rules of civil procedure and the 1983 amendments, The District court is specifically authorized to impose on an attorney those expenses, including attorney's fees, caused by unjustified failure to comply with discovery orders or pretrial orders. See Fed R. civ P. 16(f), 37(a)(4), 37(b) 37(c) and 37(g) See also 28 U.S.C. § 1927 in the Poulis court. 747 F 2d 863 [FN] The most direct and therefore preferable sanction for the pattern of attorney delay such as that which the district court encountered. The court of appeals 3rd cir stated in that case it would be appropriate to impose the excess costs caused by such conduct directly upon the attorney, with an order that such costs are not to be passed on to the client, directly or indirectly. This would avoid compelling an innocent party to bear the brunt of its counsel's dereliction. Dismissal must be a Sanction of Last, not first Resort.

6.) Plaintiff being a pro-se litigant and friend to this court humbly requests that discovery be Re-opened so he may be more cooperative in areas he must, but his hardship made it impossible to do so plaintiff would want nothing more than to have a opportunity to examine defendant discovery material as they might want the same, in the interest of justice. Plaintiff concedes his prejudice/unwilling prejudice to defendant due to his hardship (i.e Being Homeless) However, this factor alone doesn't warrent dismissal. The plaintiff hasn't acted with bad faith nor has he behaved with callous disregard for his Responsibilities as a Pro Se litigant but explaines that the case at hand is not as "Extreme" to warrent dismissal.

Pg-2

③ <u>A History of dilatoriness</u>

7.) The plaintiff was Homeless living from shelter to shelter Plaintiff made good faith efforts and contacted the prothonatory office of the Court and requested an order by Honorable Judge Sleet granting plaintiff's motion to amend his complaint and formally requesting a change in mailing address and was instructed to put in whrighting ["because she couldn't give me the information over the phone"] on another occasion plaintiff requested from the Honorable court a docket sheet and information concerning C.A 04-1328-Gms and 05-0397-Gms a update on holding, order, ect. in Oct 06' and as formally as 6-6-07 the Record Reflect no dilatoriness with Regord to plaintiff's timely Responding/answering briefs memorandum orders at one time plaintiff was litigating (2) two claims at the same time Respectfully stating. the Record Reflects that plaintiff answered his briefs in a adiqrate and timely manner and often Responded before the due date, for the past 3 years plaintiff has timely and adiqretly Responded to deadlines as he should cooperating under the spirit of the fedral procedures Rules. and these allegations are also supported by the Record. and as a pro.se litigant and friend of the court plaintiff didn't have access to legal material he was Homeless outher Resourses were not Readily available to assist plaintiff in his litigation there is no history longstanding of plaintiff ingnoring time limits and unlike the <u>Holding in National Hockey Leaque. 427 U.S. at 643. 96. S.Ct. at 2781</u> and are to be Reserved for comparable cases. The instant case at hand is not a "extreme"

whether the attorney's conduct was willful or in bad faith

IN Poulis 747 F.2d 863,5, where evidence failed to sustain district courts terming counsel's conduct in failing to observe time limits in pretrial proceedings as contumacious although the court concluded that plaintiff counsel conduct [was] of such a dilatory and contumacious nature to require dismissal, "App. at 5 there is nothing in the record to support the "contumacious" finding nothing in the courts discussion preceding this conclusion is directed toward the willfull issue but only toward dilatoriness there has been *869 no suggestion or indication that counsel, illness during July 1982 and his wife's late pregnacy and false labor at the end of the month did not occur as he represented. As with the instant case there is no indication that plaintiff was not homeless during Feb-May '07 as he represented. The instant case is not as "Extreme" unlike

8.) in National Hockey Leque 427 U.S. at 643. 96 S.Ct. at 2781 and are to be reserved for comparable cases where the plaintiff a pro se litigant and friend of the court with a meritorious and legally non-frivolous claim and who has represented himself and is not represented by counsel distinguishing this case from National Hockey Leque 427 U.S. at 643. 96 S.Ct. at 2781, precluding Dismissal

(4)   Alternative Sanctions

Memorandum of law

District court could have imposed on plaintiff's counsel personally cost, including attorney's fees, of preparing motion to compel answers to interrogatories and brief on alternative sanctions, as well as attorney fees on appeal of prior dismissal, all of which were incurred because of dilatoriness of plaintiff's counsel, and thus district courts conclusion that it had no alternative but dismissal because no other sanction were appropriate was ERRONEOUS Fed R Civ procedure Rule 16(f), 37(A)(4), 37(b), 37(d) and 37(g)

under the federal rules of civil procedures and the 1983 Amendments The District Court is specifically authorized to impose on an attorney those expenses, including Attorney's fees caused by unjustified failure to comply with discovery orders and pretrial orders. See Fed.R.Civ.Pro 16(f), 37(a)(4), 37(b) and 37(g). The most direct and preferable sanction for the pattern of attorney delay such as that which the district court encountered in Poulis v. State Farm Fire and Casualty Co. 747 F.2d 863, would be to impose the excess cost caused by such directly upon the Attorney, with an order that such are not to be passed on to the client, directly or indirectly. This would avoid compelling an innocent party to bear the brunt of its counsel's dereliction. Dismissal must be a sanction of last not First Resort.

