IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 04-1328-GMS |
| | ) |
| DAVID HOLMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, James Hall ("Hall"), filed this lawsuit while incarcerated within the Delaware Department of Correction. (D.I. 2.) Hall proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 6.) On July 31, 2006, the court received correspondence from Hall indicating he had been released from prison. (D.I. 42.) On June 11, 2007, the court received correspondence from Hall indicating he is once again incarcerated and is housed at the Delaware Correctional Center ("DCC"), Smyrna, Delaware. (D.I. 64.)

**I. BACKGROUND**

On September 22, 2006, the court entered an order setting a discovery deadline of March 21, 2007. (D.I. 45.) On March 21, 2007, the defendants filed a motion for enlargement of time to complete discovery on the basis that Hall had not responded to discovery requests or cooperated with defendants to arrange a deposition date. (D.I. 57.) The motion was granted and the discovery deadline extended to May 4, 2007.

Hall's deposition was scheduled to take place on April 17, 2007, but he failed to appear and did not notify the defendants that he would not appear. (D.I. 60.) He also failed to respond to discovery propounded upon him in February 2007. *Id.* Because the defendants were unable to

communicate with Hall, and the discovery deadline was looming, the defendants moved for another extension of time to complete discovery. (D.I. 61.)

In an effort to move the case along, on May 10, 2007, the court ordered a discovery conference to take place on May 25, 2007, at 1:00 p.m. (D.I. 62.) In the Order, Hall was warned that failure to appear at the discovery conference might result in the case being dismissed for failure to prosecute. (D.I. 62.) The Order was sent to two different addresses for Hall; one listed on the docket sheet and another provided by the defendants. The Order was mailed and it was not returned as undeliverable. Counsel for the defendants appeared ready to proceed with the discovery conference. Hall did not appear at the discovery conference or notify the court that he would not appear.

Because Hall had been released from prison, on May 11, 2007, the court entered another Order for Hall to either pay the balance of the filing fee owed or submit a new application to proceed *in forma pauperis* within thirty days of the date of the Order or face dismissal. (D.I. 63.) The court mailed the Order to the two addresses and, again, the Order was not returned as undeliverable.

The court received a letter from Hall on June 11, 2007, advising that he was reincarcerated and currently housed at the DCC, and requesting a copy of the court docket sheet. (D.I. 64.) A few days later, the defendants wrote the court and requested the case be dismissed for Hall's failure to appear at the May 25, 2007 discovery conference and his failure to comply with Order to pay the balance of the filing fee owed or submit a new *in forma pauperis* application. (D.I. 65.)

The court ordered Hall to show cause on or before July 5, 2007, why the case should not

be dismissed for want of prosecution inasmuch as Hall had not appeared for the scheduled discovery conference, or complied with the court's Order to pay the balance of the filing fee owed or submit a new application to proceed *in forma pauperis*. (D.I. 66.) Hall's response to the Show Cause Order was signed July 3, 2007, postmarked July 5, 2007, and filed on day beyond the court imposed deadline on July 6, 2007. (D.I. 68.)

## II. STANDARD OF REVIEW

A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties. *See Landon v. Hunt*, 977 F.2d 829, 833 (3d Cir. 1992). Ordinarily a District Court is required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), when deciding, *sua sponte*, to use dismissal as a sanction. Those six factors are the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's actions or inactions; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Id.* When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary. *See Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir. 1990); *see also Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994).

## III. DISCUSSION

Initially, the court notes from the record that after Hall had been released from prison, he lost interest in prosecuting his case. It further appears it was only upon his reincarceration that

Hall regained an interest in pursuing this case. Indeed, the court docket indicates that Hall took no action in this case from the time he notified the court on July 31, 2006, of his release from prison (D.I. 42), until June 11, 2007, when he notified the court he was again incarcerated (D.I. 64).

Considering first the extent of the plaintiff's own responsibility, Hall has been personally responsible for his failure to comply with the court's orders to appear for the scheduled discovery conference, to either pay the balance of the filing fee owed or to submit a new application to proceed *in forma pauperis*. Additionally, Hall is personally responsible for failing to appear for his deposition and for failing to respond to the defendants discovery requests. Hall states that he was homeless from February to May 2007 and this "dire hardship" made it impossible for him to know of pending motions. He also states that notices were sent to previous addresses where he no longer resided.

It is Hall's responsibility to keep the court apprised of his whereabouts. He attempts to place his failure to notify the court of his housing status upon the court because the court denied Hall's motion for appointment of counsel. Hall's status as a *pro se* litigant does not alleviate his responsibility to keep the court apprised of his current address, comply with court Orders, and respond to discovery.

Regarding the second *Poulis* factor, the defendants are prejudiced by Hall's failure to comply with discovery. Without compliance, the defendants are not able to properly defend against the action. The defendants have expended a significant amount of time and resources in seeking discovery, to no avail. *See* D.I. 60, Defendants Motion for an Order Compelling Discovery and Motion for Sanctions. Hall concedes his inaction may have prejudiced the

defendants, but he argues this factor alone does not warrant dismissal.

The third *Poulis* factor, a history of dilatoriness, supports a finding that the case should be dismissed with prejudice. The court considers a party's conduct over the course of an entire case in assessing dilatoriness. *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994). Hall argues that prior to the time he was homeless, he timely and adequately responded to deadlines, and indeed, the court docket reflects this is so. Hall contends that he attempted to change his address over the telephone and was told it must be done in writing as required by the court. He did not follow this directive. Moreover, as discussed, Hall failed to appear for his deposition, failed to appear for a court ordered discovery hearing, failed to timely comply with court Orders and failed to timely respond to discovery. Hall's behavior has resulted in much delay, and his conduct exemplifies a history of dilatoriness.

As to the fourth *Poulis* factor of willful conduct, although Hall's conduct may not have been in bad faith, his failure to participate in this case once he was released from prison indicates that his conduct was willful. The fifth *Poulis* factor, that alternative sanctions are not appropriate, is also satisfied in this case. Hall argues that rather than dismiss the case, the court may impose monetary sanctions. Hall proceeds *in forma pauperis*, and it appears does not have the means to satisfy any monetary sanctions imposed. Considering that Hall has failed to comply with several court orders, the Court finds that there is no appropriate alternative sanction. As to the sixth factor, the meritoriousness of Plaintiff's claim, the Court finds that it is neutral. Due to the lack of discovery, the court cannot evaluate the merits of the claim.

Five of six *Poulis* factors weigh in favor of dismissal as an appropriate sanction, while the sixth is neutral. Accordingly, the court finds that dismissal with prejudice is appropriate under

the *Poulis* test.

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss Hall's complaint with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

July 12, 2007
Wilmington, Delaware



FILED

JUL 1 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 04-1328-GMS |
| | ) |
| DAVID HOLMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 12th day of July, 2007, for the reasons set forth in the Memorandum issued this date, the case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for want of prosecution.

_____
UNITED STATES DISTRICT JUDGE

FILED

JUL 1 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE