ALD-60 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3550
_____

JAMES HALL,
              Appellant

v.

DAVID HOLMAN,
In his Individual Capacity;
LAWRENCE MCGUGAN,
In his Individual Capacity;
ACTING DEPUTY WARDEN CLYDE D. SAGERS,
In his Individual Capacity
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 04-cv-01328)
District Judge: Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Due to Untimeliness
or Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2008

Before: SLOVITER, FISHER AND HARDIMAN, CIRCUIT JUDGES

(Opinion filed   February 20, 2008 )
_____

OPINION
_____

1

PER CURIAM

Appellant James Hall appeals from the order of the United States District Court for the District of Delaware dismissing his civil rights complaint for failure to prosecute. For the reasons discussed below, we will affirm.

Because the facts of the case are well-known to the parties, we will only briefly summarize them as relevant to this appeal. In October 2004, while incarcerated at the Delaware Correctional Center ("DCC"), Hall initiated a civil action against the defendants and alleged that they failed to protect him against the risk of assault from his violent cellmate. He was granted leave to proceed in forma pauperis ("IFP"); Hall completed an authorization for the prison to disburse installment payments of the filing fee. Hall amended his complaint in February 2005 and in September 2005. In December 2005, the defendants filed a motion to dismiss/motion for summary judgment, and Hall filed a motion for summary judgment. In September 2006, the District Court granted the defendants' motion in part, denied it in part, and denied Hall's motion for summary judgment.

The District Court set a discovery deadline of March 21, 2007. The defendants filed a motion for enlargement of time to complete discovery on the basis that Hall had not responded to discovery requests or cooperated with the defendants to arrange a deposition date. The District Court granted the motion and extended the discovery deadline to May 4, 2007. The defendants then filed a motion to compel discovery and a

2

motion for another enlargement of the discovery period. The motions noted, inter alia, that Hall had failed to respond to a discovery request served in February 2007, that he had failed to appear for his deposition scheduled for April 17, 2007, and that the defendants had been unable to communicate with Hall despite their correspondence to the addresses provided by Hall and on file with the District Court. By order entered May 10, 2007, the District Court scheduled a discovery conference to be held on May 25, 2007. In its order, the District Court warned Hall that failure to appear at the conference might result in dismissal of the case for failure to prosecute. The following day, the District Court issued an order noting Hall's release from the DCC and directing Hall either to pay the balance of the filing fee owed or to file a new IFP application form. The District Court warned that noncompliance with the order might result in dismissal of the case without prejudice. In June 2007, Hall apprised the District Court that he was incarcerated again at the DCC. By order entered June 20, 2007, the District Court ordered Hall to show cause why the case should not be dismissed for lack of prosecution. In the order, the District Court noted Hall's failures regarding discovery, failure to attend the discovery conference as ordered, and failure to comply with the order regarding Hall's IFP/fee situation. Hall filed a response to the show cause order. By order entered July 13, the District Court dismissed Hall's complaint with prejudice for want of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Hall appeals and has been granted leave to

proceed IFP on appeal.[1]

    We review the District Court's dismissal for failure to comply with the scheduling orders for abuse of discretion. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). To determine whether the District Court abused its discretion, we consider how the court balanced the six factors set out in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984). The factors are (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal including an analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense. Id.; Emerson, 296 F.3d at 190. Not all factors need to be satisfied for the trial court to dismiss a complaint. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). We recognize that the sanction of dismissal is extreme and should be reserved for cases where it is justly deserved, but our standard

---

[1] Initially, it appeared that Hall's notice of appeal was untimely under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure. However, on December 17, 2007, we remanded the matter to the District Court for the limited purpose of considering whether the appellant's letter dated August 22, 2007 satisfied the requirements for relief under Rule 4(a)(5) as a motion for extension of time to file a notice of appeal. We held the appeal in abeyance pending the District Court's decision. On December 19, 2007, the District Court construed the letter as a motion for an extension of time, found that Hall had demonstrated good cause under the rule, and deemed the notice of appeal filed as of the date of its order pursuant to Rule 4(a)(5)(C). Thus, we are satisfied that we have appellate jurisdiction over Hall's appeal.

of review is deferential.  Id. at 221-22.

The District Court memorialized its Poulis findings in its dismissal order.  Upon review, we discern no abuse of discretion by the District Court in dismissing the case under Rule 41(b).  Because Hall proceeded pro se, he is personally responsible for his failures to appear for his scheduled deposition, to respond to the defendants' discovery requests, and to comply with the District Court orders to pay the balance of the fee or submit a new IFP application.  See Emerson, 296 F.3d at 190.  In his response to the show cause order, Hall protested that notices were sent to addresses where he no longer resided and that his homelessness between February and May 2007 made it impossible for him to be aware of pending matters in the case.  Yet as noted by the District Court, it was Hall's responsibility to keep the District Court informed of his whereabouts.  Despite Hall's assertion that he made good faith efforts to contact the court to explain his personal hardship, there is nothing in the record that shows that Hall made any attempt to apprise the District Court that he was homeless.  There is also no indication that Hall had changed location, or that he made any inquiry as to the status of his case, until his re-incarceration in June 2007.  Also, we agree with the District Court that the denials of Hall's motions for appointment of counsel did not shift Hall's personal responsibility for his failures.

The record also supports the finding of prejudice, as the defendants were forced to file motions to seek Hall's compliance with discovery requests and to enlarge the discovery period.  See Poulis, 747 F.2d at 868.  In fact, Hall conceded in his response to

the show cause order that his inaction in the case prejudiced the defendants. Also, the District Court's findings on Hall's history of dilatoriness are supported by the record. Although Hall adequately responded to deadlines earlier in the litigation, it appears that he later repeatedly failed to respond to discovery obligations and court orders, despite the defendants' documented efforts to correspond with him and their own compliance with Hall's discovery requests. We also agree with the District Court's finding that Hall's conduct, while perhaps not in bad faith, was at least in willful disregard of his responsibilities as a pro se litigant. As for the question of alternative sanctions, the District Court's rejection of Hall's proposal of monetary sanctions is supported by Hall's IFP status and apparent inability to satisfy any monetary sanctions. Given Hall's failures to participate in discovery and to comply with a court-ordered discovery conference, the circumstances did not present an opportunity for the District Court to consider an effective sanction other than dismissal, or to consider the merits of the claims or defenses in the matter. In sum, we cannot say that the District Court abused its discretion in applying the Poulis factors and dismissing the case.

Because this appeal presents us with no substantial question, see I.O.P. 10.6, we will summarily affirm the District Court's order.