9) The instant case depicts events that are of non comparison. Plaintiff is a pro.se litigant and friend of this court who claim has survived initial stages the harsh stages of litigation plaintiff represent himself. Should this Honorable Court allow plaintiff's meritorious legally non frivolous claim to continue to survive Dismissal in the interest of Justice and impose Attorney fee or sanctions deemed appropriate outher than the "Extremely harsh penalty of dismissal outlined in National Hockey League 427. U.S. at 643. 96 S.Ct. at 2781 and are to be reserved for comparable cases the instant case is not as "Extreme"

(9) **Meritoriness of claim**

**Memorandum of Law**

IN considering whether claim or defenses appears to be meritorious, for purposes of inquiry as to whether there was abuse of discretion in dismissing for pretrial delays or in refusing to lift a default, Court of appeals does not purport to use Summary Judgement standards, but Rather, claim or defense will be established at Trial, would support recovery by plaintiff or would constitute complete defense <u>United States v. $55,518.05 in U.S. currency 728 F.2d at 195; Feliciano v. Reliant Tooling Co. 691 F.2d at 657; Farnes v. Bagnasco 687 F.2d at 764</u>

<u>In Poulis v. State Farm Fire and Casualty Co. 747 F.2d 863 at</u>
[FN9 The Defendant suggested to the district court that the most expedicious way to process this litigation was to rule on it's motion to dismiss plaintiff's claim as untimely because it was not brought within a year of the loss, as required by the policy.

(10) Again the instant case Depicts Events that are non-comparable In the instant case defendants havent filed a formal motion to dismiss, defendants in the instant case vaughly Rule that the case be dismissed by way of a non-conforming letter motion with no case law to support it's claim moreover plaintiff filed a answered to the nonconforming letter motion demonstrating his hardship (i.e, Being Homeless) on 6/18/07 It's been established herein how plaintiff claim's have merit in both fact and law and plaintiffs' pleading if established at trial would support a finding of deliberat indifference to a substantial Risk of harm to a inmate by defendants p-9

The Prima facia case has been established by plaintiff and can't be contested by defendants because they waived that right when they failed to answer plaintiff's written request for admissions, when they failed to answer written request for production of documents, when they failed to answer plaintiff's written request for interrogatories. In his motion answering Defendants motion to stay Discovery plaintiff Requested this Honorable Court assist him in obtaining Discovery Request from Defendant. Also plaintiff entered a objection to defendants sly of the hand / smoke and mirror trick to try and cloud the issues, they (Defendants) did use discovery material in there Rule 12(b)(6) / Summary Judgment [Ie. plaintiff's Dental / medical Record / incident Report of 6-6-06 ect.] and prohibited plaintiff from engaging in Discovery. In there motion for Summary Judgment / Rule 12(b)(6) Answering plaintiff cross motion for Summary Judgment it's established therein how plaintiff has demonstrated a Prima facia case of Deliberate indifference to a substantial Risk of harm to a inmate. Defendant have failed to answer plaintiff (1) Request for admissions (2) Request for interrogatories (3) Request of production of documents. Plaintiff has pursued the issue of Discovery with defendants from the originally Drafted complaint, to the amended complaint, and currently. The Answers to motions on file, Plaintiff Granted Amended complaint, The Established non-contestable Admission on file [eg. the pleading] if established at trial would support Recovery for plaintiff. Moreover, Defendants have not presented a Prima facia factor to be weighed along with the ongoing factor there non-conforming legally frivolous letter motion which has no case law to support it should be denied

P-10

## Conclusion

12) IT is well established that the plaintiff being a pro se litigant and a friend of this court with a meritorious legally non frivilous claim, he has successfully defended against defendants for being Deliberately indifferent to his health and safety. By way and this countless Hours of litigation having overcome obsticales after obsticles only to prevail on merit. the Jurispudence of the United States Constitution has mandatory language it clear plaintiff has been deprived of a federally assured Right and seletedness in this Honorable court

Wherefore, where the plaintiff is a pro se litigant and seeks pleading leniency under Haines v Kerner 404, 115 and all case law authorities and is afriad of the court pray this Honorable court allow his discovery go forward by rescheduling this matter for discovery conference and Deny Defendant motion to Dismiss with prejudice

Submitted this 3 day July 07

James Hall
DCC 1181 Paddock RD
Smyrna Del 19977

## Certificate of Service

I, ___James Hall___ , hereby certify that I have served a true and correct cop(ies) of the attached: ___1) Plaintiff Response to Show cause for Non Dismissal___ upon the following parties/person (s):

TO: ___District Attorney Deputy___
___Mrs Stacey Xarhoulakas___
___Department of Justice 820 N.___
___French Street, 8th floor Carvel___
___office Bldg Wilmington, Del 19801___

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977, postage to be paid by the Dept. Of Corrections.

On this ___3___ day of ___July___, 200 __7__

___James Hall___

I/M: Somers, Mill pro se
SBI# 00167581   UNIT: P/B-2
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. MAIL

$ 00.92
JUL 05 2007
MAILED FROM ZIP CODE 19977

Legal Mail

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Del
19801